1

2

3

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

4    SHAWN PADILLA,                        Case No. 2:22-cv-02109-RFB-BNW

5                    Plaintiff,

6           v.                             **ORDER AND REPORT AND RECOMMENDATION**

7    MGM GRAND HOTEL, LLC, *et al.*,

8                    Defendants.

9

10       Before the Court is Plaintiff's Motion for Leave to File Second Amended Complaint.

11  ECF No. 26. Defendant responded (ECF No. 31), and Plaintiff replied. ECF No. 32.

12       Because Plaintiff's third cause of action for premises liability is duplicative of his claim

13  for negligence, the Court recommends dismissal of this claim as futile. But, as Defendant's

14  arguments concerning Plaintiff's purportedly flawed agency theory claims deal with issues of

15  fact, the Court does not find them to be futile. Lastly, Plaintiff is allowed to amend his complaint

16  to  to name the new Defendants. Thus, Plaintiff's motion is granted in part and it is

17  recommended it be denied in part. ,.

18  **I.    BACKGROUND**

19       Plaintiff sued the Nevada Gaming Control Board ("NGCB") and the MGM Grand Hotel

20  ("MGM") based on allegations that they wrongfully arrested Plaintiff and subjected him to

21  detention conditions that caused him physical and emotional damage *See generally* ECF No. 1.

22  In his complaint, Plaintiff asserts five claims for relief: (1) excessive force in violation of 42

23  U.S.C. § 1983; (2) negligence; (3) battery; (4) negligent hiring, retention, and supervision; and

24  (5) false imprisonment. *Id.* Initially, each cause of action was alleged against all Defendants,

25  including the Nevada Gaming Commission Board (NGCB), MGM, and Doe Defendants 1 and 2.

26       Plaintiff and the NGCB later filed a joint motion to dismiss the NGCB from the suit

27  because Nevada agencies are immune from 42 U.S.C. § 1983 actions. *See* ECF No. 19. The

28  dismissal did not include the NGCB's agents in their individual capacities, however, and

1    Plaintiff was free to name said agents as defendants upon discovery of their identities. *Id.* at 2.

2    Plaintiff now seeks leave to file a second amended complaint ("SAC") because he recently

3    learned the true names and identities of the NGCB agents he previously identified as Doe

4    Defendants 1 and 2.. ECF No. 26 at 3. Because Plaintiff recently dismissed the NGCB as an

5    entity, he asserts that it is necessary to amend his First Amended Complaint to include the

6    recently discovered NGCB agents as named defendants in the NGCB's place. *Id.* MGM opposes

7    the motion because it claims that amendment would be futile. ECF No. 31.

8    **II.    ANALYSIS**

9        "[A] party may amend its pleading only with the opposing party's written consent or the

10    court's leave." FED. R. CIV. P. 15(A)(2). "Five factors are taken into account to assess the

11    propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party,

12    futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson*

13    *v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). Not all these factors carry equal weight and

14    prejudice is the "touchstone." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th

15    Cir. 2003). Absent a showing of prejudice or a strong showing of any of the remaining factors,

16    there is a presumption that leave to amend should be granted. *Id.* "In exercising this discretion, a

17    court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits,

18    rather than on the pleadings or technicalities." *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th

19    Cir. 1991) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). Generally, the

20    analysis "should be performed with all inferences in favor of granting the motion." *Griggs v.*

21    *Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

22        "Denial of leave to amend on this ground [futility] is rare. Ordinarily, courts will defer

23    consideration of challenges to the merits of a proposed amended pleading until after leave to

24    amend is granted and the amended pleading is filed." *Netbula, LLC v. Distinct Corp.*, 212 F.R.D.

25    534, 539 (N.D. Cal. 2003). "Deferring ruling on the sufficiency of the allegations is preferred in

26    light of the more liberal standards applicable to motions to amend and the fact that the parties'

27    arguments are better developed through a motion to dismiss or motion for summary judgment."

28                                                    2

*Steward v. CMRE Fin'l Servs., Inc.*, 2015 WL 6123202, at \*2 (D. Nev. Oct. 16, 2015).

The party opposing the amendment bears the burden of showing why leave should be denied, *Desert Protective Council v. U.S. Dept. of the Interior*, 927 F. Supp. 2d 949, 962 (S.D. Cal. 2013) (citing *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530-31 (N.D. Cal. 1989)), including the burden of establishing prejudice, *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

MGM does not oppose amendment based on Plaintiff's efforts to add Agent Stevenson and Agent Adams as named defendants. ECF No. 31 at 1. Rather, MGM opposes amendment because (1) the proposed SAC fails to remove Plaintiff's premises liability claim, which MGM claims is duplicative and legally improper; and (2) the proposed SAC includes allegations that the NGCB agents acted as agents of MGM or under its direction, which MGM asserts are "legally flawed allegations." *Id.* MGM has met its burden of demonstrating that Plaintiff's premises liability claim is futile, because the claim is duplicative of Plaintiff's negligence claim. The Court therefore recommends dismissal of Plaintiff's third cause of action. But because Plaintiff's agency-based claims concern issues of fact, MGM failed to meet its burden of showing that there are no set of facts that would constitute a valid and sufficient claim. *Allen v. City of Beverly Hills*, 911 F.2d 367 (9th Cir. 1990). Plaintiff may amend his remaining causes of action.

**A.    The Court recommends dismissal of Plaintiff's premises liability claim because it is duplicative of Plaintiff's negligence claim**

MGM opposes amendment of Plaintiff's premises liability claim because it asserts that the proposed SAC fails to cure the legal deficiencies that MGM raised in its Motion to Dismiss and its Reply. ECF No. 31 at 5; *see also* ECF Nos. 18 and 22. Regardless of the legal sufficiency of Plaintiff's premises liability theory, amendment of this claim would be futile because it is duplicative of Plaintiff's second cause of action for negligence. It is well established that district courts have the power to dismiss duplicative claims. Bonin v. Calderon, 59 F.3d 815, 846 (9th Cir. 1995)(holding duplicative claims are futile); *M.M. v. Lafayette School Dist.*, 681 F.3d 1082,

1091 (9th Cir.2012); *see also Arevalo v. Las Vegas Metro. Police Dep't*, No. 2:14-CV-01837-JAD, 2015 WL 4042001, at *1 (D. Nev. June 30, 2015). Though Plaintiff's third claim has a different subheading ("premises liability") than his second claim ("negligence"), both are framed as negligence-based claims at their core. Plaintiff only needs one negligence-based claim in this case. The Court therefore recommends dismissal of Plaintiff's third cause of action.

**B.**    **Plaintiff's agency-related claims are not futile because they involve issues of fact**

MGM opposes amendment of Plaintiff's agency-based causes of action because it contends that Plaintiff incorrectly asserts that NGCB agents acted as agents of MGM or under MGM's direction, while MGM denies such relationship. ECF No. 31 at 6-11. Both Plaintiff's FAC and SAC contain numerous allegations of this sort, with the only difference being that the SAC identifies Agents Stevenson and Adams by name. *See* ECF No. 26, Ex. C. The parties' disparate contentions demonstrate that the question of whether the NGCB agents acted at MGM's direction is an issue of fact. MGM therefore has failed to meet its burden of demonstrating that Plaintiff can prove no set of facts that would entitle him to relief. *Allen*, 911 F.2d at 367. Because MGM has failed to show that Plaintiff's agency-related claims are futile, Plaintiff may file an SAC as to these claims. MGM may then refile a motion to dismiss the new SAC if it so chooses.

**III.    CONCLUSION**

**IT IS THERFORE ORDERED** that Plaintiff's Motion for Leave to File Second Amended Complaint (ECF No. 26) is GRANTED in part.

**IT IS FURTHER RECOMMENDED** that Plaintiff's third cause of action for premises liability is DISMISSED.

**IT IS FURTHER RECOMMENDED** that ECF No. 18 be denied as MOOT.

**NOTICE**

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1).  A party who objects to this report and recommendation

may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file a timely objection may waive the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED this 29th day of September 2023.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

5