# EXHIBIT 4

May 9, 2026 Meet and Confer Transcript

Shawn Padilla

v.

MGM Grand Hotel, LLC, et al.

Transcript of

Meet and Confer

Volume I

May 9, 2025



**Our Services**

- Court Reporting
- Record Retrieval
- Legal Talent Outsourcing
- Registered Agent
- Process Services
- Investigations
- eLaw® Case Tracking
- Alternative Dispute Resolutions

lexitaslegal.com | 702-476-4500

Page 1

1                UNITED STATES DISTRICT COURT

2                    DISTRICT OF NEVADA

3                      * * * * * *

4    SHAWN PADILLA, an individual,

5         Plaintiff,

6                                        Case No.
                                         2:22-CV-02109-RFB-BNW
7            vs.

8
     MGM GRAND HOTEL, LLC, a
9    Nevada entity; ANDREW
     STEVENSON, an individual
10   (Doe 1); KEVIN ADAMS, an
     individual (Doe 2); JERIMIAH
11   TIPTON (Doe 3), DOES IV
     through X, and ROES I through
12   X,

13
          Defendants.
14   _____

15

16

17     REMOTE VIDEOCONFERENCE MEET AND CONFER OF COUNSEL

18                   Held on May 9, 2025

19                    At 10:31 a.m.

20

21

22

23   Reported by: Kimberly A. Farkas, RPR, CCR #741

24

25   Job No. 60811   Firm #116F

Meet and Confer                                    Shawn Padilla v. MGM Grand Hotel, LLC, et al.

2

```
 1              Remote Videoconference Meet and Confer of
 2   Counsel, held on Friday, May 9, 2025, at 10:31 a.m.,
 3   before Kimberly A. Farkas, Certified Court Reporter in
 4   and for the State of Nevada.
 5
 6   APPEARANCES
 7
 8   For the Plaintiff:
 9        RAFFI A. NAHABEDIAN, ESQ.
          Law Office of Raffi A. Nahabedian
10        7408 Doe Avenue
          Las Vegas, Nevada 89117
11
          STEPHEN G. CLOUGH, ESQ.
12        Maier Gutierrez & Associates
          8816 Spanish Ridge Avenue
13        Las Vegas, Nevada 89148
14   For the Defendants:
15        LAWRENCE J. SEMENZA, III, ESQ.
          KATIE CANNATA, ESQ.
16        Semenza Rickard Law
          10161 Park Run Drive
17        Suite 150
          Las Vegas, Nevada 89145
18
19        NONA M.L. LAWRENCE, ESQ.
          Deputy Attorney General/Gaming Division
20        State of Nevada
          Office of the Attorney General
21        1 State of Nevada Way, Suite 100
          Las Vegas, Nevada 89119
22
          MICHAEL P. SOMPS, ESQ.
23        State of Nevada
          Office of the Attorney General
24        5420 Kietzke Lane
          Suite 202
25        Reno, Nevada 89511
```

3

```
 1            P R O C E E D I N G S
 2                * * * * * *
 3        MR. SEMENZA:  All right.  So my name is
 4   L.J. Semenza representing MGM in the lawsuit brought by
 5   Mr. Shawn Padilla.  The purpose of today's get together
 6   is to conduct a meet and confer conference relating to
 7   a whole host of issues.  I thought it would be prudent
 8   to have a court reporter transcribe the meeting so that
 9   it is clear what was discussed to the extent that,
10   obviously, we'll need a record relating to the meet and
11   confer for any motion practice that ultimately results
12   if we aren't able to reach agreements on a whole host
13   of issues, I think, today.  So that's the reason why I
14   thought it appropriate to have it transcribed.
15        As I understand it, the meet and confer
16   conference, we're going to talk about a few issues.
17   One is a subpoena issued to the Gaming Control Board
18   relating to report records and employment files.  Two,
19   a subpoena that was issued to Bill Hornbuckle.  I think
20   we're going to touch on some scheduling issues and the
21   deposition issues, and in the context of those
22   deposition issues, the 30(b)(6) depositions that
23   plaintiff wants to undertake and how that relates to
24   the fact witness depositions.  So that's kind of the
25   big picture from my perspective.
```

4

```
 1        Steve and Raffi, I don't know if you have
 2   anything different that you want to touch on today.  If
 3   not, then we can kind of jump in.
 4        MR. NAHABEDIAN:  For clarification, the
 5   issues with respect to Gaming Control Board, if I'm not
 6   mistaken, it's in relation to the subpoena for
 7   employment files and the Nevada Gaming Control Board
 8   report, to narrow that down.  I don't think there's
 9   anything else that's an issue with the Nevada Gaming
10   Control Board that's before us here today.  Steve, if
11   I'm incorrect -- I believe that's all.  So that's one.
12        And then, two, as it relates to depositions
13   from the perspective of the 30(b)(6) and the roster of
14   depositions that we've submitted, as I understood from
15   Steve, there is some -- or maybe from your office,
16   there's some overlap, potentially, with Nevada Gaming
17   Control Board depositions, 30(b)(6) depositions, and
18   our depositions, which I thought that would be part of
19   this conversation as well, as well as, you know, trying
20   to get all this stuff coordinated with all the counsel
21   involved.
22        So one is the 30(b)(6) overlap between our
23   categories and the Nevada Gaming Control Board.  But I
24   don't even know if I've ever seen a 30(b)(6) depo from
25   Nevada Gaming Control Board yet to ascertain what that
```

5

```
 1   overlap is.  I just heard that there was an overlap
 2   between the requests that maybe were orally expressed
 3   by Nevada Gaming Control Board to you guys, meaning to
 4   MGM's counsel.  So that's that.
 5        And then -- so that's the depositions.  Then
 6   there's some scheduling of the other depositions that
 7   we've noticed via identity of persons in a roster based
 8   upon disclosures from MGM.  So I would assume that
 9   Nevada Gaming Control Board would be involved in that
10   potentially.  I don't know.  But maybe they are because
11   maybe they want to depose those people as well.  And
12   those are listed out on the emails.  And I don't know
13   if Nevada Gaming Control Board is aware of the identity
14   of those individuals, but we should probably clarify
15   that.  So as it relates to that part, the Nevada Gaming
16   Control Board and us and, obviously, need to
17   discuss and coordinate those depositions and we need to
18   have those depositions scheduled in the near future.
19        And then the third category, if I'm
20   understanding correctly, would be our recent subpoena
21   and notice of deposition that was issued to
22   Bill Hornbuckle.  And that category I don't know why or
23   if there's a reason that the Nevada Gaming Control
24   Board would be involved since it's not them who's
25   issued the subpoena, it was us, and that subpoena has
```



Meet and Confer                    Shawn Padilla v. MGM Grand Hotel, LLC, et al.

6

1  nothing to do with Nevada Gaming Control Board. So
2  that I throw out there, and we can brush that topic
3  when we get to the third category of discussion.
4       MR. SEMENZA: I appreciate your input on
5  those issues, Raffi. So I think, obviously, our
6  position with regard to the Gaming Control Board
7  subpoena for records is that the information sought is
8  absolutely protected and that there is no basis for
9  which to seek any of the protected information either
10  that is contained in the employment files, potentially,
11  of the various agents, but also the report itself. And
12  so, to that extent, we would join in the Gaming Control
13  Board's objection to any such subpoena.
14       So I don't know that we're going to make any
15  headway on that specific issue other than I think it
16  is -- it would be appropriate that you withdraw any
17  sort of subpoena or request for that information. I
18  think based upon generally the case law and the statute
19  that that information is absolutely protected.
20       My concern and part of my desire to have this
21  meet and confer was to flesh out certain issues
22  relating to the plaintiff's failure to provide us
23  notice of the subpoena, which, in all candor and with
24  all due respect, I think is a clear violation of the
25  Federal Rules of Civil Procedure, and, in addition to

7

1  that, is a clear violation of the Rules of Professional
2  Conduct.
3       And to give some context to this discussion,
4  we have a rather heated deposition of Mr. Tipton on
5  March, I believe it was 13th, of 2025, where the
6  privilege issue arose. I had grave concerns about,
7  Raffi, some of your questions relating to exploring --
8  I'll put it that way -- how reports are created, what's
9  in those reports, et cetera, et cetera. And during
10  that deposition, I expressly related that that type of
11  information in the report was privileged, and that we
12  as a gaming licensee enjoyed that privilege.
13       Thereafter, on March 17th, a subpoena was, I
14  believe, emailed to the AG's Office, which we were not
15  copied on. We were not provided notice of it. And,
16  Raffi, in your email that is dated May 5th -- I'm
17  sorry -- May 6th of 2025, at 5:11 p.m., it appears in
18  that first paragraph that the failure to provide us
19  with the notice of that subpoena or that email was done
20  deliberately. And that gives me grave concerns about
21  the conduct that has been undertaken in this case.
22       MR. NAHABEDIAN: Okay.
23       MR. SEMENZA: No, no, no.
24       MR. NAHABEDIAN: No, please, let me
25  interject. You said a word that -- you said we

8

1  undertook it deliberately. Actually, the first
2  paragraph in the letter, which will become part of --
3  we'll mark it as an exhibit to this exercise, it
4  actually says it was completely inadvertent, not
5  deliberate. It says it was inadvertent and it was
6  innocent. And that information came from my
7  discussions with Mr. Clough. And it doesn't say
8  deliberate whatsoever. It actually says "inadvertent
9  error," an innocent mistake. So go on and finish.
10       MR. SEMENZA: Okay. Well, I appreciate it.
11  So you can clarify and explain as you see fit, and I'm
12  not going to cut you off on that nor am I going to
13  interrupt you on that either.
14       So the subpoena was sent via email. There
15  have been representations made in recent emails that
16  the communication with the AG's Office would be
17  provided to my office. While I have received the
18  objection letters and a response and those sorts of
19  things, to date, I have received no emails that contain
20  email strings between the AG's Office and Maier
21  Gutierrez or you, Raffi, relating to the communications
22  that took place. Again, I need that information to
23  further evaluate what happened.
24       My concern is, as I've expressed, is that
25  thereafter, and it is referenced in Mr. Clough's

9

1  letter, which I believe was dated -- give me one
2  moment -- March 31st. So the subpoena was dated
3  March 17th. I believe time for compliance was
4  March 28th. There was an objection letter sent in
5  between that time. And then Mr. Clough sent a letter
6  on March 31st, 2025. The third paragraph on the first
7  page of that letter seems to reference that there was a
8  meet and confer conference that was undertaken before
9  the issuance of this March 31st, 2025, letter. Again,
10  we didn't get any notice of that nor were we
11  participants in that meet and confer conference.
12       There were, as I understand it, some
13  additional back and forth with different counsel other
14  than Mr. Somps and Ms. Lawrence, whereby there was a
15  follow-up meet and confer conference that took place in
16  May. We were, similarly, not included in that meet and
17  confer conference.
18       You've known from well before the subpoena
19  was drafted and issued that we asserted -- and I don't
20  think there's any room for debate, maybe I'm wrong --
21  that we are parties to that privilege. And, yet, we
22  were excluded from any discussions associated with
23  that. And that gives me, again, some grave concerns.
24       And this is not something that is just sort
25  of in a vacuum and something that is just, you know, a



Case 2:22-cv-02109-RFB-EJY    Document 99-5    Filed 05/23/25    Page 6 of 38

Meet and Confer                                    Shawn Padilla v. MGM Grand Hotel, LLC, et al.

10

1 one-off, as I would put it. Because we were never
2 provided with any notice that plaintiff's counsel had
3 received a redacted copy of the report from Gaming
4 Control Board. That was first discovered by me, I
5 believe, during a deposition of one of the Gaming
6 Control Board agents. That was never disclosed as part
7 of the initial disclosures. And had I known about that
8 early on, I would have objected to production of even
9 the redacted report in this particular matter. And
10 that information, in my viewpoint, was not provided to
11 me appropriately.
12         The other thing I want to raise relating to
13 this issue is that, Raffi, you have sent repeated
14 emails and, in fact, you've referenced it here during
15 our meet and confer conference, that you don't believe
16 that depending on what the issue is that either I
17 should be involved in certain discussions or the
18 AG's Office should be involved in certain discussions.
19 I have emails from you talking about, I don't know why
20 you're including the AG's Office in certain stuff.
21 And, again, I think that gives context to what took
22 place relating to not being provided with a copy of the
23 subpoena when it was issued on March 17th.
24         What I suspect, and I don't know whether I
25 will get a definitive answer to this, is that, in fact,

11

1 the failure to provide us with notice, the failure to
2 allow us to participate in a meet and confer conference
3 was done deliberately so that the plaintiff could
4 obtain records, whether it be portions of the
5 employment files or the Gaming Control Board report,
6 without us knowing about it, which is what happened
7 originally in this case. Although, the report that was
8 originally produced was in redacted form.
9         So I don't believe, contrary to, Raffi, your
10 emails, that this issue is dead and buried. I think
11 that this issue is very much alive. And to the extent
12 that we need to tee this issue up either by virtue of a
13 motion to compel on your behalf or a motion for
14 protective order on our behalf -- I'm assuming the
15 AG's Office, given their objection, would participate
16 in a motion for protective order -- but these issues
17 are still relevant and important in determining whether
18 and to what extent this was done intentionally.
19         So absent a withdrawal of your request to
20 subpoena these records, we, obviously, don't see any
21 other recourse than to seek relief from the court and
22 bring these issues to the court's attention and see how
23 the court will ultimately want to deal with those
24 issues.
25         So that's issue number one from my

12

1 perspective. Raffi, I want to give you sort of that
2 opportunity to say what you want to say relating to
3 that or anything else you want to, and then we can move
4 on to the other topics.
5         MR. CLOUGH: This is Steve Clough first.
6 Just to clarify a couple things you said, L.J.,
7 appreciate it, you seem to be a little prejudice
8 against Raffi, but that's fine; we'll deal with that as
9 we go through here. But almost all of the
10 communications with, I believe the first name is
11 Darlene Caruso, those were done through me. We
12 originally sent the subpoena for the Nevada Gaming
13 Control Board to Michael Somps and Nona because they
14 said, hey, let's see if we can accept service.
15         Then the email -- we got the letter back
16 saying, yeah, acceptance of service. Email exchanges
17 went back and forth. And I just happened to see the
18 name Lawrence, which obviously was Nona Lawrence's name
19 in the email stream, and that's when I told Raffi about
20 the email, hey, I thought they were on it. I'm sorry.
21 I misspoke. And that's what the email exchange was
22 regarding that.
23         But all of the communications with Ms. Caruso
24 were through me to try to set up a meet and confer
25 about the subpoena. And I inadvertently did not serve

13

1 it upon you. So when the meet and confer did happen
2 and we realized you weren't on it, we immediately
3 stopped the meet and confer, and then we served the
4 subpoena upon you so that we could, so to speak,
5 restart the meet and confer process about the subpoena.
6         With that being said, I'm going to leave the
7 rest of the statements for Raffi.
8         MR. NAHABEDIAN: Now, as to the report that
9 was produced by the AG's Office that you belatedly
10 became aware of, I will let you know that it was not my
11 intention to keep anything from you whatsoever. The
12 AG's Office sent me that. Now, if you take issue with
13 what the AG's Office sent, perhaps you should direct
14 that issue to the AG's Office. But it's becoming
15 abundantly clear that the purpose of this communication
16 here that's being recorded by a court reporter pursuant
17 to your request, is really to come after me for some
18 reason.
19         You mention the depo that took place with
20 Mr. Tipton. Well, just for your edification, as you
21 were there, or I should say a reminder, Ms. Lawrence, a
22 fully competent and trained attorney that works for the
23 AG's Office, was sitting next to Mr. Tipton during that
24 deposition. You kept interjecting objections where she
25 had made no objection. You kept imposing your position



14

1  and your ideas as to the scope of the deposition in
2  areas that she never expressed an opposition or
3  instructed her client not to answer, so on and so
4  forth.  You engaged in that conduct, not Ms. Lawrence.
5       Ms. Lawrence and I had a very wonderful
6  deposition, as did Mr. Tipton, as he expressed to me
7  after the deposition.  So that is something that needs
8  to be on the record.
9       So I would like to know that the expressions
10  that you rendered here on this transcript directed at
11  me with respect to a disclosure of a document from the
12  AG's Office, I would like to know how much interaction
13  you've had with the AG's Office about your objection to
14  them disclosing to me, them, AG's Office, disclosing to
15  me a document.  Did you inform them that you thought it
16  was some deliberate tactic, some surreptitious misdeed?
17  I have to wonder.  Because it's certainly expressed on
18  this transcript here taken by this court reporter that
19  you're trying to garner some sort of a prejudice
20  against me, which my colleague himself has even
21  articulated because it became overly abundantly clear.
22       Now, I would like to know, did you contact
23  the AG's Office?  Did you express any disdain to them,
24  any opposition to them, about that disclosure that they
25  provided me with?  Because it wasn't me that disclosed

15

1  something to them and kept it from you.  It was them
2  that disclosed it to me and kept it from you.
3       So let's make it abundantly clear, as the
4  deposition transcript reads, and if we need to attach
5  that as an exhibit to this what I consider to be a
6  hearing on your part, if we need to attach the
7  deposition transcript of Tipton, we can also include
8  that.
9       But, nonetheless, as Mr. Clough expressed,
10  once Mr. Clough's office, not Raffi's office, not
11  Raffi's interactions with Ms. Caruso, but Mr. Clough's
12  interactions with Ms. Caruso and Mr. Clough's office's
13  notice of the subpoena to the AG's Office, not
14  something that was sent from my email address but
15  Mr. Clough, notwithstanding the fact that you left his
16  name out repeatedly in your diatribe, Mr. Clough's
17  office realized the mistake.  It was rectified.
18       Now, I did a favor for Mr. Clough the other
19  day because he was in the throes of a matter.  I sent
20  out an email.  I understood he was going to send
21  everything to you.  If he hasn't, my apologies.  I will
22  make certain that it gets done before this conference
23  call is over so we can verify that you received the
24  emails that Steve was supposed to send, not me, Steve,
25  because they were emails between Steve and Ms. Caruso,

16

1  not Mr. Nahabedian and Ms. Caruso.  So we'll get that
2  to you as well.
3       But as it relates to Steve's office's
4  realization that they inadvertently, innocently made a
5  mistake of not getting you that subpoena in March, as
6  soon as we learned or as soon as he learned from
7  Ms. Caruso, he said, oh, my gosh, you're right.  The
8  meet and confer ended, and it was sent out to your
9  office the next day.
10       Now, as Mr. Clough said, it's all been reset.
11  Now, there's a subpoena.  The AG's Office has a
12  subpoena, albeit that they got it earlier, but it
13  doesn't matter because now you have it.  They have it.
14  It's all before the parties right now.  And that now is
15  before us right now.  Meaning, we're having this to
16  discuss the subpoena.
17       Now, you have an issue with the subpoena, all
18  this other stuff about it being surreptitiously sent
19  and all this stuff, notwithstanding the fact that it
20  was mistakenly sent by Mr. Clough's office.  Here's the
21  thing.  We're here.  We're now.  You object to it.  You
22  object to it based upon the Dorney [sic] case, if I'm
23  not mistaken.  And you also object to it based upon --
24  sorry -- the Donrey case.  And you also object to it
25  based upon 463.120.

17

1       Now, you guys can move to quash and make your
2  arguments.  And we can oppose and we can move to compel
3  and make our arguments.  We, obviously, are at impasse
4  as to the manner in which you interpret the law, the
5  case law.  We interpret it significantly different than
6  you interpret it.  We interpret it significantly
7  different than, as you like to say, absolutely
8  privileged.  The case law doesn't use that language.
9       So since we're at an impasse, category number
10  one, employee files and the NGCB report is going to be
11  a matter of a motion, you a motion to quash or
12  protective order, us opposition and a motion to compel.
13       Now, next topic, depositions --
14       MR. SEMENZA:  Well, I want to address the
15  depositions last.
16       MR. NAHABEDIAN:  I disagree because there's
17  no reason why -- and, again, thank you for doing that.
18  now, when there are emails that go out that pertain to
19  the Nevada Gaming Control Board, even though you're a
20  party -- we all have cases with multiple parties.  Just
21  because we talk to one lawyer that's one party doesn't
22  mean we have to have all the lawyers on the same call.
23  I've never read anywhere or seen any statute,
24  regulation, et cetera that mandates conversation with
25  one, conversation with all, as you're so expressing on

Meet and Confer                                    Shawn Padilla v. MGM Grand Hotel, LLC, et al.

18

1   the record here today.
2       Now, if there's issues between my discovery
3   with the AG's Office and the AG's Office issue with my
4   discovery to them, there's no reason for everybody to
5   be on that call.  That can be dealt with one on one, my
6   office and the AG's Office, and the AG's Office with
7   us.  End of story.  Same thing with discovery to you or
8   discovery to us from your office.  Nobody says that
9   everybody has got to be on the call.  I've never heard
10  of that.  If you can provide me with a statute and case
11  law in support of your position, please do so.  Until
12  then, nobody is engaged in malfeasance or wrongdoing
13  intentionally, innocently, et cetera.
14      The only mistake was that Steve's office
15  inadvertently didn't serve that March 17th subpoena to
16  your office.  It's been rectified.  We're here today.
17      Now, as it relates to you wanting to talk
18  about the depositions last, 30(b)(6) and the named
19  deponents.  You want to talk about it last because you
20  want to include the AG's Office on a subpoena and
21  notice of deposition that this office served upon
22  Bill Hornbuckle.  Can you articulate to me why the
23  AG's Office needs to be involved on a telephone
24  conversation or meet and confer involving
25  Mr. Hornbuckle who's on the board of directors of MGM,

19

1   and how that board of directors member is a board of
2   directors or part of the AG's Office that they need to
3   be involved in that conversation?  Can you please
4   articulate that for me.
5       MR. SEMENZA:  Well, one, Raffi, I don't need
6   to.  But we're here on a meet and confer conference
7   that relates to issues involving the AG's Office.  So
8   are you requesting them to get off the phone at this
9   point in time?
10      MR. NAHABEDIAN:  As it pertains -- as it
11  pertains to the deposition notice and subpoena of
12  Mr. Hornbuckle, that pertains to us and you as counsel
13  for MGM.  Mr. Hornbuckle's deposition does not pertain
14  to the AG's Office.  It does not pertain to the Nevada
15  Gaming Control Board.  It pertains to a subpoena to a
16  member of the board of directors of MGM.  That's why
17  there is no basis for them to be on this call.
18      Now, because of that, we can go to category
19  two, which is the 30(b)(6) depositions, as well as the
20  other identified named persons that we've discussed
21  with your office.  So category two can very easily be
22  done with the AG's Office it actually does
23  pertain to them because they, themselves, have
24  expressed an interest in deposing people and they,
25  themselves, have expressed an interest in deposing a

20

1   30(b)(6) person at MGM.
2       Now, unless the Nevada Gaming Control Board
3   wants to also depose Mr. Hornbuckle and they say, yep,
4   we want to depose him, and if they do, then, fine, let
5   them be on this call and let them send out their own
6   notice of deposition and their own subpoena.
7       MR. SEMENZA:  I think you're sort of proving
8   my point with all of this, Raffi.  At the end of the
9   day, I think the reason I'd like to talk about
10  Mr. Hornbuckle first is because that is an insular
11  issue.  There's a lot of complexity and a lot of issues
12  associated with the other depositions, both the fact
13  witness depositions and the 30(b)(6) depositions, that
14  are going to be undertaken.  So I don't know whether
15  we're going to have -- whether we're going to have
16  agreements or issues or those sorts of things relating
17  to that particular topic.  And so I think this is an
18  easy topic, the Hornbuckle deposition, to address and
19  get out of the way before there's sort of a roundtable
20  discussion about discovery generally in this case and
21  the fact witness discovery and the 30(b)(6) discovery,
22  those sorts of things.
23      So with regard to the Hornbuckle deposition,
24  I mean, unless you're just telling them that they need
25  to get off the meet and confer, which they have no

21

1   obligation to do so, I just want to get that issue out
2   of the way.  I don't think it's going to take very
3   long, to be perfectly honest, because I anticipate the
4   parties are not going to be able to agree and that
5   there's going to be motion practice that will
6   ultimately result.  So that's why I want to talk about
7   the Hornbuckle one and get it out of the way.
8       I think that, obviously, we don't see any
9   relevance in attempting to depose Bill Hornbuckle.
10  It's my understanding that he would have no personal
11  knowledge relating to this matter.  It's my -- I mean,
12  he's an Apex witness.  You're not seeking to depose
13  him, or the company rather, as a 30(b)(6) witness.  So
14  the way that we interpret all of this is that this an
15  attempt to harass an Apex witness, and this is done
16  intentionally.  There is no justifiable basis for
17  seeking to depose him.
18      What I can tell you is that given your intent
19  to depose him and the issuance of a subpoena, if it is
20  still your intent to do so after this meet and confer,
21  that I can accept service of that subpoena, both the
22  deposition subpoena and the document production
23  subpoena.  We will be filing a motion for protective
24  order relating to that, and we will be seeking our
25  attorneys' fees and costs and any other sanctions that



22

1  we deem appropriate by your attempts to depose
2  Mr. Hornbuckle, which are so overtly improper. I don't
3  know where that came from, that idea came from, but
4  it's out of left field and I don't understand it. I
5  really, really don't.
6        So I think that's our position with regard to
7  Mr. Hornbuckle. If you want to or can articulate a
8  basis, a relevant, appropriate basis, for deposing him
9  and what personal information he would specifically
10  have relating to this issue, then please do so for my
11  consideration. But I don't see it and I don't think I
12  will see it. But I'm open minded in that regard. So
13  that's why I wanted to talk about the Hornbuckle
14  deposition second.
15        MR. NAHABEDIAN: "MGM00041 Surveillance
16  Responsibilities. The surveillance department has been
17  created by the board of directors."
18        Mr. Hornbuckle, along with a host of other
19  people, are the board of directors of MGM. And since
20  the surveillance department was created by the board of
21  directors and the surveillance responsibility is
22  overseen by, and given the fact that they created the
23  surveillance department, that is the basis for which
24  the deposition of Mr. Hornbuckle will go forward.
25        We are at an impasse at this juncture. You

23

1  have made your position clear. We have made our
2  position clear. We have set out and provided you with
3  a notice of deposition and subpoena. And the notice of
4  deposition and subpoena, if I'm not mistaken, has
5  already been delivered to Mr. Hornbuckle's office.
6        So you guys can bring your motion. We
7  disagree with you. Your own document refers to the
8  board of directors as it relates to surveillance.
9        This case is a matter of the surveillance
10  department, the surveillance department who
11  misidentified the plaintiff, the surveillance
12  department who misinformed and provided wrong
13  information to a host of individuals that led to all
14  the damages sustained by Mr. Padilla in this case.
15  Therefore, our position is clear. Your position is
16  clear. We believe, based upon the information that we
17  have, his deposition as a member of the board of
18  directors, and mind you, he is the only board of
19  directors member that has an association and
20  affiliation with MGM because he also serves as the CEO,
21  while all the other board of directors members are not
22  affiliated with MGM, meaning they are not co-CEOs or
23  other types of officers or directors or members within
24  MGM. They are within their own companies, their own
25  companies' perspectives that are independent of the

24

1  MGM. Therefore, Mr. Hornbuckle was the most perfect
2  category or person to depose as it relates to the board
3  of directors of MGM, which was the creator of the
4  surveillance department.
5        Now, you and I don't agree. So it's already
6  out. He's been served. You can bring your motion.
7  We'll bring our opposition or we'll bring our motion to
8  compel.
9        So now let's go to category three.
10        MR. SEMENZA: No, no, no. I have questions
11  for you, Raffi.
12        MR. NAHABEDIAN: I've made -- my record's
13  clear. Your record's clear. I didn't ask you
14  questions because there's no need. I'm not here to sit
15  here -- I'm not here to argue this point with you.
16  You've made it clear you think it's completely
17  irrelevant. You want to seek sanctions against me.
18  It's been served. Let's just go through the
19  motions. Our meet and confer on this subject is over.
20  We're not going to withdraw it. I gave you the basis
21  for the subpoena. I gave you the basis for the
22  deposition notice. I am not going to change my
23  position.
24        You've made your position clear. You think
25  it's irrelevant. You think it's pointless. You think

25

1  it's harassing. So we don't agree.
2        So at the end of a meet and confer when
3  people don't agree, they just say, let's go forward
4  with motion practice. Just like you threatened to seek
5  sanctions against me, we'll do the same against you
6  because we believe, as I articulated, that there's a
7  justified, reasonable, and rational basis to take his
8  deposition.
9        Now, that's it. Category three, 30(b)(6)
10  depos, let's go.
11        MR. SEMENZA: Hold on, Raffi. I need to know
12  -- I'm sorry to interrupt and that's not my intention.
13  I need to know when he was served and how he was
14  served. That was my question.
15        You said he was served. You said it was
16  delivered to his office. That is not personal service.
17  I represented that I would accept service of the
18  subpoena and documents. I need to understand if the
19  service was effectuated and when and where and how.
20  That's all.
21        MR. NAHABEDIAN: We sent out the subpoena and
22  the deposition notice yesterday. And so it is our
23  belief and understanding, since it was sent out
24  yesterday, that it was done and effectuated. So that's
25  it.

Meet and Confer                                          Shawn Padilla v. MGM Grand Hotel, LLC, et al.

26

1      And we have all the right in the world to do
2  that. You never said before we sent it out that you'll
3  accept it. All you said is that you oppose any
4  service, and for us without any law, without any rules,
5  said, we direct you not to indirectly or directly
6  provide it.
7      I asked you to provide me with case law or
8  some sort of statute, something, and you didn't. And
9  so, therefore, we did what the rules allow. We
10 lawfully, pursuant to the rules, had a subpoena
11 provided to a process server and the process server
12 went out to serve the subpoena. That's it.
13     Now, next category.
14     MR. SEMENZA: Okay. Please provide me with
15 an affidavit of service so that I know that it was
16 effectuated. Please.
17     MR. NAHABEDIAN: I do. As soon as I receive
18 that, I will send out the notice of service to
19 everybody. We can file it with the court, actually.
20     MR. SEMENZA: Okay. I mean, do what you got
21 to do on that front. I'm just asking for a copy of the
22 affidavit of the service and affirmation relating to
23 when he was served.
24     MR. NAHABEDIAN: Thank you. I will do so.
25     MR. SEMENZA: Great. All right. So, I mean,

27

1  this is more in your boat, Raffi. I mean, we have --
2  and correct me if I'm wrong. We have provided you with
3  potential dates for the fact witness depositions. I'm
4  going to be candid with you and let you know that we
5  have not spoken substantively with the fact witnesses
6  as of yet to prepare them for their depositions. So
7  that is something that we will need to accomplish. In
8  the context of doing that, we will have a better sense
9  as to whether any of those individuals will be
10 appropriate 30(b)(6) deponents. But in sum and
11 substance, I would anticipate that they will not be the
12 30(b)(6) deponents based upon the topics that we've
13 already gone over and talked about.
14     Now, I don't know, in all candor, where we
15 left off, whether we had an agreement relating to those
16 topics, whether that was still in flux, whether there
17 was going to be motion practice. There's been a lot
18 happening, obviously, in this case and the others that
19 I've been dealing with. So I just, frankly, don't
20 recall. But that's where we stand as far as the fact
21 witnesses depositions are.
22     And then the way that I look at this is I
23 need to get a better handle on fact witnesses to be
24 able to provide you with guidance on whether there will
25 be or won't be formal overlap with the 30(b)(6), which

28

1  I'm working on in that regard. So I can't tell you
2  that, you know, witness A is going to be the 30(b)(6)
3  for topic B or whatever the case or topic 2, whatever
4  it is. So that's where we stand as far as those
5  depositions are concerned.
6      It's my understanding, and Nona and Mike can
7  jump in, that they have expressed an interest in
8  deposing some of our witnesses or providing a 30(b)(6)
9  deposition notice. I don't recall, as I sit here right
10 now, given all the things that we've gone through and
11 talked about, whether they've sent something over with
12 the topics. They may have. I just don't know offhand.
13 And that's something that we will work with them and
14 you to determine what that overlap ultimately will be.
15 I mean, if they're the same topics, then they'll be a
16 consolidation of the depo. We're not going to do
17 separate depos for similar items or similar topics in
18 that regard.
19     So that's what's going on from my perspective
20 relating to the depositions. Dovetailing that issue
21 with the Hornbuckle and the motion practice that is
22 going to result from the subpoena that you issued to
23 the Gaming Control Board, I don't know where we go as
24 far as discovery is concerned. Because those motions,
25 whether it is motion to compel or motion for protective

29

1  order, one, they're going to have to be drafted and
2  fully briefed and through no fault of the federal
3  court, they're going to sit for a little while before
4  someone gets to them.
5      So I don't know what to do in that regard
6  given the discovery that needs to be completed, the
7  motion practice that we ultimately have to undertake in
8  this case. So I leave that issue open for discussion
9  one way or the other. But that, I guess, is what I can
10 offer up as far as where we're at with those
11 depositions.
12     MR. CLOUGH: This is Steve Clough, by the
13 way. I can kind of give -- we had communications a
14 little more than, obviously, you and Raffi have about
15 these depositions. The emails have been going back and
16 forth between my office and you. Appreciate it. I
17 know we did get all those dates for some of those fact
18 witnesses. You had expressed some questions about
19 where we were on the 30(b)(6) topics. Obviously, you
20 already kind of told me what you're trying to do as far
21 as the fact witnesses potentially being those 30(b)(6).
22     But, yes, we have all of those dates, but we
23 did not finalize the topics for 30(b)(6). We had an
24 original, kind of like, meet and confer about them and
25 chatted about them. And before we finalized it -- it

Meet and Confer                                Shawn Padilla v. MGM Grand Hotel, LLC, et al.

---

30

1  could have been from you, Mr. Semenza, it could have
2  been from Ms. Cannata, I don't remember.  But an email
3  came saying, hey, we need to coordinate with the Nevada
4  Gaming Control Board, the AG's Office -- sorry, not the
5  Nevada Gaming Control Board, but the AG's Office about
6  getting which topics they might want to add because
7  they may want to join in our deposition of the
8  30(b)(6).  Then it just kind of went to a stalemate
9  about those topics themselves.
10        I haven't seen any topics from the
11  AG's Office.  I don't know if they've been going back
12  and forth with you or not on that.  I don't know.
13        But that's where we are with those.  Without
14  knowing if the fact witnesses are, in fact, going to be
15  30(b)(6) witnesses, it's kind of difficult for you,
16  know -- I mean, unless somewhere along the line in the
17  deposition we're doing of one of these fact witnesses
18  and we start asking questions that might be potentially
19  30(b)(6) questions, and you say, yeah, they're going to
20  be able to bind the corporation as far as that
21  particular topic, that would be something that might
22  come up during the depositions themselves rather than
23  through what you seem to be saying chatting with the
24  witnesses.  I don't know a better way to put that than
25  that, which is what you just kind of eluded to.

---

31

1        But that's my understanding of where we are
2  with the depositions and the 30(b)(6) deposition as
3  well as the topics.
4        MR. SEMENZA:  Okay.  So, Steve, what I would
5  recommend we do then -- and this is for Mike and Nona's
6  benefit as well -- why don't we work on scheduling a
7  conference call for late next week or midweek,
8  somewhere in that range.  I will endeavor with Katie to
9  go through, look at the topics that you all have put
10  forward, Stephen.  And then Mike and Nona may have
11  provided topics.  I don't remember as I'm sitting here
12  right now.  They may have provided topics.  If they
13  have, we can get those over to you.  If they haven't,
14  then I would ask that they provide some topics to us
15  and share, obviously, with all parties.
16        And then we can, one, talk about the overlap
17  between the topics for the AG's Office and the
18  plaintiff.  We can talk about a schedule for, generally
19  schedule, for any 30(b)(6)s, and the time frame by
20  which those would ultimately be completed.  And then we
21  can work on scheduling the fact witnesses for our prep
22  to discuss with them what they know and how they know
23  and all of those sorts of things to determine whether
24  they will be a 30(b)(6) witness or not.
25        So the more time you give me in regard to

---

32

1  meeting with them, the better, but I understand we are
2  short on time to get all of these conducted and
3  concluded.  So that's my recommendation, I guess, as to
4  how we move forward on this issue.
5        MR. SOMPS:  This is Mike Somps with the
6  AG's Office.  I'll just speak briefly.  And, Nona,
7  correct me if I'm wrong.  But the witnesses from MGM
8  that I think that we are looking for would be, first,
9  someone who can speak to the player tracking system and
10  explain how that works.  And then, secondly, I think
11  that we're looking for someone who can authenticate the
12  video surveillance recordings because that's,
13  obviously, an important piece of evidence in this case
14  and we want to make sure that that's something that can
15  be admitted as evidence.
16        Is that right, Nona?
17        MS. LAWRENCE:  Yeah, that's right.  Can you
18  hear me?
19        MR. SOMPS:  Not very well.
20        MS. LAWRENCE:  Sorry.  I just moved my
21  computer and I guess it's not working well.
22        For the second category, we also want someone
23  who can identify how they retain the surveillance, what
24  they show to agents when they get to the property, if
25  they show them all the views, that sort of thing,

---

33

1  someone who can testify to that.
2        MR. CLOUGH:  Again, Stephen Clough.  I
3  believe that's already in our topics for a 30(b)(6),
4  but have you sent these out --
5        MS. LAWRENCE:  Did you send us the topics?
6        MR. CLOUGH:  I was about to ask you, did you
7  send topics to Katie or to Lawrence?
8        MS. LAWRENCE:  I have requested those two
9  topics a while back, and I didn't know that you were
10  requesting the same.  So I think this is a good example
11  of why we should all share everything and not exclude
12  one party.
13        So our two topics are probably meshed in with
14  your list.  It's just a matter of finding out who those
15  people are.
16        MR. NAHABEDIAN:  Nona, just with respect to
17  what you just said, neither one of us should feel bad
18  about, you know, not having global interactions and
19  discussions.  I mean, we've all been practicing lawyers
20  for far too long.  And if you had interactions with the
21  MGM about topics and we had interactions with the MGM
22  about topics independent of you guys, neither one of us
23  should feel that we did anything wrong, notwithstanding
24  the record that was expressed today.  So I just want to
25  let you know.  When I heard you say, oh, well, gosh, we

---

LEXITAS™

Meet and Confer                                    Shawn Padilla v. MGM Grand Hotel, LLC, et al.

34

1  didn't interact with you guys and you guys didn't
2  interact with us, it's not an uncommon occurrence in
3  litigation with multi parties.
4        So I just want to say I have no issues with
5  your independent interaction, just like I have no, with
6  Steve's independent interaction that you weren't
7  included in.  But that's the whole purpose of this
8  telephone call.  If I understood the reason for this
9  telephone call was actually to address these things,
10  not next week, but actually address them today.
11        I thought that we were coming forward -- I
12  mean, Steve and I are prepared, and I'm certain you
13  guys are, equally as prepared, to have this discussion
14  about the 30(b)(6) and the other witnesses.  It was
15  included in the email exchanges about today's purpose.
16  So I'm really confused about why we're not going to
17  hash this out today when that was an express purpose of
18  today's conversation.  However, it seems that much was
19  done about the expression of Raffi Nahabedian's name on
20  the record, which so thankfully, my cocounsel
21  Mr. Clough rectified because it was so misplaced.
22        But, nonetheless, I thought that this
23  telephone conference was to discuss the 30(b)(6) and
24  deposition schedule.  It was made very well clear in
25  the email exchanges.  So can someone express to me why

35

1  we should continue this discussion for another week
2  when that was the whole purpose for having a court
3  reporter on this call?
4        MR. SEMENZA:  Well, I can respond to that,
5  Raffi.  I mean, at the end of the day, we sent you
6  dates and I've gotten no response relating to the fact
7  witnesses.  So the ball is in your court as far as
8  dates.  That's the first thing.
9        The second thing is I've made representations
10  to you that I did not think off the cuff that the
11  30(b)(6) witnesses would be the same as the fact
12  witnesses.  So that's the information I have, which
13  I've provided to you.
14        So are you going to provide us with a
15  schedule for the fact witnesses that we provided that
16  information to you?  So, again, you know, if you want
17  to characterize things one way -- and I'm happy to have
18  the discussion and now we've been having this
19  discussion for 45 minutes.  If you don't want to have a
20  conference call next week, just say so.  That's fine.
21        Send me the dates for the depositions and the
22  fact witnesses.  And then I will coordinate whether
23  they're going to be any overlap.  And you can send me
24  dates for the 30(b)(6), and we will continue to have
25  discussions about those objections.  If we have not

36

1  reconciled those issues, then I would anticipate there
2  will be more motion practice relating to the 30(b)(6)
3  topics.
4        MS. LAWRENCE:  Along the lines of the dates,
5  can I just jump in and live in reality?  I mean, the
6  list is -- there's seven, looks like, fact witnesses or
7  30(b)(6).  I don't know who they're going to be.  If
8  our two are not those two, that's nine.  And then
9  you're still wanting, I believe, Katie, to depose our
10  30(b)(6) for the GCB; correct?  So that's 10
11  depositions and today is the 9th.  I believe discovery
12  closes on June 5th.  I mean, that's, like, a depo a
13  day; right, if we're being realistic.
14        MR. NAHABEDIAN:  Were you asking Katie?
15        MS. LAWRENCE:  No.  I'm just saying it's
16  looking like there's still 10 left and we've got three
17  weeks.
18        MR. NAHABEDIAN:  I concur with you
19  100 percent.  I just want to go back to the emails with
20  respect to this meet and confer that we're having.  In
21  that meet and confer, I actually expressed on two
22  separate occasions were any of the fact witnesses --
23  because this was a topic of discussion in the past --
24  any of the fact witnesses that we've identified, and
25  there's a roster of them that we've identified and

37

1  discussed with your office, because there was a topic
2  of, well, are these also people that can serve as
3  30(b)(6)s.
4        Now, in my email I actually gave two
5  examples.  One is the person who is, I forget her name,
6  but the director of surveillance who issued the
7  reprimand to the surveillance operator.  And so we want
8  to depose her.  But then is that person also capable of
9  being the 30(b)(6) of surveillance?  So we asked that.
10  And then we also asked a question about the manager,
11  the security manager, because there's an identity of a
12  security manager that was involved in the incident.
13  Now, is that person also can serve as the 30(b)(6)?
14  And so since I addressed that twice in the emails that
15  I sent related to this meet and confer, did anybody
16  make an assessment prior to today given the advanced
17  notice of those questions in my emails if those two
18  people actually can serve as a 30(b)(6) given that that
19  was the purpose of this meet and confer today?
20        MR. SEMENZA:  Well, that wasn't the purpose
21  of the meet and confer today.
22        MR. NAHABEDIAN:  What was the purpose?
23        MR. SEMENZA:  That was part of the purpose
24  was to discuss all of the depositions, in addition to
25  Bill Hornbuckle's deposition, and in addition to the



Meet and Confer                                    Shawn Padilla v. MGM Grand Hotel, LLC, et al.

38

1  issue relating to the subpoena that you issued.
2       So was that email sent on May 6th, Raffi?
3       MR. NAHABEDIAN:  I don't have my computer up.
4  I just saw I sent two emails.  And in two emails I
5  actually articulated that question about can this
6  person who is the surveillance manager be the same as
7  the 30(b)(6) in re: surveillance.  Or can the casino or
8  the security department manager also serve as a
9  30(b)(6).
10      Now, if you want the dates of those emails,
11  I'm sure my colleague who has his computer open can
12  check on those, but I don't want to waste any more
13  time.  But they were sent and they were sent to you,
14  Katie, Mr. Somps, and Ms. Lawrence.  And so they are
15  definitely documented.
16      Now, again, whether you want to say that this
17  conversation or this meet and confer that you scheduled
18  with a court reporter wasn't about this topic, I beg to
19  differ because it was specifically about addressing
20  this topic of depositions, 30(b)(6) as well as fact
21  witnesses.  And I completely agree with Ms. Lawrence as
22  to the time frame.  So, obviously, we're under, like, a
23  pretty strict time frame given the dates that
24  Ms. Lawrence just articulated, which I thought was one
25  of the bases for having this meet and confer was for

39

1  all of us to get on the phone to coordinate these
2  things.  And it was pretty clear in the exchanges that
3  that was the purpose.
4       So for us to then say, hey, listen, I got out
5  of my system talking about this inadvertent error that
6  is all Raffi's fault, which turned out to be no fault
7  of mine whatsoever; it came from Mr. Clough's office
8  and it was inadvertent, as he repeatedly expressed.
9  And then, two, Mr. Hornbuckle's deposition.  And then,
10  all of a sudden, it's like, oh, no, we'll just meet and
11  convene next week on the third topic, which really,
12  given Ms. Lawrence's own expressions, close of
13  discovery is coming up in less than 30 days, that
14  really is the reason we're having this conversation is
15  for us to coordinate with Ms. Lawrence and Mr. Somps
16  the depositions of people at MGM.
17      MR. CLOUGH:  This is Steve.  All of a sudden,
18  it got real quiet.  Can you guys hear me?
19      MR. SEMENZA:  Yeah, we can hear you.  There
20  was nothing I was responding to.  So I guess at the end
21  of the day, we won't conduct the meet and confer
22  conference or a continued conference call next week
23  from Raffi's perspective.  And you guys will go ahead
24  and issue the fact witness deposition dates.  Given,
25  Stephen, your comment that we had not resolved the

40

1  30(b)(6) issues, and I don't want to mischaracterize if
2  that's not what you said so let me know.  If we haven't
3  then that's going to be subject probably to motion
4  practice.  So those depositions won't go forward
5  anyway.  So if you want to send over the deposition
6  dates, then we can go from there and get those tied up
7  and scheduled and get those folks prepped and go from
8  there.  So, yeah, I guess from Raffi's perspective,
9  we're done.
10      MR. CLOUGH:  One quick thing, Mr. Semenza,
11  L.J.  I didn't say that we hadn't come to some
12  resolution on the 30(b)(6) topics.  We got through
13  quite a few.  There was, I want to say -- I'd have to
14  go back through my notes -- like, two or three that I
15  think we were trying to figure out how to limit and
16  change the verbiage in order to both accommodate what
17  we're looking for and what you wanted and what you were
18  objecting to.  It's just not finalized.  I don't think
19  it's something that really needs to be motion practice
20  at this point.
21      MR. SEMENZA:  Okay.  Well, I mean, I
22  appreciate that, Stephen.  And I would like to say
23  there wouldn't be motion practice, but given the things
24  that have gone on in this case, nothing surprises me
25  anymore.

41

1       Do we have -- from your perspective, Steve,
2  is there some sort of document, email, letter, anything
3  between us that distills down and says, here's what we
4  talked about and here's what we think we agreed to or
5  here's what we don't think we agreed to?  If there's
6  something like that that I could take a look at, that
7  would be helpful.  If there's not, then let Katie and I
8  talk about that and see where we left off ultimately
9  and then go from there.
10      Otherwise, if there's not going to be motion
11  practice or there's only going to be partial motion
12  practice relating to some of these topics, then I think
13  what we need to do is go ahead and schedule at least a
14  window by which the 30(b)(6) witnesses will be deposed.
15  You will be provided with notice as to whether those
16  same individuals that are going to be testifying as
17  fact witnesses would, in fact, be 30(b)(6) witnesses
18  for certain topics.  Obviously, we're not going to
19  duplicate depositions, those kinds of things.
20      So from my perspective, I think that kind of
21  solves the issue going forward.
22      MR. NAHABEDIAN:  Okay.  I just sent an email
23  out to everybody that was part of this email
24  communication about this meet and confer right now.
25  I'm very troubled at you saying that, according to

Meet and Confer                                        Shawn Padilla v. MGM Grand Hotel, LLC, et al.

42

1  Raffi, we're not going to have a meet and confer next
2  week on the subject so we'll just go ahead and do
3  everything and then figure out while in motion
4  practice.
5         Again, casting negative dispersions upon me
6  is going to get you nowhere in this case because the
7  record is pretty clear.  This meet and confer right now
8  was to discuss topics.  Now, if you want to discuss
9  topics, let's do it because that was part of the bases
10 for this meet and confer.  My emails made it clear.
11 The emails that you guys sent out to hold this meet and
12 confer made it very clear.
13        I'm surprised that we're not discussing the
14 topics that Mr. Somps -- although, Ms. Lawrence did
15 actually articulate them right now, so we just
16 expressed back to you, yeah, Ms. Lawrence's topics of
17 conversation are consistent with ours.
18        Now, if you guys had read my emails to you
19 back in relation to this meet and confer that you
20 scheduled with a court reporter, and it's critical that
21 perhaps you attach my email communications about this
22 subject of the 30(b)(6)s to the transcript so it can be
23 part of the record because it's in your inbox, it's
24 very clear, hey, will you please let us know about
25 these two fact witnesses also being 30(b)(6)s?

43

1         Now, prior to this meeting we never got a
2  response to that email, never got a response.  And now,
3  as we're in this meeting, which is about the 30(b)(6)
4  and fact witnesses, you're still not providing a
5  response.  Unless, of course, you can't provide an
6  educated response based on the knowledge of the
7  question prior to today's meet and confer on the very
8  subject of 30(b)(6) and fact witnesses.
9         So in my email, which is in your inbox right
10 now, can somebody representing MGM do the dutiful deed
11 and say, yes, when we got this originally, we
12 investigated this because we remember previously during
13 a meet and confer that was held a couple weeks back, if
14 not four weeks ago, if not over four weeks ago,
15 actually, it was over four weeks, this very topic was
16 discussed:  Are the fact witnesses also part of the
17 30(b)(6) categories that we provided you with.
18        Now, all my email did was remind you of a
19 conversation that we had.  And all my emails to you did
20 was to say, since we're on this topic that was part of
21 the request for this 30(b)(6) -- excuse me -- of this
22 meet and confer 30(b)(6) depos and fact witnesses now,
23 since it was talked about over a month ago and it was
24 also included in my emails, do you guys have a response
25 to those questions?  Do those people serve as our

44

1  30(b)(6) categories as well?  That's a question.
2         MR. SEMENZA:  I told you the answer.  I said
3  I don't think so, but I will confirm.
4         MR. NAHABEDIAN:  Okay.  So we sent out --
5  strike that.
6         We had a conversation over a month ago on
7  this very topic.  I then sent two emails, including
8  that request following up on a discussion that's over a
9  month old for a meet and confer that you called to
10 discuss this very topic, and you don't have an answer.
11 And, yet, you want to continuously during this call
12 cast negative dispersions upon me and say, it's Raffi,
13 Raffi, Raffi, which, thank God to my colleague, who
14 said it wasn't him at all, it was me.
15        So I have a feeling that the basis of this
16 meet and confer -- it's not a meet and confer
17 whatsoever.  It was an attempt to you to discredit me
18 or to cast a negative light upon me.  And I take it as
19 a tremendous insult.  After somebody practicing law for
20 over 30 years in two different jurisdictions, I find it
21 insulting, I really do.
22        We may not like each other, but it doesn't
23 matter.  We're supposed to be professionals.  We're
24 supposed to be professionals.  Okay.  And we should act
25 like that.

45

1         And I feel that you called this meet and
2  confer and you're skating right now on a topic that the
3  very meet and confer was predicated on, depositions,
4  fact and 30(b)(6), and you're punting.  You're punting.
5         And what's really comical about that is you
6  sit here and say, oh, Raffi, you interacted with the
7  AG's Office independent of us.  Oh, Raffi, you did this
8  negative stuff.  No, no, no, no.  The AG's Office's
9  sent me that document, not me.  They did.
10        And I would like to know if you have letters
11 to them chastising them or if you have communications
12 with them chastising them, as you attempted to do here
13 as if I did something surreptitious, which I did not.
14 I merely received a letter from the AG's Office,
15 nothing more.  They sent it.  Go after the AG's Office,
16 Nevada Gaming Control Board, not me.
17        Now, again, then you want to say that, oh,
18 well, you're interacting with parties.  Look, this is
19 the theme of this, don't include them, don't include
20 them.  Well, it sounds like the AG's Office has been
21 including you in communications about their 30(b)(6)
22 witnesses and about the witnesses they want to depose,
23 and it sounds like we've been including you in
24 conversations about our witnesses that we want to
25 depose and 30(b)(6)s.  Wait, two parties are

Case 2:22-cv-02109-RFB-EJY    Document 99-5    Filed 05/23/25    Page 15 of 38

Meet and Confer                                    Shawn Padilla v. MGM Grand Hotel, LLC, et al.

46

1 interacting with you. Did you inform the other parties
2 that they were doing that? Did you call me and say,
3 hey, AG's Office wants to do this? Did you call the AG
4 and say, hey, Raffi and Steve want to do that? No, you
5 didn't. But you want to make it seem as if I've been
6 underhandedly dealing with the AG's Office and hiding
7 things from you. I'm sorry that the AG's Office that
8 you align yourself with consistently throughout this
9 proceeding did not notify you that they presented me
10 with a document. Not me present them. They presented
11 me.
12       Now, are we going to go through and finalize
13 this meet and confer about the 30(b)(6) witnesses and
14 fact witnesses or not? Do you have information, as you
15 should have had because it was discussed over a month
16 ago and included in two of my emails, about those two
17 people that are fact witnesses being 30(b)(6)
18 witnesses?
19       I have no problem with having another meet
20 and confer on this subject, another meet and confer on
21 this next week. No problem whatsoever. Actually,
22 let's do it. Because I don't want you to say, oh,
23 Raffi prevented it from happening. Oh, my gosh, he
24 prevented it from happening. That guy is such a
25 meanie.

47

1       Let's do it. Next week we'll do it. But
2 here's the deal. Are you going to pay my fee for doing
3 it today, trying to do it today, after you called this
4 meet and confer? Are you going to pay my fee? We'll
5 do it next week. Okay.
6       Thank you guys so much. Nona, Mr. Somps,
7 thank you guys. I really appreciate this exchange
8 because it's been very revealing for all of us. It's
9 been a great exercise for all of us. And I can't wait
10 to read this transcript. So what day next week do you
11 want to have this meet and confer, Mr. Semenza?
12       MR. SEMENZA: Whenever you'd like, Raffi.
13       MR. NAHABEDIAN: Good. We'll send out an
14 email to everybody. Well, actually, it's a follow-up
15 on your meet and confer that you called for this
16 purpose. Why don't you guys send us an email,
17 everybody, when you guys select a date. Tell us the
18 dates and times that you guys are available next week,
19 since you want to do it next week. Send us all an
20 email, Mr. Semenza, and we'll reschedule the 30(b)(6)
21 and fact witness discussion meet and confer that was
22 supposed to go forward today on a date you select. So
23 send that out to everybody. Okay?
24       MR. SEMENZA: You're obviously frustrated,
25 Raffi --

48

1       MR. NAHABEDIAN: I'm not. I'm not. Please.
2 I'm enjoying this.
3       MR. SEMENZA: You certainly sound frustrated.
4 Okay. Well, I mean, I think the next logical step is,
5 and my offer to have a subsequent conversation about
6 it, obviously, I think that's a good idea, to talk as
7 opposed to not talk. But, I mean, the ball is sort of
8 in your court. You guys need to reschedule the
9 30(b)(6) deposition notice. So select some dates to do
10 that.
11       You guys were given dates relating to the
12 fact witnesses. You haven't sent out deposition
13 notices relating to that. My suggestion would be that
14 we do the 30(b)(6) deposition notice after the fact
15 witnesses are concluded. That makes the most sense.
16       And I've represented that we'll get you the
17 information you need to determine whether any of the
18 fact witnesses will be 30(b)(6) witnesses. But that's,
19 obviously, up to the client in that regard.
20       So, yeah, we'll send out a notice. We'll
21 reconvene. We'll work on getting some additional
22 information, and we'll go from there.
23       MR. CLOUGH: This is Steve again. Thank you.
24 Just kind of one interjection here. Everything was
25 kind of put on hold when we did that settlement

49

1 conference with Wechsler. So, but we'll move
2 everything forward. Please get that continued meet and
3 confer done early next week. Earlier the better,
4 obviously, because we're all on a time crunch. I
5 appreciate it. Thank you.
6       MR. SEMENZA: Sure. Thanks, Steve.
7 Appreciate it, everyone. If anyone else has any input
8 they'd like to add --
9       MR. CLOUGH: Nothing on our end.
10       MR. SOMPS: Already addressed.
11       MR. SEMENZA: All right. Thank you, madam
12 court reporter. We'll need a copy on an expedite,
13 please. Thank you.
14       MR. NAHABEDIAN: Thank you.
15       THE COURT REPORTER: Mr. Clough, are you
16 still there?
17       MR. CLOUGH: Madam court reporter, could you
18 send one to me as well?
19       THE COURT REPORTER: Sure. Do you want me to
20 send it to both of you? I'll send it to both of you.
21       MR. CLOUGH: No. You can just send it to me
22 and I'll get it over to Raffi. I don't need it
23 expedited. Whenever you get it to me.
24       THE COURT REPORTER: Okay. Sounds good.
25       (Proceeding concluded at 11:39 a.m.)



Meet and Confer                                    Shawn Padilla v. MGM Grand Hotel, LLC, et al.

50

1                    CERTIFICATE OF REPORTER

2    STATE OF NEVADA  )
                      )   ss:
3    COUNTY OF CLARK  )

4         I, Kimberly A. Farkas, a Certified Court Reporter

5    licensed by the State of Nevada, do hereby certify:

6    That I reported the Remote Videoconference Meet and

7    Confer of Counsel held on May 9, 2025, at 10:31 a.m.

8         That I thereafter transcribed my said stenographic

9    notes into written form, and that the typewritten

10   transcript is a complete, true, and accurate

11   transcription of my said stenographic notes.

12        I further certify that I am not a relative,

13   employee or independent contractor of counsel or of any

14   of the parties involved in the proceeding; nor a person

15   financially interested in the proceeding.

16        IN WITNESS WHEREOF, I have set my hand in my

17   office in the County of Clark, State of Nevada, this

18   10th day of May, 2025.

19                    _____

20                    Kimberly A. Farkas, CCR NO. 741

21

22

23

24

25

Meet and Confer                                    Shawn Padilla v. MGM Grand Hotel, LLC, et al.

**1**

10
  36:10,16
100
  36:19
11:39
  49:25
13th
  7:5
17th
  7:13  9:3
  10:23
  18:15

**2**

2
  28:3
2025
  7:5,17
  9:6,9
28th
  9:4

**3**

30
  39:13
  44:20
30(b)(6)
  3:22
  4:13,17,
  22,24
  18:18
  19:19
  20:1,13,
  21  21:13
  25:9
  27:10,12,
  25  28:2,8
  29:19,21,
  23  30:8,

15,19
31:2,24
33:3
34:14,23
35:11,24
36:2,7,10
37:9,13,
18  38:7,
9,20
40:1,12
41:14,17
43:3,8,
17,21,22
44:1
45:4,21
46:13,17
47:20
48:9,14,
18
30(b)(6)s
31:19
37:3
42:22,25
45:25
31st
9:2,6,9

**4**

45
35:19
463.120
16:25

**5**

5:11
7:17
5th
7:16
36:12

**6**

6th

7:17 38:2

**9**

9th
36:11

**A**

a.m.
49:25
able
3:12 21:4
27:24
30:20
about
3:16 7:6,
20 10:7,
19 11:6
12:19,25
13:5
14:13,24
16:18
18:18,19
20:9,20
21:6
22:13
27:13
28:11
29:14,18,
24,25
30:5,9
31:16,18
33:6,18,
21,22
34:14,15,
16,19
35:25
37:10
38:5,18,
19 39:5
41:4,8,24
42:21,24
43:3,23
45:5,21,
22,24
46:13,16

48:5
absent
11:19
absolutel
y
6:8,19
17:7
abundantl
y
13:15
14:21
15:3
accept
12:14
21:21
25:17
26:3
acceptanc
e
12:16
accommoda
te
40:16
accomplis
h
27:7
according
41:25
act
44:24
actually
8:1,4,8
19:22
26:19
34:9,10
36:21
37:4,18
38:5
42:15
43:15
46:21
47:14
add
30:6 49:8

addition
6:25
37:24,25
additiona
l
9:13
48:21
address
15:14
17:14
20:18
34:9,10
addressed
37:14
49:10
addressin
g
38:19
admitted
32:15
advanced
37:16
affidavit
26:15,22
affiliate
d
23:22
affiliati
on
23:20
affirmati
on
26:22
after
13:17
14:7
21:20
44:19
45:15
47:3
48:14
AG
46:3

AG's
7:14
8:16,20
10:18,20
11:15
13:9,12,
13,14,23
14:12,13,
14,23
15:13
16:11
18:3,6,
20,23
19:2,7,
14,22
30:4,5,11
31:17
32:6
45:7,8,
14,15,20
46:3,6,7
again
8:22 9:9,
23 10:21
17:17
33:2
35:16
38:16
42:5
45:17
48:23
against
12:8
14:20
24:17
25:5
agents
6:11 10:6
32:24
ago
43:14,23
44:6
46:16
agree
21:4 24:5
25:1,3
38:21

Case 2:22-cv-02109-RFB-EJY    Document 99-5    Filed 05/23/25    Page 18 of 38

Meet and Confer                    Shawn Padilla v. MGM Grand Hotel, LLC, et al.

agreed
  41:4,5
agreement
  27:15
agreements
  3:12
  20:16
ahead
  39:23
  41:13
  42:2
albeit
  16:12
align
  46:8
alive
  11:11
all
  3:3 4:11,
  20 6:23,
  24 12:9,
  23 16:10,
  14,17,19
  17:20,22,
  25 20:8
  23:13,21
  25:20
  26:1,3,25
  27:14
  28:10
  29:22
  31:9,15,
  23 32:25
  33:11,19
  37:24
  39:1,6,
  10,17
  43:18,19
  44:14
  47:8,9,19
  49:4,11
allow
  11:2 26:9
almost

12:9
along
  22:18
  30:16
  36:4
already
  23:5 24:5
  27:13
  29:20
  33:3
  49:10
also
  6:11 15:7
  16:23,24
  20:3
  23:20
  32:22
  37:2,8,
  10,13
  38:8
  42:25
  43:16,24
although
  11:7
  42:14
another
  35:1
  46:19,20
answer
  10:25
  14:3
  44:2,10
anticipate
  21:3
  27:11
  36:1
any
  3:11 6:9,
  13,14,16
  9:10,20,
  22 10:2
  11:20
  14:23,24
  17:23
  21:8,25

26:3,4
  27:9
  30:10
  31:19
  35:23
  36:22,24
  38:12
  48:17
  49:7
anybody
  37:15
anymore
  40:25
anyone
  49:7
anything
  4:2,9
  12:3
  13:11
  33:23
  41:2
anyway
  40:5
anywhere
  17:23
Apex
  21:12,15
apologies
  15:21
appears
  7:17
appreciate
  6:4 8:10
  12:7
  29:16
  40:22
  47:7
  49:5,7
appropriate
  3:14 6:16
  22:1,8
  27:10

appropriately
  10:11
areas
  14:2
argue
  24:15
arguments
  17:2,3
arose
  7:6
articulate
  18:22
  19:4 22:7
  42:15
articulated
  14:21
  25:6
  38:5,24
as
  3:15
  4:12,14,
  19 5:11,
  15 7:12
  8:3,11,24
  9:12
  10:1,6
  12:8
  13:8,20
  14:1,6
  15:3,5,9
  16:2,3,5,
  6,10
  17:4,7,25
  18:17
  19:10,12,
  19 21:13
  23:8,17,
  20 24:2
  25:6
  26:17
  27:6,9,20
  28:4,9,
  23,24

29:10,20,
  21 30:20
  31:2,3,6,
  11 32:3,
  15 34:13
  35:7,11
  37:2,13,
  18 38:6,
  8,20,21
  39:8
  41:15,16
  43:3,25
  44:1,18
  45:12,13
  46:5,14
  48:6
  49:18
ascertain
  4:25
ask
  24:13
  31:14
  33:6
asked
  26:7
  37:9,10
asking
  26:21
  30:18
  36:14
asserted
  9:19
assessment
  37:16
associated
  9:22
  20:12
association
  23:19
assume
  5:8

assuming
  11:14
at
  7:17
  14:10
  17:3,9
  19:8
  20:1,8
  22:25
  25:2
  27:22
  29:10
  31:9 35:5
  39:16,20
  40:20
  41:6,13,
  25 44:14
  49:25
attach
  15:4,6
  42:21
attempt
  21:15
  44:17
attempted
  45:12
attempting
  21:9
attempts
  22:1
attention
  11:22
attorney
  13:22
attorneys'
  21:25
authenticate
  32:11
available
  47:18



aware
   5:13
   13:10

---

**B**

back
   9:13
   12:15,17
   29:15
   30:11
   33:9
   36:19
   40:14
   42:16,19
   43:13

bad
   33:17

ball
   35:7 48:7

based
   5:7 6:18
   16:22,23,
   25 23:16
   27:12
   43:6

bases
   38:25
   42:9

basis
   6:8 19:17
   21:16
   22:8,23
   24:20,21
   25:7
   44:15

became
   13:10
   14:21

because
   5:10 10:1
   12:13
   14:17,21,
   25 15:19,
   25 16:13
   17:16,21

18:19
19:18,22,
23 20:10
21:3
23:20
24:14
25:6
28:24
30:6
32:12
34:21
36:23
37:1,11
38:19
42:6,9,23
43:12
46:15,22
47:8 49:4

become
   8:2

becoming
   13:14

before
   4:10 9:8,
   18 15:22
   16:14,15
   20:19
   26:2
   29:3,25

beg
   38:18

behalf
   11:13,14

belatedly
   13:9

belief
   25:23

believe
   4:11 7:5,
   14 9:1,3
   10:5,15
   11:9
   12:10
   23:16
   25:6 33:3
   36:9,11

benefit
   31:6

better
   27:8,23
   30:24
   32:1 49:3

between
   4:22 5:2
   8:20 9:5
   15:25
   18:2
   29:16
   31:17
   41:3

big
   3:25

Bill
   3:19 5:22
   18:22
   21:9
   37:25

bind
   30:20

board
   3:17 4:5,
   7,10,17,
   23,25
   5:3,9,13,
   16,24
   6:1,6
   10:4,6
   11:5
   12:13
   17:19
   18:25
   19:1,15,
   16 20:2
   22:17,19,
   20 23:8,
   17,18,21
   24:2
   28:23
   30:4,5
   45:16

Board's
   6:13

boat
   27:1

both
   20:12
   21:21
   40:16
   49:20

briefed
   29:2

briefly
   32:6

bring
   11:22
   23:6
   24:6,7

brought
   3:4

brush
   6:2

buried
   11:10

but
   4:23
   5:10,14
   6:11
   11:16
   12:8,9,23
   13:14
   15:9,11,
   14 16:3,
   12 19:6
   22:3,11,
   12 27:10,
   20 29:9,
   22 30:2,
   5,13 31:1
   32:1,7
   33:4
   34:7,10,
   22 37:6,8
   38:12,13
   40:23
   44:3,22
   46:5 47:1
   48:7,18
   49:1

by
   3:4 5:3
   10:4
   11:12
   13:9,16
   14:18
   16:20
   22:1,17,
   20,22
   23:14
   29:12
   31:19
   41:14

---

**C**

call
   15:23
   17:22
   18:5,9
   19:17
   20:5 31:7
   34:8,9
   35:3,20
   39:22
   44:11
   46:2,3

called
   44:9 45:1
   47:3,15

came
   8:6 22:3
   30:3 39:7

candid
   27:4

candor
   6:23
   27:14

Cannata
   30:2

capable
   37:8

Caruso
   12:11,23
   15:11,12,
   25 16:1,7

case
   6:18 7:21
   11:7
   16:22,24
   17:5,8
   18:10
   20:20
   23:9,14
   26:7
   27:18
   28:3 29:8
   32:13
   40:24
   42:6

cases
   17:20

casino
   38:7

cast
   44:12,18

casting
   42:5

categories
   4:23
   43:17
   44:1

category
   5:19,22
   6:3 17:9
   19:18,21
   24:2,9
   25:9
   26:13
   32:22

CEO
   23:20

certain
   6:21
   10:17,18,
   20 15:22
   34:12
   41:18

certainly
   14:17

Case 2:22-cv-02109-RFB-EJY    Document 99-5    Filed 05/23/25    Page 20 of 38

Meet and Confer                                    Shawn Padilla v. MGM Grand Hotel, LLC, et al.

48:3

cetera
7:9 17:24
18:13

change
24:22
40:16

character
ize
35:17

chastisin
g
45:11,12

chatted
29:25

chatting
30:23

check
38:12

Civil
6:25

clarifica
tion
4:4

clarify
5:14 8:11
12:6

clear
3:9 6:24
7:1 13:15
14:21
15:3
23:1,2,
15,16
24:13,16,
24 34:24
39:2
42:7,10,
12,24

client
14:3
48:19

close
39:12

closes
36:12

Clough
8:7 9:5
12:5
15:9,15,
18 16:10
29:12
33:2,6
34:21
39:17
40:10
48:23
49:9,15,
17,21

Clough's
8:25
15:10,11,
12,16
16:20
39:7

co-ceos
23:22

cocounsel
34:20

colleague
14:20
38:11
44:13

come
13:17
30:22
40:11

comical
45:5

coming
34:11
39:13

comment
39:25

communica
tion

8:16
13:15
41:24

communica
tions
8:21
12:10,23
29:13
42:21
45:11,21

companies
23:24

companies
'
23:25

company
21:13

compel
11:13
17:2,12
24:8
28:25

competent
13:22

completed
29:6
31:20

completel
y
8:4 24:16
38:21

complexit
y
20:11

complianc
e
9:3

computer
32:21
38:3,11

concern
6:20 8:24

concerned
28:5,24

concerns
7:6,20
9:23

concluded
32:3
48:15
49:25

concur
36:18

conduct
3:6 7:21,
21 14:4
39:21

conducted
32:2

confer
3:6,11,15
6:21 9:8,
11,15,17
10:15
11:2
12:24
13:1,3,5
16:8
18:24
19:6
20:25
21:20
24:19
25:2
29:24
36:20,21
37:15,19,
21 38:17,
25 39:21
41:24
42:1,7,
10,12,19
43:7,13,
22 44:9,
16 45:2,3
46:13,20
47:4,11,
15,21
49:3

conference
3:6,16
9:8,11,
15,17
10:15
11:2
15:22
19:6 31:7
34:23
35:20
39:22
49:1

confirm
44:3

confused
34:16

consider
15:5

considera
tion
22:11

consistent
42:17

consisten
tly
46:8

consolida
tion
28:16

contact
14:22

contain
8:19

contained
6:10

context
3:21 7:3
10:21
27:8

continue
35:1,24

continued
39:22
49:2

continuou
sly
44:11

contrary
11:9

Control
3:17 4:5,
7,10,17,
23,25
5:3,9,13,
16,23
6:1,6,12
10:4,6
11:5
12:13
17:19
19:15
20:2
28:23
30:4,5
45:16

convene
39:11

conversat
ion
4:19
17:24,25
18:24
19:3
34:18
38:17
39:14
42:17
43:19
44:6 48:5

conversat
ions
45:24

coordinat
e
5:17 30:3
35:22
39:1,15

Case 2:22-cv-02109-RFB-EJY    Document 99-5    Filed 05/23/25    Page 21 of 38

Meet and Confer                                Shawn Padilla v. MGM Grand Hotel, LLC, et al.

coordinated
  4:20

copied
  7:15

copy
  10:3,22
  26:21
  49:12

corporation
  30:20

correct
  27:2 32:7
  36:10

correctly
  5:20

costs
  21:25

counsel
  4:20 5:4
  9:13 10:2
  19:12

couple
  12:6
  43:13

course
  43:5

court
  3:8
  11:21,23
  13:16
  14:18
  26:19
  29:3
  35:2,7
  38:18
  42:20
  48:8
  49:12,15,
  17,19,24

court's
  11:22

created
  7:8
  22:17,20,
  22

creator
  24:3

critical
  42:20

crunch
  49:4

cuff
  35:10

cut
  8:12

—— D ——

damages
  23:14

Darlene
  12:11

date
  8:19
  47:17,22

dated
  7:16 9:1,
  2

dates
  27:3
  29:17,22
  35:6,8,
  21,24
  36:4
  38:10,23
  39:24
  40:6
  47:18
  48:9,11

day
  15:19
  16:9 20:9
  35:5
  36:13
  39:21

47:10

days
  39:13

dead
  11:10

deal
  11:23
  12:8 47:2

dealing
  27:19
  46:6

dealt
  18:5

debate
  9:20

deed
  43:10

deem
  22:1

definitely
  38:15

definitive
  10:25

deliberate
  8:5,8
  14:16

deliberately
  7:20 8:1
  11:3

delivered
  23:5
  25:16

department
  22:16,20,
  23 23:10,
  12 24:4
  38:8

depending
  10:16

depo
  4:24
  13:19
  28:16
  36:12

deponents
  18:19
  27:10,12

depos
  25:10
  28:17
  43:22

depose
  5:11
  20:3,4
  21:9,12,
  17,19
  22:1 24:2
  36:9 37:8
  45:22,25

deposed
  41:14

deposing
  19:24,25
  22:8 28:8

deposition
  3:21,22
  5:21 7:4,
  10 10:5
  13:24
  14:1,6,7
  15:4,7
  18:21
  19:11,13
  20:6,18,
  23 21:22
  22:14,24
  23:3,4,17
  24:22
  25:8,22
  28:9
  30:7,17
  31:2

34:24
  37:25
  39:9,24
  40:5
  48:9,12,
  14

depositions
  3:22,24
  4:12,14,
  17,18
  5:5,6,17,
  18 17:13,
  15 18:18
  19:19
  20:12,13
  27:3,6,21
  28:5,20
  29:11,15
  30:22
  31:2
  35:21
  36:11
  37:24
  38:20
  39:16
  40:4
  41:19
  45:3

desire
  6:20

determine
  28:14
  31:23
  48:17

determining
  11:17

diatribe
  15:16

differ
  38:19

different
  4:2 9:13
  17:5,7
  44:20

difficult
  30:15

direct
  13:13
  26:5

directed
  14:10

directly
  26:5

director
  37:6

directors
  18:25
  19:1,2,16
  22:17,19,
  21 23:8,
  18,19,21,
  23 24:3

disagree
  17:16
  23:7

disclosed
  10:6
  14:25
  15:2

disclosing
  14:14

disclosure
  14:11,24

disclosures
  5:8 10:7

discovered
  10:4

discovery
  18:2,4,7,
  8 20:20,
  21 28:24
  29:6
  36:11



Case 2:22-cv-02109-RFB-EJY     Document 99-5     Filed 05/23/25     Page 22 of 38

Meet and Confer                                    Shawn Padilla v. MGM Grand Hotel, LLC, et al.

39:13

**discredit**
44:17

**discuss**
5:17
16:16
31:22
34:23
37:24
42:8
44:10

**discussed**
3:9 19:20
37:1
43:16
46:15

**discussing**
42:13

**discussion**
6:3 7:3
20:20
29:8
34:13
35:1,18,
19 36:23
44:8
47:21

**discussions**
8:7 9:22
10:17,18
33:19
35:25

**disdain**
14:23

**dispersions**
42:5
44:12

**distills**
41:3

**document**

14:11,15
21:22
23:7 41:2
45:9
46:10

**documented**
38:15

**documents**
25:18

**doing**
17:17
27:8
30:17
46:2 47:2

**done**
7:19
11:3,18
12:11
15:22
19:22
21:15
25:24
34:19
40:9 49:3

**Donrey**
16:24

**Dorney**
16:22

**Dovetailing**
28:20

**down**
4:8 41:3

**drafted**
9:19 29:1

**due**
6:24

**duplicate**
41:19

**during**
7:9 10:5,
14 13:23
30:22

43:12
44:11

**dutiful**
43:10

---

**E**

**each**
44:22

**earlier**
16:12
49:3

**early**
10:8 49:3

**easily**
19:21

**easy**
20:18

**edification**
13:20

**educated**
43:6

**effectuated**
25:19,24
26:16

**either**
6:9 8:13
10:16
11:12

**else**
4:9 12:3
49:7

**eluded**
30:25

**email**
7:16,19
8:14,20
12:15,16,
19,20,21
15:14,20
30:2

34:15,25
37:4 38:2
41:2,22,
23 42:21
43:2,9,18
47:14,16,
20

**emailed**
7:14

**emails**
5:12
8:15,19
10:14,19
11:10
15:24,25
17:18
29:15
36:19
37:14,17
38:4,10
42:10,11,
18 43:19,
24 44:7
46:16

**employee**
17:10

**employment**
3:18 4:7
6:10 11:5

**end**
18:7 20:8
25:2 35:5
39:20
49:9

**endeavor**
31:8

**ended**
16:8

**engaged**
14:4
18:12

**enjoyed**
7:12

**enjoying**
48:2

**equally**
34:13

**error**
8:9 39:5

**et**
7:9 17:24
18:13

**evaluate**
8:23

**even**
4:24 10:8
14:20
17:19

**ever**
4:24

**everybody**
18:4,9
26:19
41:23
47:14,17,
23

**everyone**
49:7

**everything**
15:21
33:11
42:3
48:24
49:2

**evidence**
32:13,15

**example**
33:10

**examples**
37:5

**exchange**
12:21
47:7

**exchanges**
12:16

34:15,25
39:2

**exclude**
33:11

**excluded**
9:22

**excuse**
43:21

**exercise**
8:3 47:9

**exhibit**
8:3 15:5

**expedite**
49:12

**expedited**
49:23

**explain**
8:11
32:10

**exploring**
7:7

**express**
14:23
34:17,25

**expressed**
5:2 8:24
14:2,6,17
15:9
19:24,25
28:7
29:18
33:24
36:21
39:8
42:16

**expressing**
17:25

**expression**
34:19



**expressions**
14:9
39:12

**expressly**
7:10

**extent**
3:9 6:12
11:11,18

---

**F**

**fact**
3:24
10:14,25
15:15
16:19
20:12,21
22:22
27:3,5,
20,23
29:17,21
30:14,17
31:21
35:6,11,
15,22
36:6,22,
24 38:20
39:24
41:17
42:25
43:4,8,
16,22
45:4
46:14,17
47:21
48:12,14,
18

**failure**
6:22 7:18
11:1

**far**
27:20
28:4,24
29:10,20
30:20
33:20

35:7

**fault**
29:2 39:6

**favor**
15:18

**federal**
6:25 29:2

**fee**
47:2,4

**feel**
33:17,23
45:1

**feeling**
44:15

**fees**
21:25

**few**
3:16
40:13

**field**
22:4

**figure**
40:15
42:3

**file**
26:19

**files**
3:18 4:7
6:10 11:5
17:10

**filing**
21:23

**finalize**
29:23
46:12

**finalized**
29:25
40:18

**find**
44:20

**finding**
33:14

**fine**
12:8 20:4
35:20

**finish**
8:9

**first**
7:18 8:1
9:6 10:4
12:5,10
20:10
32:8 35:8

**fit**
8:11

**flesh**
6:21

**flux**
27:16

**folks**
40:7

**follow-up**
9:15
47:14

**following**
44:8

**for**
3:11 4:4,
6 6:7,8,
17 9:3,20
11:13,16
12:12
13:7,17,
20,22
15:18
17:17
18:4
19:4,13,
17 21:16,
23 22:8,
10,23
24:11,21
26:4,21
27:3,6
28:3,17,
25 29:3,
8,17,23

30:15
31:5,7,
17,18,19,
21 32:8,
11,22
33:3,20
34:8
35:1,2,
15,19,21,
24 36:10
38:25
39:4,15
40:17
41:18
42:10
43:21
44:9,19
47:2,8,9,
15

**forget**
37:5

**form**
11:8

**formal**
27:25

**forth**
9:13
12:17
14:4
29:16
30:12

**forward**
22:24
25:3
31:10
32:4
34:11
40:4
41:21
47:22
49:2

**four**
43:14,15

**frame**
31:19
38:22,23

**frankly**
27:19

**from**
3:25
4:13,14,
15,24 5:8
8:6 9:18,
22 10:3,
19 11:21,
25 13:11
14:11
15:1,2,14
16:6 18:8
22:3
28:19,22
30:1,2,10
32:7
39:7,23
40:6,7,8
41:1,9,20
45:14
46:7,23,
24 48:22

**front**
26:21

**frustrated**
47:24
48:3

**fully**
13:22
29:2

**further**
8:23

**future**
5:18

---

**G**

**gaming**
3:17 4:5,
7,9,16,
23,25
5:3,9,13,
15,23
6:1,6,12

7:12
10:3,5
11:5
12:12
17:19
19:15
20:2
28:23
30:4,5
45:16

**garner**
14:19

**gave**
24:20,21
37:4

**GCB**
36:10

**generally**
6:18
20:20
31:18

**get**
3:5 6:3
9:10
10:25
16:1 19:8
20:19,25
21:1,7
27:23
31:13
32:24
39:1
40:6,7
42:6
48:16
49:2,22,
23

**get all**
4:20
29:17
32:2

**gets**
15:22
29:4

**getting**
16:5 30:6

Case 2:22-cv-02109-RFB-EJY    Document 99-5    Filed 05/23/25    Page 24 of 38

Meet and Confer                          Shawn Padilla v. MGM Grand Hotel, LLC, et al.

48:21

**give**
7:3 9:1
12:1
29:13
31:25

**given**
11:15
21:18
22:22
28:10
29:6
37:16,18
38:23
39:12,24
40:23
48:11

**gives**
7:20 9:23
10:21

**global**
33:18

**go**
8:9 12:9
17:18
19:18
22:24
24:9,18
25:3,10
28:23
31:9
36:19
39:23
40:4,6,7,
14 41:9,
13 42:2
45:15
46:12
47:22
48:22

**God**
44:13

**going**
3:16,20
6:14 8:12
13:6

15:20
17:10
20:14,15
21:2,4,5
24:20,22
27:4,17
28:2,16,
19,22
29:1,3,15
30:11,14,
19 34:16
35:14,23
36:7 40:3
41:10,11,
16,18,21
42:1,6
46:12
47:2,4

**gone**
27:13
28:10
40:24

**good**
33:10
47:13
48:6
49:24

**gosh**
16:7
33:25
46:23

**got**
12:15
16:12
18:9
26:20
36:16
39:4,18
40:12
43:1,2,11

**gotten**
35:6

**grave**
7:6,20
9:23

**great**

26:25
47:9

**guess**
29:9
32:3,21
39:20
40:8

**guidance**
27:24

**Gutierrez**
8:21

**guy**
46:24

**guys**
5:3 17:1
23:6
33:22
34:1,13
39:18,23
42:11,18
43:24
47:6,7,
16,17,18
48:8,11

---

**H**

---

**hadn't**
40:11

**handle**
27:23

**happen**
13:1

**happened**
8:23 11:6
12:17

**happening**
27:18
46:23,24

**happy**
35:17

**harass**
21:15

**harassing**
25:1

**hash**
34:17

**having**
16:15
33:18
35:2,18
36:20
38:25
39:14
46:19

**headway**
6:15

**hear**
32:18
39:18,19

**heard**
5:1 18:9
33:25

**hearing**
15:6

**heated**
7:4

**held**
43:13

**helpful**
41:7

**here**
4:10
10:14
12:9
13:16
14:10,18
16:21
18:1,16
19:6
24:14,15
28:9
31:11
45:6,12
48:24

**here's**
16:20

41:3,4,5
47:2

**hey**
12:14,20
30:3 39:4
42:24
46:3,4

**hiding**
46:6

**himself**
14:20

**hold**
25:11
42:11
48:25

**honest**
21:3

**Hornbuckle**
3:19 5:22
18:22,25
19:12
20:3,10,
18,23
21:7,9
22:2,7,
13,18,24
24:1
28:21

**Hornbuckle's**
19:13
23:5
37:25
39:9

**host**
3:7,12
22:18
23:13

**how**
3:23 7:8
11:22
14:12
19:1
25:13,19

31:22
32:4,10,
23 40:15

**However**
34:18

---

**I**

---

**idea**
22:3 48:6

**ideas**
14:1

**identified**
19:20
36:24,25

**identify**
32:23

**identity**
5:7,13
37:11

**if**
3:12 4:1,
2,5,10,24
5:13,19,
23 12:14
13:12
15:4,6,21
16:22
18:2,10
20:4
21:19
22:7 23:4
25:18
27:2
28:15
30:11,14
31:12,13
32:7,24
33:20
34:8
35:16,19,
25 36:7,
13 37:17
38:10
40:1,2,5



Meet and Confer                                    Shawn Padilla v. MGM Grand Hotel, LLC, et al.

| | | | | | |
|---|---|---|---|---|---|
| 41:5,7,10<br>42:8,18<br>43:13,14<br>45:10,11,<br>13 46:5<br>49:7<br><br>**immediately**<br>13:2<br><br>**impasse**<br>17:3,9<br>22:25<br><br>**important**<br>11:17<br>32:13<br><br>**imposing**<br>13:25<br><br>**improper**<br>22:2<br><br>**in**<br>3:4,21<br>4:3,6<br>5:7,9,18<br>6:10,12,<br>23,25<br>7:9,11,<br>16,17,21<br>8:2,15,25<br>9:4,11,<br>15,16,25<br>10:9,10,<br>14,17,18,<br>20,25<br>11:2,7,8,<br>16,17<br>12:19<br>14:1,4<br>15:16,19<br>16:5 17:4<br>18:11,12<br>19:3,9,<br>24,25<br>20:20<br>21:9<br>22:12<br>23:14<br>26:1 | 27:1,7,<br>10,14,16,<br>18 28:1,<br>7,17<br>29:5,7<br>30:7,14,<br>16 31:8,<br>25 32:13<br>33:3,13<br>34:2,7,<br>15,24<br>35:7<br>36:5,20,<br>23 37:4,<br>12,14,17,<br>24,25<br>38:4,7<br>39:2,13<br>40:16,24<br>41:17<br>42:3,6,<br>19,23<br>43:3,9,24<br>44:20<br>45:21,23<br>46:16<br>48:8,19<br><br>**inadvertent**<br>8:4,5,8<br>39:5,8<br><br>**inadvertently**<br>12:25<br>16:4<br>18:15<br><br>**inbox**<br>42:23<br>43:9<br><br>**incident**<br>37:12<br><br>**include**<br>15:7<br>18:20<br>45:19<br><br>**included**<br>9:16 | 34:7,15<br>43:24<br>46:16<br><br>**including**<br>10:20<br>44:7<br>45:21,23<br><br>**incorrect**<br>4:11<br><br>**independent**<br>23:25<br>33:22<br>34:5,6<br>45:7<br><br>**indirectly**<br>26:5<br><br>**individuals**<br>5:14<br>23:13<br>27:9<br>41:16<br><br>**inform**<br>14:15<br>46:1<br><br>**information**<br>6:7,9,17,<br>19 7:11<br>8:6,22<br>10:10<br>22:9<br>23:13,16<br>35:12,16<br>46:14<br>48:17,22<br><br>**initial**<br>10:7<br><br>**innocent**<br>8:6,9<br><br>**innocently** | 16:4<br>18:13<br><br>**input**<br>6:4 49:7<br><br>**instructed**<br>14:3<br><br>**insular**<br>20:10<br><br>**insult**<br>44:19<br><br>**insulting**<br>44:21<br><br>**intent**<br>21:18,20<br><br>**intention**<br>13:11<br>25:12<br><br>**intentionally**<br>11:18<br>18:13<br>21:16<br><br>**interact**<br>34:1,2<br><br>**interacted**<br>45:6<br><br>**interacting**<br>45:18<br>46:1<br><br>**interaction**<br>14:12<br>34:5,6<br><br>**interactions**<br>15:11,12<br>33:18,20,<br>21 | **interest**<br>19:24,25<br>28:7<br><br>**interject**<br>7:25<br><br>**interjecting**<br>13:24<br><br>**interjection**<br>48:24<br><br>**interpret**<br>17:4,5,6<br><br>**interpretall**<br>21:14<br><br>**interrupt**<br>8:13<br>25:12<br><br>**investigated**<br>43:12<br><br>**involved**<br>4:21 5:9,<br>24 10:17,<br>18 18:23<br>19:3<br>37:12<br><br>**involving**<br>18:24<br>19:7<br><br>**irrelevant**<br>24:17,25<br><br>**issuance**<br>9:9 21:19<br><br>**issue**<br>4:9 6:15<br>7:6<br>10:13,16<br>11:10,11,<br>12,25<br>13:12,14 | 16:17<br>18:3<br>20:11<br>21:1<br>22:10<br>28:20<br>29:8 32:4<br>38:1<br>39:24<br>41:21<br><br>**issued**<br>3:17,19<br>5:21,25<br>9:19<br>10:23<br>28:22<br>37:6 38:1<br><br>**issues**<br>3:7,13,<br>16,20,21,<br>22 4:5<br>6:5,21<br>11:16,22,<br>24 18:2<br>19:7<br>20:11,16<br>34:4 36:1<br>40:1<br><br>**it**<br>3:7,9,14,<br>15 4:12<br>5:15,25<br>6:15,16<br>7:5,8,15,<br>17 8:1,3,<br>4,5,7,8,<br>10,25<br>9:12<br>10:1,14,<br>23 11:4,6<br>12:7,20<br>13:1,2,10<br>14:15,21,<br>25 15:1,<br>2,3,17,22<br>16:3,8,<br>12,13,18,<br>19,21,22, |



Case 2:22-cv-02109-RFB-EJY    Document 99-5    Filed 05/23/25    Page 26 of 38

Meet and Confer                              Shawn Padilla v. MGM Grand Hotel, LLC, et al.

23,24
17:5,6
18:17,19
19:10,14,
15,22
21:7,19
22:4,11,
12 23:8
24:2,16,
20 25:9,
15,22,23,
24,25
26:2,3,6,
12,15,19
28:4,25
29:16,25
30:1,8
34:14,18,
21,24
38:19
39:2,7,8,
18 42:9,
10,12,22
43:15,23
44:14,17,
18,20,22
45:15,20,
23 46:5,
15,22,23,
24 47:1,
3,5,19
48:6
49:5,7,
20,21,22,
23

**it's**
4:6 5:24
13:14
14:17
16:10,14
18:16
21:2,10,
11 22:4
24:5,16,
18,25
25:1 28:6
30:15
32:21
33:14

34:2
36:15
39:10
40:18,19
42:20,23
44:12,16
47:8,14

**items**
28:17

**itself**
6:11

---

**J**

**join**
6:12 30:7

**jump**
4:3 28:7
36:5

**juncture**
22:25

**June**
36:12

**jurisdict
ions**
44:20

**just**
5:1 9:24,
25 12:6,
17 13:20
17:20
20:24
21:1
24:18
25:3,4
26:21
27:19
28:12
30:8,25
32:6,20
33:14,16,
17,24
34:4,5
35:20
36:5,15,

19 38:4,
24 39:10
40:18
41:22
42:2,15
48:24
49:21

**justifiab
le**
21:16

**justified**
25:7

---

**K**

**Katie**
31:8 33:7
36:9,14
38:14
41:7

**keep**
13:11

**kept**
13:24,25
15:1,2

**kind**
3:24 4:3
29:13,20,
24 30:8,
15,25
41:20
48:24,25

**kinds**
41:19

**know**
4:1,19,24
5:10,12,
22 6:14
9:25
10:19,24
13:10
14:9,12,
22 20:14
22:3
25:11,13

26:15
27:4,14
28:2,12,
23 29:5,
17 30:11,
12,16,24
31:22
33:9,18,
25 35:16
36:7 40:2
42:24
45:10

**knowing**
11:6
30:14

**knowledge**
21:11
43:6

**known**
9:18 10:7

---

**L**

**L.J.**
3:4 12:6
40:11

**language**
17:8

**last**
17:15
18:18,19

**late**
31:7

**law**
6:18
17:4,5,8
18:11
26:4,7
44:19

**lawfully**
26:10

**Lawrence**
9:14
12:18
13:21

14:4,5
32:17,20
33:5,7,8
36:4,15
38:14,21,
24 39:15
42:14

**Lawrence'
s**
12:18
39:12
42:16

**lawsuit**
3:4

**lawyer**
17:21

**lawyers**
17:22
33:19

**learned**
16:6

**least**
41:13

**leave**
13:6 29:8

**led**
23:13

**left**
15:15
22:4
27:15
36:16
41:8

**less**
39:13

**let**
7:24
13:10
20:4,5
27:4
33:25
40:2 41:7
42:24

**let's**
12:14
15:3
24:9,18
25:3,10
42:9
46:22
47:1

**letter**
8:2 9:1,
4,5,7,9
12:15
41:2
45:14

**letters**
8:18
45:10

**licensee**
7:12

**light**
44:18

**like**
14:9,12,
22 17:7
20:9 25:4
29:24
34:5
36:6,12,
16 38:22
39:10
40:14,22
41:6
44:22,25
45:10,20,
23 47:12
49:8

**limit**
40:15

**line**
30:16

**lines**
36:4

**list**
33:14
36:6



Case 2:22-cv-02109-RFB-EJY    Document 99-5    Filed 05/23/25    Page 27 of 38

Meet and Confer                         Shawn Padilla v. MGM Grand Hotel, LLC, et al.

listed
  5:12
listen
  39:4
litigatio
n
  34:3
little
  12:7
  29:3,14
live
  36:5
logical
  48:4
long
  21:3
  33:20
look
  27:22
  31:9 41:6
  45:18
looking
  32:8,11
  36:16
  40:17
looks
  36:6
lot
  20:11
  27:17

_____

        M

madam
  49:11,17
made
  8:15
  13:25
  16:4 23:1
  24:12,16,
  24 34:24
  35:9
  42:10,12

Maier
  8:20
make
  6:14
  15:3,22
  17:1,3
  32:14
  37:16
  46:5
makes
  48:15
malfeasan
ce
  18:12
manager
  37:10,11,
  12 38:6,8
mandates
  17:24
manner
  17:4
March
  7:5,13
  9:2,3,4,
  6,9 10:23
  16:5
  18:15
mark
  8:3
matter
  10:9
  15:19
  16:13
  17:11
  21:11
  23:9
  33:14
  44:23
maybe
  4:15 5:2,
  10,11
  9:20
me
  7:20,24

9:1,23
10:4,11
12:11,24
13:12,17
14:6,11,
14,15,20,
25 15:2,
24 18:10,
22 19:4
24:17
25:5
26:7,14
27:2
29:20
31:25
32:7,18
34:25
35:21,23
39:18
40:2,24
42:5
43:21
44:12,14,
17,18
45:9,16
46:2,9,
10,11
49:18,19,
21,23
mean
  17:22
  20:24
  21:11
  26:20,25
  27:1
  28:15
  30:16
  33:19
  34:12
  35:5
  36:5,12
  40:21
  48:4,7
meanie
  46:25
meaning
  5:3 16:15
  23:22

meet
  3:6,10,15
  6:21 9:8,
  11,15,16
  10:15
  11:2
  12:24
  13:1,3,5
  16:8
  18:24
  19:6
  20:25
  21:20
  24:19
  25:2
  29:24
  36:20,21
  37:15,19,
  21 38:17,
  25 39:10,
  21 41:24
  42:1,7,
  10,11,19
  43:7,13,
  22 44:9,
  16 45:1,3
  46:13,19,
  20 47:4,
  11,15,21
  49:2
meeting
  3:8 32:1
  43:1,3
member
  19:1,16
  23:17,19
members
  23:21,23
mention
  13:19
merely
  45:14
meshed
  33:13
MGM
  3:4 5:8

18:25
19:13,16
20:1
22:19
23:20,22,
24 24:1,3
32:7
33:21
39:16
43:10

MGM's
  5:4
MGM00041
  22:15
Michael
  12:13
midweek
  31:7
Mike
  28:6
  31:5,10
  32:5
mind
  23:18
minded
  22:12
mine
  39:7
minutes
  35:19
mischarac
terize
  40:1
misdeed
  14:16
misidenti
fied
  23:11
misinform
ed
  23:12
misplaced
  34:21

misspoke
  12:21
mistake
  8:9 15:17
  16:5
  18:14
mistaken
  4:6 16:23
  23:4
mistakenl
y
  16:20
moment
  9:2
month
  43:23
  44:6,9
  46:15
more
  27:1
  29:14
  31:25
  36:2
  38:12
  45:15
most
  24:1
  48:15
motion
  3:11
  11:13,16
  17:11,12
  21:5,23
  23:6
  24:6,7
  25:4
  27:17
  28:21,25
  29:7 36:2
  40:3,19,
  23 41:10,
  11 42:3
motions
  24:19
  28:24



Case 2:22-cv-02109-RFB-EJY    Document 99-5    Filed 05/23/25    Page 28 of 38

Meet and Confer                                    Shawn Padilla v. MGM Grand Hotel, LLC, et al.

move
  12:3
  17:1,2
  32:4 49:1
moved
  32:20
Mr
  3:3,5 4:4
  6:4 7:4,
  22,23,24
  8:7,10,25
  9:5,14
  12:5
  13:8,20,
  23 14:6
  15:9,10,
  11,12,15,
  16,18
  16:1,10,
  20 17:14,
  16 18:25
  19:5,10,
  12,13
  20:3,7,10
  22:2,7,
  15,18,24
  23:5,14
  24:1,10,
  12 25:11,
  21 26:14,
  17,20,24,
  25 29:12
  30:1 31:4
  32:5,19
  33:2,6,16
  34:21
  35:4
  36:14,18
  37:20,22,
  23 38:3,
  14 39:7,
  9,15,17,
  19 40:10,
  21 41:22
  42:14
  44:2,4
  47:6,11,
  12,13,20,
  24 48:1,

  3,23
  49:6,9,
  10,11,14,
  15,17,21
Ms
  9:14
  12:23
  13:21
  14:4,5
  15:11,12,
  25 16:1,7
  30:2
  32:17,20
  33:5,8
  36:4,15
  38:14,21,
  24 39:12,
  15 42:14,
  16
much
  11:11
  14:12
  34:18
  47:6
multi
  34:3
multiple
  17:20
my
  3:3,25
  6:20 8:6,
  17,24
  10:10
  11:25
  13:10
  14:20
  15:14,21
  16:7
  18:2,3,5
  20:8
  21:10,11
  22:10
  24:12,22
  25:12,14
  28:6,19
  29:16
  31:1

  32:3,20
  34:20
  37:4,17
  38:3,11
  39:5
  40:14
  41:20
  42:10,18,
  21 43:9,
  18,19,24
  44:13
  46:16,23
  47:2,4
  48:5,13

———————

N

Nahabedia
n
  4:4 7:22,
  24 13:8
  16:1
  17:16
  19:10
  22:15
  24:12
  25:21
  26:17,24
  33:16
  36:14,18
  37:22
  38:3
  41:22
  44:4
  47:13
  48:1
  49:14
Nahabedia
n's
  34:19
name
  3:3
  12:10,18
  15:16
  34:19
  37:5

named
  18:18
  19:20
narrow
  4:8
near
  5:18
need
  3:10
  5:16,17
  8:22
  11:12
  15:4,6
  19:2,5
  20:24
  24:14
  25:11,13,
  18 27:7,
  23 30:3
  41:13
  48:8,17
  49:12,22
needs
  14:7
  18:23
  29:6
  40:19
negative
  42:5
  44:12,18
  45:8
neither
  33:17,22
Nevada
  4:7,9,16,
  23,25
  5:3,9,13,
  15,23 6:1
  12:12
  17:19
  19:14
  20:2
  30:3,5
  45:16
never
  10:1,6

  14:2
  17:23
  18:9 26:2
  43:1,2
next
  13:23
  16:9
  17:13
  26:13
  31:7
  34:10
  35:20
  39:11,22
  42:1
  46:21
  47:1,5,
  10,18,19
  48:4 49:3
NGCB
  17:10
nine
  36:8
no
  6:8 7:23,
  24 8:19
  13:25
  17:17
  18:4
  19:17
  20:25
  21:10,16
  24:10,14
  29:2
  34:4,5
  35:6
  36:15
  39:6,10
  45:8
  46:4,19,
  21 49:21
nobody
  18:8,12
Nona
  12:13,18
  28:6
  31:10
  32:6,16

  33:16
  47:6
Nona's
  31:5
nonetheless
  15:9
  34:22
nor
  8:12 9:10
not
  4:3,5
  5:24
  7:14,15
  8:4,12
  9:16,24
  10:10,22
  12:25
  13:10
  14:3,4
  15:10,13,
  24 16:1,
  5,23
  19:13,14
  21:4,12
  23:4,21,
  22 24:14,
  15,20,22
  25:12,16
  26:5
  27:5,11
  28:16
  29:23
  30:4,12
  31:24
  32:19,21
  33:11,18
  34:2,10,
  16 35:10,
  25 36:8
  39:25
  40:2,18
  41:7,10,
  18 42:1,
  13 43:4,
  14 44:16,
  22 45:9,
  13,16

Case 2:22-cv-02109-RFB-EJY    Document 99-5    Filed 05/23/25    Page 29 of 38

Meet and Confer                    Shawn Padilla v. MGM Grand Hotel, LLC, et al.

46:9,10,
14 48:1,7

**notes**
40:14

**nothing**
6:1 39:20
40:24
45:15
49:9

**notice**
5:21 6:23
7:15,19
9:10 10:2
11:1
15:13
18:21
19:11
20:6 23:3
24:22
25:22
26:18
28:9
37:17
41:15
48:9,14,
20

**noticed**
5:7

**notices**
48:13

**notify**
46:9

**notwithst
anding**
15:15
16:19
33:23

**now**
13:8,12
14:22
15:18
16:10,11,
13,14,15,
17,21
17:1,13,
18 18:2,

17 19:18
20:2
24:5,9
25:9
26:13
27:14
28:10
31:12
35:18
37:4,13
38:10,16
41:24
42:7,8,
15,18
43:1,2,
10,18,22
45:2,17
46:12

**nowhere**
42:6

**number**
11:25
17:9

---

O

---

**object**
16:21,22,
23,24

**objected**
10:8

**objecting**
40:18

**objection**
6:13 8:18
9:4 11:15
13:25
14:13

**objection
s**
13:24
35:25

**obligatio
n**
21:1

**obtain**
11:4

**obviously**
3:10 5:16
6:5 11:20
12:18
17:3 21:8
27:18
29:14,19
31:15
32:13
38:22
41:18
47:24
48:6,19
49:4

**occasions**
36:22

**occurrenc
e**
34:2

**of**
3:5,7,13,
21,24
4:3,13,18
5:6,7,13,
14,21
6:3,9,11,
17,20,23,
24,25
7:1,4,5,
7,10,15,
17,19
8:2,18
9:7,9,10,
25 10:3,
5,7,8,22
11:4,12,
19 12:1,
9,16,23
13:7,10,
15 14:1,
11,19
15:7,13,
19 16:5
17:11
18:7,10,
11,21,25

19:1,2,
11,16,18
20:6,7,8,
11,16,19,
22 21:2,
7,14,19,
21 22:4,
17,18,19,
20,24
23:3,8,9,
13,17,18,
21,23,25
24:3
25:2,17
26:8,15,
18,21,22
27:6,8,9
28:8,16
29:2,13,
17,20,22,
24 30:7,
8,15,17,
25 31:1,
23 32:2,
13,25
33:11,14,
17,22
34:7,17,
19 35:5
36:4,22,
23,24,25
37:2,6,8,
9,11,17,
19,21,23,
24 38:10,
20,25
39:1,5,7,
10,12,16,
17,21
41:2,12,
19,20,23
42:9,16,
22,23
43:5,6,8,
16,18,20,
21 44:15
45:7,19
46:16
47:8,9
48:7,17,

24,25
49:20

**off**
8:12 19:8
20:25
27:15
35:10
41:8

**offer**
29:10
48:5

**offhand**
28:12

**office**
4:15 7:14
8:16,17,
20 10:18,
20 11:15
13:9,12,
13,14,23
14:12,13,
14,23
15:10,13,
17 16:9,
11,20
18:3,6,8,
14,16,20,
21,23
19:2,7,
14,21,22
23:5
25:16
29:16
30:4,5,11
31:17
32:6 37:1
39:7
45:7,14,
15,20
46:3,6,7

**office's**
15:12
16:3 45:8

**officers**
23:23

**old**

44:9

**on**
3:12,20
4:2 5:12
6:4,15
7:4,13,15
8:9,12,13
9:6 10:8,
16,23
11:13,14
12:4,20
13:2
14:3,8,
10,17
15:6
17:22,25
18:5,9,
20,23,25
19:6,17
20:5
24:19
25:11
26:21
27:23,24
28:1,19
29:19
30:12
31:6,21
32:2,4
34:19
35:3
36:12,21
38:2,12
39:1,11
40:12,24
42:2
43:6,7,20
44:6,8
45:2,3
46:20
47:15,22
48:21,25
49:4,9,12

**once**
15:10

**one**
3:17
4:11,22

Case 2:22-cv-02109-RFB-EJY    Document 99-5    Filed 05/23/25    Page 30 of 38

Meet and Confer                                    Shawn Padilla v. MGM Grand Hotel, LLC, et al.

9:1 10:5
11:25
17:10,21,
25 18:5
19:5 21:7
29:1,9
30:17
31:16
33:12,17,
22 35:17
37:5
38:24
40:10
48:24
49:18

**one-off**
10:1

**only**
18:14
23:18
41:11

**open**
22:12
29:8
38:11

**operator**
37:7

**opportunity**
12:2

**oppose**
17:2 26:3

**opposed**
48:7

**opposition**
14:2,24
17:12
24:7

**orally**
5:2

**order**
11:14,16
17:12
21:24

29:1
40:16

**original**
29:24

**originally**
11:7,8
12:12
43:11

**other**
5:6 6:15
9:13
10:12
11:21
12:4
15:18
16:18
19:20
20:12
21:25
22:18
23:21,23
29:9
34:14
44:22
46:1

**others**
27:18

**Otherwise**
41:10

**our**
4:18,22
5:20 6:5
10:15
11:14
17:3
21:24
22:6
23:1,15
24:7,19
25:22
28:8 30:7
31:21
33:3,13
36:8,9
43:25
45:24

49:9

**ours**
42:17

**out**
5:12 6:2,
21 15:16,
20 16:8
17:18
20:5,19
21:1,7
22:4 23:2
24:6
25:21,23
26:2,12,
18 33:4,
14 34:17
39:4,6
40:15
41:23
42:3,11
44:4
47:13,23
48:12,20

**over**
15:23
24:19
27:13
28:11
31:13
40:5
43:14,15,
23 44:6,
8,20
46:15
49:22

**overlap**
4:16,22
5:1 27:25
28:14
31:16
35:23

**overly**
14:21

**overseen**
22:22

**overtly**

22:2

**own**
20:5,6
23:7,24
39:12

---

**P**

**p.m.**
7:17

**Padilla**
3:5 23:14

**page**
9:7

**paragraph**
7:18 8:2
9:6

**part**
4:18 5:15
6:20 8:2
10:6 15:6
19:2
37:23
41:23
42:9,23
43:16,20

**partial**
41:11

**participants**
9:11

**participate**
11:2,15

**particular**
10:9
20:17
30:21

**parties**
9:21
16:14
17:20
21:4

31:15
34:3
45:18,25
46:1

**party**
17:20,21
33:12

**past**
36:23

**pay**
47:2,4

**people**
5:11
19:24
22:19
25:3
33:15
37:2,18
39:16
43:25
46:17

**percent**
36:19

**perfect**
24:1

**perfectly**
21:3

**perhaps**
13:13
42:21

**person**
20:1 24:2
37:5,8,13
38:6

**personal**
21:10
22:9
25:16

**persons**
5:7 19:20

**perspective**
3:25 4:13
12:1

28:19
39:23
40:8
41:1,20

**perspectives**
23:25

**pertain**
17:18
19:13,14,
23

**pertains**
19:10,11,
12,15

**phone**
19:8 39:1

**picture**
3:25

**piece**
32:13

**place**
8:22 9:15
10:22
13:19

**plaintiff**
3:23 11:3
23:11
31:18

**plaintiff's**
6:22 10:2

**player**
32:9

**please**
7:24
18:11
19:3
22:10
26:14,16
42:24
48:1
49:2,13

**point**
19:9 20:8

Meet and Confer                                      Shawn Padilla v. MGM Grand Hotel, LLC, et al.

24:15
40:20

**pointless**
24:25

**portions**
11:4

**position**
6:6 13:25
18:11
22:6
23:1,2,15
24:23,24

**potential**
27:3

**potentially**
4:16 5:10
6:10
29:21
30:18

**practice**
3:11 21:5
25:4
27:17
28:21
29:7 36:2
40:4,19,
23 41:11,
12 42:4

**practicing**
33:19
44:19

**predicated**
45:3

**prejudice**
12:7
14:19

**prep**
31:21

**prepare**
27:6

**prepared**
34:12,13

**prepped**
40:7

**present**
46:10

**presented**
46:9,10

**pretty**
38:23
39:2 42:7

**prevented**
46:23,24

**previously**
43:12

**prior**
37:16
43:1,7

**privilege**
7:6,12
9:21

**privileged**
7:11 17:8

**probably**
5:14
33:13
40:3

**problem**
46:19,21

**Procedure**
6:25

**proceeding**
46:9
49:25

**process**
13:5
26:11

**produced**
11:8

**production**
10:8
21:22

**Professional**
7:1

**professionals**
44:23,24

**property**
32:24

**protected**
6:8,9,19

**protective**
11:14,16
17:12
21:23
28:25

**provide**
6:22 7:18
11:1
18:10
26:6,7,14
27:24
31:14
35:14
43:5

**provided**
7:15 8:17
10:2,10,
22 13:9
14:25
23:2,12
26:11
27:2
31:11,12
35:13,15
41:15
43:17

**providing**
28:8 43:4

**proving**
20:7

**prudent**
3:7

**punting**
45:4

**purpose**
3:5 13:15
34:7,15,
17 35:2
37:19,20,
22,23
39:3
47:16

**pursuant**
13:16
26:10

**put**
7:8 10:1
30:24
31:9
48:25

---

**Q**

**quash**
17:1,11

**question**
25:14
37:10
38:5 43:7
44:1

**questions**
7:7
24:10,14
29:18
30:18,19
37:17
43:25

**quick**
40:10

**quiet**
39:18

**quite**
40:13

---

**R**

**Raffi**
4:1 6:5
7:7,16
8:21
10:13
11:9
12:1,8,19
13:7 19:5
20:8
24:11
25:11
27:1
29:14
34:19
35:5 38:2
42:1
44:12,13
45:6,7
46:4,23
47:12,25
49:22

**Raffi's**
15:10,11
39:6,23
40:8

**raise**
10:12

**range**
31:8

**rather**
7:4 21:13
30:22

**rational**
25:7

**re**
38:7

**reach**
3:12

**read**
17:23
42:18
47:10

**reads**
15:4

**real**
39:18

**realistic**
36:13

**reality**
36:5

**realization**
16:4

**realized**
13:2
15:17

**really**
13:17
22:5
34:16
39:11,14
40:19
44:21
45:5 47:7

**reason**
3:13 5:23
13:18
17:17
18:4 20:9
34:8
39:14

**reasonable**
25:7

**recall**
27:20
28:9

**receive**
26:17

**received**
8:17,19
10:3
15:23
45:14

**recent**
5:20 8:15



Case 2:22-cv-02109-RFB-EJY    Document 99-5    Filed 05/23/25    Page 32 of 38

Meet and Confer                                    Shawn Padilla v. MGM Grand Hotel, LLC, et al.

recommend
31:5

recommend
ation
32:3

reconcile
d
36:1

reconvene
48:21

record
3:10 14:8
18:1
33:24
34:20
42:7,23

record's
24:12,13

recorded
13:16

recordings
32:12

records
3:18 6:7
11:4,20

recourse
11:21

rectified
15:17
18:16
34:21

redacted
10:3,9
11:8

reference
9:7

referenced
8:25
10:14

refers

23:7

regard
6:6 20:23
22:6,12
28:1,18
29:5
31:25
48:19

regarding
12:22

regulatio
n
17:24

related
7:10
37:15

relates
3:23 4:12
5:15 16:3
18:17
19:7 23:8
24:2

relating
3:6,10,18
6:22 7:7
8:21
10:12,22
12:2
20:16
21:11,24
22:10
26:22
27:15
28:20
35:6 36:2
38:1
41:12
48:11,13

relation
4:6 42:19

relevance
21:9

relevant
11:17
22:8

relief
11:21

remember
30:2
31:11
43:12

remind
43:18

reminder
13:21

rendered
14:10

repeated
10:13

repeatedl
y
15:16
39:8

report
3:18 4:8
6:11 7:11
10:3,9
11:5,7
13:8
17:10

reporter
3:8 13:16
14:18
35:3
38:18
42:20
49:12,15,
17,19,24

reports
7:8,9

represent
ations
8:15 35:9

represent
ed
25:17
48:16

representing
3:4 43:10

reprimand
37:7

request
6:17
11:19
13:17
43:21
44:8

requested
33:8

requesting
19:8
33:10

requests
5:2

reschedul
e
47:20
48:8

reset
16:10

resolution
40:12

resolved
39:25

respect
4:5 6:24
14:11
33:16
36:20

respond
35:4

responding
39:20

response
8:18 35:6
43:2,5,6,

24

Responsib
ilities
22:16

responsib
ility
22:21

rest
13:7

restart
13:5

result
21:6
28:22

results
3:11

retain
32:23

revealing
47:8

right
3:3 16:7,
14,15
26:1,25
28:9
31:12
32:16,17
36:13
41:24
42:7,15
43:9 45:2
49:11

room
9:20

roster
4:13 5:7
36:25

roundtable
20:19

rules
6:25 7:1
26:4,9,10

                S

said
7:25
12:6,14
13:6
16:7,10
25:15
26:2,3,5
33:17
40:2
44:2,14

same
17:22
18:7 25:5
28:15
33:10
35:11
38:6
41:16

sanctions
21:25
24:17
25:5

saw
38:4

say
8:7 12:2
13:21
17:7 20:3
25:3
30:19
33:25
34:4
35:20
38:16
39:4
40:11,13,
22 43:11,
20 44:12
45:6,17
46:2,4,22

saying
12:16
30:3,23
36:15



| | | | | | |
|---|---|---|---|---|---|
| 41:25 | **seem** | **sent** | 23:2 | **some** | **sorry** |
| **says** | 12:7 | 8:14 9:4, | **settlement** | 3:20 | 7:17 |
| 8:4,5,8 | 30:23 | 5 10:13 | 48:25 | 4:15,16 | 12:20 |
| 18:8 41:3 | 46:5 | 12:12 | | 5:6 7:3,7 | 16:24 |
| **schedule** | **seems** | 13:12,13 | **seven** | 9:12,23 | 25:12 |
| 31:18,19 | 9:7 34:18 | 15:14,19 | 36:6 | 13:17 | 30:4 |
| 34:24 | | 16:8,18, | | 14:16,19 | 32:20 |
| 35:15 | **seen** | 20 25:21, | **share** | 26:8 28:8 | 46:7 |
| 41:13 | 4:24 | 23 26:2 | 31:15 | 29:17,18 | |
| **scheduled** | 17:23 | 28:11 | 33:11 | 31:14 | **sort** |
| 5:18 | 30:10 | 33:4 35:5 | | 40:11 | 6:17 9:24 |
| 38:17 | **select** | 37:15 | **Shawn** | 41:2,12 | 12:1 |
| 40:7 | 47:17,22 | 38:2,4,13 | 3:5 | 48:9,21 | 14:19 |
| 42:20 | 48:9 | 41:22 | | | 20:7,19 |
| **scheduling** | | 42:11 | **short** | **somebody** | 26:8 |
| 3:20 5:6 | **Semenza** | 44:4,7 | 32:2 | 43:10 | 32:25 |
| 31:6,21 | 3:3,4 6:4 | 45:9,15 | | 44:19 | 41:2 48:7 |
| | 7:23 8:10 | 48:12 | **show** | | |
| **scope** | 17:14 | **separate** | 32:24,25 | **someone** | **sorts** |
| 14:1 | 19:5 20:7 | 28:17 | **sic** | 29:4 | 8:18 |
| **second** | 24:10 | 36:22 | 16:22 | 32:9,11, | 20:16,22 |
| 22:14 | 25:11 | | | 22 33:1 | 31:23 |
| 32:22 | 26:14,20, | **serve** | **significa** | 34:25 | **sought** |
| 35:9 | 25 30:1 | 12:25 | **ntly** | **something** | 6:7 |
| **secondly** | 31:4 35:4 | 18:15 | 17:5,6 | 9:24,25 | **sound** |
| 32:10 | 37:20,23 | 26:12 | **similar** | 14:7 | 48:3 |
| | 39:19 | 37:2,13, | 28:17 | 15:1,14 | **sounds** |
| **security** | 40:10,21 | 18 38:8 | | 26:8 27:7 | 45:20,23 |
| 37:11,12 | 44:2 | 43:25 | **similarly** | 28:11,13 | 49:24 |
| 38:8 | 47:11,12, | **served** | 9:16 | 30:21 | |
| **see** | 20,24 | 13:3 | **since** | 32:14 | **speak** |
| 8:11 | 48:3 | 18:21 | 5:24 17:9 | 40:19 | 13:4 |
| 11:20,22 | 49:6,11 | 24:6,18 | 22:19 | 41:6 | 32:6,9 |
| 12:14,17 | **send** | 25:13,14, | 25:23 | 45:13 | **specific** |
| 21:8 | 15:20,24 | 15 26:23 | 37:14 | **somewhere** | 6:15 |
| 22:11,12 | 20:5 | **server** | 43:20,23 | 30:16 | **specifica** |
| 41:8 | 26:18 | 26:11 | 47:19 | 31:8 | **lly** |
| **seek** | 33:5,7 | **serves** | **sit** | **Somps** | 22:9 |
| 6:9 11:21 | 35:21,23 | 23:20 | 24:14 | 9:14 | 38:19 |
| 24:17 | 40:5 | **service** | 28:9 29:3 | 12:13 | **spoken** |
| 25:4 | 47:13,16, | 12:14,16 | 45:6 | 32:5,19 | 27:5 |
| **seeking** | 19,23 | 21:21 | **sitting** | 38:14 | **stalemate** |
| 21:12,17, | 48:20 | 25:16,17, | 13:23 | 39:15 | 30:8 |
| 24 | 49:18,20, | 19 26:4, | 31:11 | 42:14 | **stand** |
| | 21 | 15,18,22 | **skating** | 47:6 | 27:20 |
| | **sense** | **set** | 45:2 | 49:10 | 28:4 |
| | 27:8 | 12:24 | **solves** | **soon** | |
| | 48:15 | | 41:21 | 16:6 | |
| | | | | 26:17 | |



Case 2:22-cv-02109-RFB-EJY    Document 99-5    Filed 05/23/25    Page 34 of 38

Meet and Confer                                Shawn Padilla v. MGM Grand Hotel, LLC, et al.

start
30:18

statements
13:7

statute
6:18
17:23
18:10
26:8

step
48:4

Stephen
31:10
33:2
39:25
40:22

Steve
4:1,10,15
12:5
15:24,25
29:12
31:4
34:12
39:17
41:1 46:4
48:23
49:6

Steve's
16:3
18:14
34:6

still
11:17
21:20
27:16
36:9,16
43:4
49:16

stopped
13:3

story
18:7

stream
12:19

strict
38:23

strike
44:5

strings
8:20

stuff
4:20
10:20
16:18,19
45:8

subject
24:19
40:3
42:2,22
43:8
46:20

submitted
4:14

subpoena
3:17,19
4:6 5:20,
25 6:7,
13,17,23
7:13,19
8:14 9:2,
18 10:23
11:20
12:12,25
13:4,5
15:13
16:5,11,
12,16,17
18:15,20
19:11,15
20:6
21:19,21,
22,23
23:3,4
24:21
25:18,21
26:10,12
28:22
38:1

subsequent

48:5

substance
27:11

substantively
27:5

such
6:13
46:24

sudden
39:10,17

suggestion
48:13

sum
27:10

support
18:11

supposed
15:24
44:23,24
47:22

sure
32:14
38:11
49:6,19

surprised
42:13

surprises
40:24

surreptitious
14:16
45:13

surreptitiously
16:18

surveillance
22:15,16,
20,21,23
23:8,9,

10,11
24:4
32:12,23
37:6,7,9
38:6,7

suspect
10:24

sustained
23:14

system
32:9 39:5

─────────

T

tactic
14:16

take
13:12
21:2 25:7
41:6
44:18

taken
14:18

talk
3:16
17:21
18:17,19
20:9 21:6
22:13
31:16,18
41:8
48:6,7

talked
27:13
28:11
41:4
43:23

talking
10:19
39:5

tee
11:12

telephone
18:23

34:8,9,23

tell
21:18
28:1
47:17

telling
20:24

testify
33:1

testifying
41:16

than
6:15 9:14
11:21
17:5,7
29:14
30:22,24
39:13

thank
17:17
26:24
44:13
47:6,7
48:23
49:5,11,
13,14

thankfully
34:20

Thanks
49:6

that's
3:13,24
4:9,10,11
5:4,5
11:25
12:8,19,
21 13:16
17:21
19:16
21:6
22:6,13
25:9,12,
20,24

26:12
27:20
28:4,13,
19 30:13
31:1
32:3,12,
14,17
33:3 34:7
35:8,12,
20 36:8,
10,12
40:2,3
44:1,8
48:6,18

them
5:24
14:14,15,
23,24
15:1 18:4
19:8,17,
23 20:5,
24 27:6
28:13
29:4,24,
25 31:22
32:1,25
34:10
36:25
42:15
45:11,12,
19,20
46:10

theme
45:19

themselves
19:23,25
30:9,22

then
4:3,12
5:5,19
9:5 12:3,
15 13:3
18:12
20:4
22:10
27:22
28:15



Meet and Confer                                    Shawn Padilla v. MGM Grand Hotel, LLC, et al.

30:8
31:5,10,
14,16,20
32:10
35:22
36:1,8
37:8,10
39:4,9
40:3,6
41:7,9,12
42:3 44:7
45:17

**there's**
4:8,16
5:6,23
9:20
16:11
17:16
18:2,4
20:11,19
21:5
24:14
25:6
27:17
36:6,16,
25 37:11
41:5,7,
10,11

**thereafter**
7:13 8:25

**therefore**
23:15
24:1 26:9

**these**
11:16,20,
22 29:15
30:17
32:2 33:4
34:9 37:2
39:1
41:12
42:25

**they'd**
49:8

**they'll**
28:15

**they've**
28:11
30:11

**thing**
10:12
16:21
18:7
32:25
35:8,9
40:10

**things**
8:19 12:6
20:16,22
28:10
31:23
34:9
35:17
39:2
40:23
41:19
46:7

**think**
3:13,19
4:8 6:5,
15,18,24
9:20
10:21
11:10
20:7,9,17
21:2,8
22:6,11
24:16,24,
25 32:8,
10 33:10
35:10
40:15,18
41:4,5,
12,20
44:3
48:4,6

**third**
5:19 6:3
9:6 39:11

**this**
4:19,20
6:20 7:3,
21 8:3

9:9,24
10:9,13,
25 11:7,
10,11,12,
18 12:5
13:15
14:10,18
15:5,22
16:15,18,
19 18:21
19:8,17
20:5,8,
17,20
21:11,14,
15,20
22:10,25
23:9,14
24:15,19
27:1,18,
22 29:8,
12 31:5
32:4,5,13
33:10
34:7,8,
13,17,22
35:1,3,18
36:20,23
37:15,19
38:5,16,
17,18,20,
25 39:5,
14,17
40:20,24
41:23,24
42:6,7,
10,11,19,
21 43:1,
3,11,12,
15,20,21
44:7,10,
11,15
45:1,7,
18,19
46:3,8,
13,20,21
47:3,7,
10,11,15
48:2,23

**those**

3:21
5:11,12,
14,17,18
6:5 7:9
8:18
11:23
12:11
20:16,22
27:9,15
28:4,24
29:10,17,
21,22
30:9,13
31:13,20,
23 33:8,
14 35:25
36:1,8
37:17
38:10,12
40:4,6,7
41:15,19
43:25
46:16

**though**
17:19

**thought**
3:7,14
4:18
12:20
14:15
34:11,22
38:24

**threatened**
25:4

**three**
24:9 25:9
36:16
40:14

**throes**
15:19

**through**
12:9,11,
24 24:18
28:10
29:2
30:23

31:9
40:12,14
46:12

**throughout**
46:8

**throw**
6:2

**tied**
40:6

**time**
9:3,5
19:9
31:19,25
32:2
38:13,22,
23 49:4

**times**
47:18

**Tipton**
7:4
13:20,23
14:6 15:7

**to**
3:6,8,9,
10,12,14,
16,17,18,
19,20,23
4:2,5,6,
8,12,20,
25 5:3,
11,15,16,
17,21
6:1,3,6,
9,12,13,
14,20,21,
22,25
7:3,7,14,
18 8:3,
12,17,19,
21,22
9:7,21
10:8,10,
12,21,22,
25 11:1,
2,9,11,

12,13,18,
19,21,22,
23 12:1,
2,3,4,6,
7,13,17,
24 13:4,
6,8,11,
14,17,23
14:1,3,6,
8,9,11,
12,13,14,
17,19,22,
23,24
15:1,2,4,
5,6,13,
20,21,24
16:2,3,8,
15,21,22,
23,24
17:1,2,4,
7,10,11,
12,14,18,
21,22
18:4,7,8,
9,15,17,
19,20,22,
23 19:2,
6,7,8,11,
12,14,15,
17,18,23
20:3,4,9,
14,15,17,
18,23,25
21:1,2,3,
4,5,6,9,
11,12,15,
17,19,20,
24 22:1,
6,7,10,13
23:5,7,8,
13 24:2,
7,9,14,
15,17,20,
22 25:4,
7,11,12,
13,16,18
26:1,5,7,
10,11,12,
18,21,22
27:4,6,7,

Meet and Confer                                    Shawn Padilla v. MGM Grand Hotel, LLC, et al.

9,15,17,
23,24
28:2,14,
16,20,22,
25 29:1,
3,4,5,6,
7,20
30:3,6,7,
8,14,19,
20,23,24,
25 31:8,
13,14,22,
23,25
32:2,3,9,
14,24
33:1,6,7,
16,24
34:4,9,
13,16,23,
25 35:4,
6,10,13,
14,16,17,
19,23,24
36:2,7,9,
19,20
37:7,8,
15,16,24,
25 38:1,
12,13,16,
18,22
39:1,4,6,
15,20
40:1,3,5,
11,13,15,
16,18,19,
22 41:4,
5,10,11,
12,13,15,
16,18,23,
25 42:1,
6,8,11,
16,18,19,
22 43:1,
2,7,19,
20,25
44:9,11,
13,17,18,
23,24
45:10,11,
12,17,22,

24 46:3,
4,5,12,22
47:2,3,4,
10,11,14,
19,22,23
48:5,6,7,
8,9,11,
13,17,19
49:8,18,
19,20,21,
22,23

**today**
3:13 4:2,
10 18:1,
16 33:24
34:10,17
36:11
37:16,19,
21 47:3,
22

**today's**
3:5
34:15,18
43:7

**together**
3:5

**told**
12:19
29:20
44:2

**too**
33:20

**took**
8:22 9:15
10:21
13:19

**topic**
6:2 17:13
20:17,18
28:3
30:21
36:23
37:1
38:18,20
39:11
43:15,20

44:7,10
45:2

**topics**
12:4
27:12,16
28:12,15,
17 29:19,
23 30:6,
9,10
31:3,9,
11,12,14,
17 33:3,
5,7,9,13,
21,22
36:3
40:12
41:12,18
42:8,9,
14,16

**touch**
3:20 4:2

**tracking**
32:9

**trained**
13:22

**transcribe**
3:8

**transcribed**
3:14

**transcript**
14:10,18
15:4,7
42:22
47:10

**tremendous**
44:19

**troubled**
41:25

**try**
12:24

**trying**
4:19
14:19
29:20
40:15
47:3

**turned**
39:6

**twice**
37:14

**two**
3:18 4:12
19:19,21
33:8,13
36:8,21
37:4,17
38:4 39:9
40:14
42:25
44:7,20
45:25
46:16

**type**
7:10

**types**
23:23

―――――
        U
―――――

**ultimately**
3:11
11:23
21:6
28:14
29:7
31:20
41:8

**uncommon**
34:2

**under**
38:22

**underhandedly**
46:6

**understand**
3:15 9:12
22:4
25:18
32:1

**understanding**
5:20
21:10
25:23
28:6 31:1

**understood**
4:14
15:20
34:8

**undertake**
3:23 29:7

**undertaken**
7:21 9:8
20:14

**undertook**
8:1

**unless**
20:2,24
30:16
43:5

**Until**
18:11

**up**
11:12
12:24
29:10
30:22
38:3
39:13
40:6 44:8
48:19

**upon**
5:8 6:18
13:1,4
16:22,23,
25 18:21

23:16
27:12
42:5
44:12,18

**us**
4:10
5:16,25
6:22 7:18
11:1,2,6
16:15
17:12
18:7,8
19:12
26:4
31:14
33:5,17,
22 34:2
35:14
39:1,4,15
41:3
42:24
45:7
47:8,9,
16,17,19

**use**
17:8

―――――
        V
―――――

**vacuum**
9:25

**various**
6:11

**verbiage**
40:16

**verify**
15:23

**very**
11:11
14:5
19:21
21:2
32:19
34:24
41:25
42:12,24



43:7,15
44:7,10
45:3 47:8

**via**
5:7 8:14

**video**
32:12

**viewpoint**
10:10

**views**
32:25

**violation**
6:24 7:1

**virtue**
11:12

---

**W**

---

**wait**
45:25
47:9

**want**
4:2 5:11
10:12
11:23
12:1,2,3
17:14
18:19,20
20:4
21:1,6
22:7
24:17
30:6,7
32:14,22
33:24
34:4
35:16,19
36:19
37:7
38:10,12,
16 40:1,
5,13 42:8
44:11
45:17,22,
24 46:4,
5,22

47:11,19
49:19

**wanted**
22:13
40:17

**wanting**
18:17
36:9

**wants**
3:23 20:3
46:3

**waste**
38:12

**way**
7:8 20:19
21:2,7,14
27:22
29:9,13
30:24
35:17

**we**
3:12 4:3
5:14,17
6:2,3,12
7:4,11,
14,15,25
9:10,16,
19,21
10:1
11:12,20
12:3,9,
11,14,15
13:2,3,4
15:4,6,7,
23 16:6
17:2,3,5,
6,20,21,
22 19:18
20:4
21:8,14,
23,24
22:1,25
23:1,2,6,
16 25:1,
6,21
26:1,2,5,
9,19

27:1,2,4,
7,8,14,
15,20
28:4,13,
23 29:7,
13,17,19,
22,23,25
30:3,13,
18 31:1,
5,6,13,
16,18,20
32:1,4,8,
14,22
33:11,21,
23,25
34:11
35:1,5,
15,24,25
37:7,9,10
39:19,21,
25 40:2,
6,11,12,
15 41:1,
3,4,5,8,
13 42:15
43:1,11,
12,17,19
44:4,6,
22,24
45:24
46:12
48:14,25

**we'll**
3:10 8:3
12:8 16:1
24:7 25:5
39:10
42:2
47:1,4,
13,20
48:16,20,
21,22
49:1,12

**we're**
3:16,20
6:14
16:15,21
17:9
18:16

19:6
20:15
24:20
28:16
29:10
30:17
32:11
34:16
36:13,20
38:22
39:14
40:9,17
41:18
42:1,13
43:3,20
44:23
49:4

**we've**
4:14 5:7
19:20
27:12
28:10
33:19
35:18
36:16,24,
25 45:23

**Wechsler**
49:1

**week**
31:7
34:10
35:1,20
39:11,22
42:2
46:21
47:1,5,
10,18,19
49:3

**weeks**
36:17
43:13,14,
15

**well**
4:19 5:11
8:10 9:18
13:20
16:2

17:14
19:5,19
31:3,6
32:19,21
33:25
34:24
35:4
37:2,20
38:20
40:21
44:1
45:18,20
47:14
48:4
49:18

**went**
12:17
26:12
30:8

**what**
3:9 4:25
8:23
10:16,21,
24 11:6,
18 12:2,
21 13:13
15:5
21:18
22:9
26:9,20
28:14
29:5,9,20
30:23,25
31:4,22
32:23
33:17
37:22
40:2,16,
17 41:3,
4,5,13
47:10

**what's**
7:8 28:19
45:5

**whatever**
28:3

**whatsoever**
8:8 13:11
39:7
44:17
46:21

**when**
6:3 10:23
12:19
13:1
17:18
25:2,13,
19 26:23
32:24
33:25
34:17
35:2
43:11
47:17
48:25

**Whenever**
47:12
49:23

**where**
7:5 13:24
22:3
25:19
27:14,20
28:4,23
29:10,19
30:13
31:1 41:8

**whereby**
9:14

**whether**
10:24
11:4,17
20:14,15
27:9,15,
16,24
28:11,25
31:23
35:22
38:16
41:15
48:17

Shawn Padilla v. MGM Grand Hotel, LLC, et al.

**which**
4:18 6:9,
23 7:14
8:2 9:1
11:6
12:18
14:20
17:4
19:19
20:25
22:2,23
24:3
27:25
30:6,25
31:20
34:20
35:12
38:24
39:6,11
41:14
43:3,9
44:13
45:13

**while**
8:17
23:21
29:3 33:9
42:3

**who**
23:10,12
32:9,11,
23 33:1,
14 36:7
37:5,6
38:6,11
44:13

**who's**
5:24
18:25

**whole**
3:7,12
34:7 35:2

**why**
3:13 5:22
10:19
17:17
18:22

19:16
21:6
22:13
31:6
33:11
34:16,25
47:16

**window**
41:14

**with**
4:5,9,16,
20 6:1,6,
23 7:19
8:7,16
9:13,22
10:2,22
11:1,23
12:8,10,
23 13:6,
12,19
14:11,13,
25 15:11,
12 16:17
17:20,24,
25 18:3,
5,6,7,10
19:21,22
20:8,12,
23 22:6,
18 23:2,
7,20,22
24:15
25:4
26:7,14,
19 27:2,
4,5,19,
24,25
28:11,13,
21 29:10
30:3,12,
13,23
31:2,8,
15,22
32:1,5
33:13,16,
20,21
34:1,2,3,
4,5 35:14
36:18,19

37:1
38:18,21
39:15
41:15
42:17,20
43:17
45:6,12,
18 46:1,
6,8,10,19
49:1

**withdraw**
6:16
24:20

**withdrawal**
11:19

**within**
23:23,24

**without**
11:6 26:4
30:13

**witness**
3:24
20:13,21
21:12,13,
15 27:3
28:2
31:24
39:24
47:21

**witnesses**
27:5,21,
23 28:8
29:18,21
30:14,15,
17,24
31:21
32:7
34:14
35:7,11,
12,15,22
36:6,22,
24 38:21
41:14,17
42:25
43:4,8,
16,22

45:22,24
46:13,14,
17,18
48:12,15,
18

**won't**
27:25
39:21
40:4

**wonder**
14:17

**wonderful**
14:5

**word**
7:25

**work**
28:13
31:6,21
48:21

**working**
28:1
32:21

**works**
13:22
32:10

**world**
26:1

**wrong**
9:20
23:12
27:2 32:7
33:23

**wrongdoing**
18:12

_____

**Y**
_____

**yeah**
12:16
30:19
32:17
39:19
40:8

42:16
48:20

**years**
44:20

**yep**
20:3

**yes**
29:22
43:11

**yesterday**
25:22,24

**yet**
4:25 9:21
27:6
44:11

**yourself**
46:8

LEXITAS™