# EXHIBIT 8

May 15, 2025 Meet and Confer Conference Transcript

**Shawn Padilla**

**v.**

**MGM Grand Hotel, LLC, et al.**

**Transcript of**

**Meet and Confer**

**Volume I**

**May 15, 2025**



**Our Services**

- Court Reporting
- Record Retrieval
- Legal Talent Outsourcing
- Registered Agent
- Process Services
- Investigations
- eLaw® Case Tracking
- Alternative Dispute Resolutions

lexitaslegal.com | 702-476-4500

Case 2:22-cv-02109-RFB-EJY   Document 99-9   Filed 05/23/25   Page 3 of 43

Meet and Confer                    Shawn Padilla v. MGM Grand Hotel, LLC, et al.

Page 1

```
 1              UNITED STATES DISTRICT COURT

 2                   DISTRICT OF NEVADA

 3

 4 SHAWN PADILLA, an           )
   individual,                 )
 5                             )
         Plaintiff,            )
 6                             )
         vs.                   )CASE NO.:
 7                             ) 2:22-cv-02109-RFB-BNW
   MGM GRAND HOTEL, LLC, a     )
 8 Nevada entity; ANDREW       )
   STEVENSON, an individual    )
 9 (Doe 1); KEVIN ADAMS, an    )
   individual (Doe 2); JERIMIAH)
10 TIPTON (Doe 3); DOES IV     )
   through X, and ROES I       )
11 through X,                  )
                               )
12         Defendants.         )
   _____)
13

14

15    VIDEOCONFERENCE MEET AND CONFER OF COUNSEL

16

17                   Taken remotely

18            on Thursday, May 15, 2025,

19          by a Certified Court Reporter

20                  at 9:02 a.m.

21

22

23

24 Reported by:  Trina K. Sanchez, CCR No. 933, RPR

25 Job No.: 60873, Firm No.: 116F
```

Case 2:22-cv-02109-RFB-EJY    Document 99-9    Filed 05/23/25    Page 4 of 43

Meet and Confer                                    Shawn Padilla v. MGM Grand Hotel, LLC, et al.

2

```
1 REMOTE APPEARANCES:
2 For the Plaintiff:
3
        STEPHEN G. CLOUGH, ESQ.
4   MAIER GUTIERREZ & ASSOCIATES
        8816 Spanish Ridge Avenue
5       Las Vegas, Nevada 89148
        (702)935-2656
6       sgc@mgalaw.com
7
  For the Defendants:
8
9       LAWRENCE J. SEMENZA, III, ESQ.
        KATIE CANNATA, ESQ.
10      SEMENZA RICKARD LAW
        10161 Park Run Drive
11      Suite 150
        Las Vegas, Nevada 89145
12      (702)835-6803
        ljs@semenzarickard.com
13
14      NONA M.L. LAWRENCE, ESQ.
        Deputy Attorney General/Gaming Division
15      State of Nevada
        Office of the Attorney General
16      1 State of Nevada Way
        Suite 100
17      Las Vegas, Nevada 89119
        (702)486-3420
18      nlawrence@ag.nv.gov
19
        MICHAEL P. SOMPS, ESQ.
20      State of Nevada
        Office of the Attorney General
21      5420 Kietzke Lane
        Suite 202
22      Reno, Nevada 89511
        (775)688-1818
23      msomps@ag.nv.gov
24
25
```

3

```
 1      ALL PARTIES APPEARING REMOTELY;
 2        THURSDAY, MAY 15, 2025;
 3            9:02 A.M.
 4            -O0o-
 5
 6      MADAM REPORTER:  We're on the record.
 7      MR. SEMENZA:  This is L.J. Semenza.  Our
 8 firm is the one that coordinated the reporting for
 9 the continued meet and confer conference here today.
10 I appreciate everyone getting together this morning.
11      I am sorry that Mr. Nahabedian is dealing
12 with a family issue, and we obviously wish him the
13 best, notwithstanding the contentiousness of this
14 litigation.  And, again, there are certain things
15 that are certainly more important than discovery
16 issues that we're here about today.  So our thoughts
17 are with him.
18      Kind of moving on, I just wanted to --
19 and, Stephen, I wanted to make sure you could put
20 anything you want on the record today relating to
21 our meet and confer conference.  My intention is
22 obviously to do the same.  So anyway, let me get
23 started unless anyone has any issues or questions.
24      I am in receipt of Mr. Nahabedian's email.
25 I believe it was sent last evening.  I don't agree,
```

4

```
 1 obviously, with the substance relating to his email.
 2 I think there are significant issues and concerns
 3 that I still have relating to the issuance of the
 4 subpoena to the Gaming Control Board without
 5 including us.  Those issues will be obviously
 6 addressed at a later date and time.  And it is not
 7 specifically at issue for purposes of today's meet
 8 and confer.
 9      Having said that, and moving on, I do want
10 to, before we get into sort of the deposition
11 issues, talk a little bit about the subpoena to the
12 CEO of MGM, Mr. Hornbuckle.  And I just want to make
13 sure that the record is clear relating to what has
14 taken place on that front.
15      I believe Ms. Cannata had sent an email on
16 May 2nd, identifying that, you know, we wanted to
17 see a copy of the subpoena and that we may be able
18 to go ahead and accept service of that subpoena on
19 Mr. Hornbuckle's behalf.
20      We had a conference call that was
21 transcribed, a meet and confer conference last
22 Friday morning, during which Mr. Nahabedian
23 represented incorrectly that Mr. Hornbuckle had been
24 served with that subpoena.  And he made repeated
25 references and representations that that subpoena
```

5

```
 1 had been served, which it had not been served.
 2      We, during that call, had represented --
 3 prior to Mr. Nahabedian's representations that the
 4 subpoena had been served, we mentioned that we would
 5 be willing to accept service of that subpoena.
 6 After we got the meet and confer conference, we
 7 contacted our client.  Our client indicated that
 8 there had been no such service to their knowledge.
 9 And we, by email, informed opposing counsel of that
10 fact and reiterated our position that we would
11 accept service and to stop any and all attempts to
12 serve Mr. Hornbuckle with that subpoena.
13      No one responded to our email.  It is my
14 understanding that there were service attempts made
15 to serve the subpoena at Mr. Hornbuckle's residence
16 on Friday evening, Saturday, and Sunday.  That on
17 Monday, I was informed that the attempts had been
18 made, and I reached out to Stephen and Legal Wings
19 immediately to suspend service.  And we ultimately
20 accepted service.
21      Obviously, the time relating to any
22 objections to that subpoena have not run, and it is
23 our intention, obviously, to object to the subpoena
24 that has been issued to Mr. Hornbuckle.
25      I am deeply concerned that, one,
```



Meet and Confer                                    Shawn Padilla v. MGM Grand Hotel, LLC, et al.

6

1 Mr. Nahabedian's representations during our meet and
2 confer conference on Friday were false.  I am deeply
3 concerned that the continued attempts to serve
4 Mr. Hornbuckle, notwithstanding our representations
5 that we would accept service, were meant solely and
6 exclusively to harass Mr. Hornbuckle and improperly
7 gain some sort of leverage in this case relating to
8 attempting to depose him.
9        And so I wanted to make that clear on the
10 record before we moved on to the other topics that
11 we're here to talk about today.  And as part of
12 raising the issues concerning Mr. Hornbuckle's
13 subpoena, we will obviously be taking that issue to
14 the Court and to seek some judicial intervention as
15 it relates to what took place and what happened.
16        So with that, I don't know if relating to
17 what I've already gone over, Steve, if you want to
18 comment or make some sort of statement or
19 representations on the record relating to that.
20 Otherwise, we can kind of move on and talk about the
21 depos.
22        MR. CLOUGH:  Just some quick
23 representations.  At the last meet and confer, we
24 were discussing Mr. Hornbuckle and service of the
25 subpoena notice of deposition.  I believe we said it

7

1 was out for service, and we believed it had been
2 served.  I don't think we ever made an actual
3 representation that it had been served, but we had
4 believed it was served because we had sent it over
5 to Legal Wings to send out.
6        Apparently, there was continued attempts
7 to serve the subpoena over the -- over that weekend,
8 despite the fact that you had sent -- L.J. or Katie,
9 I forget which one, but one of you had sent an email
10 saying, Hey, we'll accept service.
11       Due to my calendar after that meet and
12 confer and the following day, as well as
13 Mr. Nahabedian's family issues, we did not see that
14 email in a timely manner to let Legal Wings know not
15 to continue service.
16       Upon getting an email from Legal Wings
17 saying that, Hey, L.J., Mr. Semenza, had said, Hey,
18 I'll accept service.  Is that what you want us to
19 do?  We immediately responded, Yes.  Here's the
20 acceptance of service.  Send it over to L.J. and
21 stop all service attempts.
22       That's kind of how the timeline went.  You
23 know, it was not for any -- trying to gain any
24 advantage in the case.  Mr. Nahabedian expressed at
25 the last meet and confer his reasoning for wanting

8

1 to depose Mr. Hornbuckle.  I'm not going to repeat
2 those here, but that's how it -- that's all I really
3 wanted to add to that, and I just want to move on to
4 get to -- see if we can get the rest of this --
5 these issues we have going on as far as depositions
6 and 30(b)(6) witnesses going.
7        But thank you for the time, L.J.  I
8 appreciate it.
9        MR. SEMENZA:  Yeah.  And I'd just like to
10 just briefly respond very quickly to that.  And I
11 appreciate your comments, Stephen.
12        You know, Mr. Nahabedian has repeatedly
13 referenced -- and I'm thinking of one particular
14 example where he, I believe -- and I'm not
15 100 percent sure it was before -- immediately before
16 Mr. Tipton's deposition, that Mr. Nahabedian had
17 represented to me that this was his case, that --
18 and I obviously disagree with his statement, but
19 that, Mr. Clough, you worked for him, which
20 obviously is not the case.
21        So I think that my concern relating to the
22 Gaming Control Board subpoena and relating to the
23 issues of service of the subpoena relating to
24 Mr. Hornbuckle is our communications have obviously
25 not only been with Maier Gutierrez, and you

9

1 specifically, but also with Mr. Nahabedian.  And so
2 I don't think he can disaffirm his responsibilities
3 in this case and his conduct in this case, nor do I
4 expect that he would say otherwise.  So that's the
5 only thing I wanted to add on that front.
6        MR. CLOUGH:  Yep.  I wouldn't say I work
7 for Mr. Nahabedian.  My law firm is more like a
8 second chair.  He is in command of what happens in
9 this litigation.  We obviously have our input into
10 the litigation.
11        And, again, since you brought it up, L.J.,
12 I just need to mention it.  The subpoena to the
13 Nevada Gaming Control Board, that was completely my
14 error in not realizing that neither you,
15 Mr. Semenza, or Ms. Cannata was on that email.  That
16 was my oversight, and I corrected it as soon as we
17 had the telephone conference with somebody over at
18 the AG's office regarding that subpoena.
19        MR. SEMENZA:  And I appreciate that.  And,
20 again, my position remains the same, that
21 Mr. Nahabedian is counsel of record in this case,
22 and there's been things that have deeply concerned
23 me.  So regardless of whether it was sort of your
24 oversight, he is an additional set of eyes and in
25 control of this case and either should have or did

Meet and Confer                                                    Shawn Padilla v. MGM Grand Hotel, LLC, et al.

10

1 know that, essentially, the subpoena had not been
2 served on us. So I appreciate that. I understand
3 your position.
4         MR. CLOUGH: As I understand yours. Thank
5 you, Mr. Semenza.
6         MR. SEMENZA: Okay.
7         So we have a lot of depositions that
8 everyone wants to take in this case, and we have a
9 June 5th discovery deadline. And I don't have dates
10 yet from, Stephen, your office to depose the fact
11 witnesses.
12        It is my belief, and I don't think
13 anyone's said otherwise, that the 30(b)(6)
14 depositions would take place after the fact
15 witnesses' depositions are conducted. So I don't
16 know how we get those accomplished within the time
17 frame that we are obligated to get them completed in
18 at this point in time, being June 5th.
19        So I throw that out there in the sense
20 that I think we have to have a discussion about what
21 to do next given the deadlines. We will have to
22 take time to prepare our witnesses for their
23 depositions, and we don't know, frankly, at this
24 point in time what their availability is or could be
25 before June 5th. So we've got to confront that

11

1 specific issue, I think, as far as discovery is
2 concerned.
3         As far as the fact witnesses are concerned
4 and the number of depositions that you all want to
5 take on the plaintiff's side, there have been
6 discussions about going over the ten deposition
7 limit. There have been discussions about limiting
8 the time frame for those depositions. And I think
9 that given what we perceive to be simply a harassing
10 attempt to depose Mr. Hornbuckle, I think that
11 practically speaking, if you all want to take more
12 than ten depositions in this case, you're going to
13 have to go and seek an order from the Court.
14        So I wanted to throw that out there in the
15 context of how do we accomplish all of these fact
16 witnesses, these depositions going forward, and kind
17 of put that on the record that, Look, we don't see
18 any reason why Mr. Hornbuckle should have been --
19 should be deposed. He doesn't have any percipient
20 knowledge in this case. And we've thrown on the
21 record our respective positions, which we're not
22 obviously going to agree to.
23        So I wanted to make that clear that I
24 think that as part of whatever motion practice,
25 everyone is going to have to endeavor and begin.

12

1 One of those issues is going to have to be the
2 number of depositions given what has taken place and
3 what has transpired. So I throw that out there as
4 well.
5         Katie and I had an opportunity to go
6 through and look at the 30(b)(6) notice again and to
7 review our previous objections to that 30(b)(6)
8 notice. I anticipate -- and this is not set in
9 stone, but I'm trying to give you as much
10 information as I can ultimately relating to where
11 we're at, is that there will probably be three
12 30(b)(6) witnesses, separate witnesses, which would
13 all be encompassed within a single 30(b)(6)
14 deposition. So I'm not challenging that that would
15 constitute one deposition.
16        But we're going to have to get someone
17 from surveillance. We're going to have to get
18 someone from security, and we're going to have to
19 get someone relating to table games and the system
20 by which all the player tracking is done.
21        We do not anticipate, as I mentioned
22 before, although, I was, I think, a little bit more
23 equivocal on the issue, that given that some of
24 these employees have left, they've moved to
25 different resorts, that the fact witnesses that were

13

1 previously identified will probably not be serving
2 as 30(b)(6) designees relating to the topics.
3         And so as part of our discussions today,
4 depending on the scheduling and where we kind of go
5 with things, we can whittle down, and I can get a
6 little bit more definitive with my client at the end
7 of the day relating to the scope of the topics and
8 kind of go from there. So that's kind of where
9 we're at on that front.
10        I think, you know, Mr. Nahabedian had
11 mentioned, and I take issue with his assertions that
12 we were unprepared to move forward with the
13 discussion relating to the 30(b)(6) topics. And I
14 think -- and Katie reminded me as far as where we
15 left off before our last Friday conference call.
16        And I think back in March, if I'm not
17 mistaken, before Agent Tipton's deposition or right
18 around the time of Agent Tipton's deposition, we had
19 gotten together for a meet and confer conference,
20 and we had started to walk through the objections
21 that we had on a very, very broad basis.
22        That conversation and discussion then
23 shifted to whether we could mediate the case and
24 whether there would be a stay of the proceedings in
25 the context of a mediation. And so we never

Meet and Confer                                Shawn Padilla v. MGM Grand Hotel, LLC, et al.

14

1 completed that sort of discussion, and we never got
2 into sort of the nitty gritty and detail of that
3 discussion.
4        So that kind of brings us to today.  I
5 think -- I don't want to waste anyone's time here at
6 the moment, but I would like to understand the AG's
7 position and, Stephen, your position relating to how
8 we -- whether we can or how we could complete
9 discovery within the deadline or whether everyone is
10 on board with extending out deadlines and for how
11 long.  And then we can kind of bring the
12 conversation back into, depending on where we go
13 with that, what do we do about the 30(b)(6) topics
14 and where do we go.
15        Does that make sense?
16        MR. CLOUGH:  This is Steve Clough.  Yeah,
17 that all made sense.  I agree with you, what
18 happened on our last 30(b)(6) topic discussion, we
19 kind of faded off into the mediation discussion, and
20 then into the stay, and we didn't move forward with
21 any of this.
22        I do have a tentative list.  I've been
23 working with Mr. Nahabedian the best I could over
24 the last week or so figuring out days that we're
25 available.  Obviously, somebody had mentioned -- I

15

1 think it was Nona -- that I do shared calendar.  I
2 had a discussion with my staff, and nobody knows how
3 to do a shared calendar here in the office, so I was
4 unable to do that.  So the best I can do is just
5 this email thing that we've been doing all along and
6 trying to do dates and everything.  I can even share
7 my screen with the dates that I have up.  But I
8 tried to cram them all in between now and June 5th,
9 which I think is our deadline for discovery.
10        Many of them are going to be, like, two or
11 three or four of them a day.  Obviously, that is --
12 I don't have any problem moving discovery out or
13 stipulating between us to take a couple of the
14 depositions after the deadline, however that's going
15 to work.  I believe these depositions are necessary.
16        The only thing we need to figure out --
17 the only thing I didn't put in was the 30(b)(6)
18 deposition date because I didn't know how many
19 people there were going to be, which topics were
20 going to be discussed by each individual person,
21 could we have all three people in the room at the
22 same time and just, you know, go through all -- you
23 know, go right down the line during the deposition.
24 I just didn't know how to -- logistically, how that
25 was going to work for the 30(b)(6), so I didn't want

16

1 to even pose a date for that.  But I do have some
2 dates that both Mr. Nahabedian and I are available.
3 And, hopefully, you guys will be available as well.
4        I did have to move a few things around on
5 my calendar, as well as Mr. Nahabedian had to move a
6 bunch of stuff on his calendar to accommodate these
7 dates.  And when I say "these dates," it's because
8 of the deposition days that you told me that the --
9 your client, your employees, these deponents were
10 available.
11        Many of them were only available on a
12 Monday.  One is a Tuesday and Wednesday.  One is
13 Monday through Friday.  That's great.  But then
14 it's, like, Monday, Monday, Monday, Monday.  That's
15 the only days they're available.  So Monday was
16 tough, considering we have Memorial Day,
17 which is a Monday that's coming up.  So it made
18 Mondays really, really difficult.
19        But I have a proposed email --
20        MR. SEMENZA:  Can you --
21        MR. CLOUGH:  Go ahead.
22        MR. SEMENZA:  Can you email those to
23 everyone right now and then we can pull it up and
24 take a look?
25        MR. CLOUGH:  Absolutely.  You can see how

17

1 tech savvy I am here, so hold on.  Let's see.  L.J.,
2 Katie, Nona.
3        MR. SEMENZA:  And, Stephen, as you're
4 doing that, I have a couple of concerns in that
5 regard.  One is we do have an intervening holiday,
6 which is Memorial Day.  Mr. Nahabedian's got a
7 family issue.  I have a family issue as well that I
8 don't know what's going to happen with.  And so,
9 obviously, given the late date and time, I'm not
10 sure whether we'll be able to get all of this
11 accomplished.
12        And I do -- the other thing I will note is
13 that, I mean, there is going to be motion practice
14 relating to, I would anticipate, the 30(b)(6)
15 depositions.  There's going to be motion practice
16 relating to Mr. Hornbuckle.  There's going to be
17 motion practice relating to the Gaming Control Board
18 reports, and I'm assuming employment files as well.
19 So that's something that we need to kind of walk
20 through.
21        All right, Steve, I just received it.  I'm
22 going to print that now.
23        MR. CLOUGH:  Just to touch on what you
24 just said as far as Mr. Hornbuckle, the 30(b)(6),
25 and the employment files, I'm ready to discuss that

18

1 today.  Hopefully, we can settle it without motion
2 practice.
3        MR. SEMENZA:  You are ready or aren't?
4        MR. CLOUGH:  Are ready.
5        MR. SEMENZA:  Okay.  Got it.
6        MR. CLOUGH:  So I'm hoping to get
7 everything settled today.  What we can't get
8 settled, motion practice.
9        MR. SEMENZA:  Right.  Okay.
10        MR. SOMPS:  This is Mike Somps from the
11 AG's office.  And I'll just jump in as far as the
12 gaming agents and the discovery that we're
13 looking to do.  As we mentioned before, I think at
14 this point, the 30(b)(6) witness that we would be
15 interested in from MGM would be someone to testify
16 in regards to the player tracking system.  I don't
17 think that we're interested in any other type of
18 30(b)(6) witness.
19        As I've discussed with you, L.J., I think
20 that maybe we can accomplish the authentication of
21 the videos through some written discovery, and we'll
22 be preparing that and sending that off.
23        So I think, Nona, if you have anything
24 else to add, I think that that's what we're looking
25 for.  If there is some interest by MGM and Plaintiff

19

1 to extend some dates, I don't think that we're going
2 to have any objection.  But, otherwise, that's
3 everything I wanted to mention.
4        MR. SEMENZA:  Okay.  I appreciate it.
5 Let me grab this off the printer.
6        MR. CLOUGH:  Are we off the record?
7        MADAM REPORTER:  I can take us off the
8 record.
9        MR. SEMENZA:  You can take us off the
10 record, Stephen.
11        (A short break was taken.)
12        MR. SEMENZA:  All right.  So, Stephen, if
13 you're ready to talk about -- well, maybe I
14 misunderstood --
15        MS. LAWRENCE:  Can I jump in real quick?
16        MR. SEMENZA:  Go ahead.
17        MS. LAWRENCE:  Steve, are you not
18 interested in deposing Chris Pittet anymore?  He's
19 not on your list.
20        MR. CLOUGH:  Chris Pittet was somebody
21 that -- it's my understanding that Mr. Semenza and
22 Katie could not contact, didn't work there anymore.
23        MS. LAWRENCE:  Okay.
24        MR. CLOUGH:  So it's one of those things
25 where, you know, where we can either subpoena him or

20

1 not.  That's kind of where we're at.  What we're
2 working off right now are the painstakingly
3 difficult tasks that Katie and L.J. took to find
4 these people and to be able to get in contact with
5 them and get times and dates -- times in which they
6 were available.  So Pittet just happened to fall off
7 the list at the moment.
8        MR. SEMENZA:  Okay.  I'm just looking at
9 my calendar briefly to see what I've got going on.
10        MR. CLOUGH:  Just to kind of jump in.
11        MR. SEMENZA:  Yeah.
12        MR. CLOUGH:  I can be -- I can be
13 available from Wednesday of this week all the way to
14 June 5th.  I have people in my office that could
15 cover things that I'm doing.  So I can make myself
16 available for any time and day regardless of Raffi
17 Nahabedian's schedule, so I can take these
18 depositions.  So if any of these dates don't work,
19 I'm glad to move them.  This was just a starting
20 point so that we could discuss.
21        MR. SEMENZA:  Okay.  I am going to have to
22 look at my -- I mean, I'm going to have to look at
23 my calendar and that to see if any of those or all
24 of these are possible.  It's going to take me a
25 little bit of time.  So what I'm going to do is I'll

21

1 take a look and then see if any of these are
2 workable with the understanding that we're going to
3 have to prepare these witnesses, which is going to
4 take, obviously, an extended amount of time as well.
5        MR. CLOUGH:  If I may, L.J.?
6        MR. SEMENZA:  Yeah.
7        MR. CLOUGH:  Just real quick.  After
8 speaking with Mr. Nahabedian about these
9 depositions, we do not believe any of these
10 depositions will take more than two, two and a half
11 hours for each one of them.  The only reason I say
12 "two and a half" is because, you know, we have to do
13 the background stuff, where do you work, how long
14 have you worked there.  Then it's just going to be
15 maybe an hour or hour and a half with the
16 questioning.  So none of them are going to be that
17 long.
18        And if my math is correct, with these
19 depositions that we have here, and the depositions
20 we had prior, this only makes 11 depositions that
21 would be taken in this case.  It wouldn't be 12.
22 That's assuming Mr. Hornbuckle does not get deposed.
23        MR. SEMENZA:  Okay.  So let's back up a
24 little bit.  So what are you guys doing with
25 Mr. Hornbuckle?  What is your position relating to



Meet and Confer                                    Shawn Padilla v. MGM Grand Hotel, LLC, et al.

22

1 him?
2        MR. CLOUGH:  First of all, let me start
3 with you signed the acceptance of service.  And I
4 just want to make sure that Mr. Hornbuckle has got a
5 copy of the notice of deposition and the subpoena of
6 the --
7        MR. SEMENZA:  I honestly don't know
8 whether he has, but I have been authorized by my
9 client to accept service.  And it's my understanding
10 that this has gone all the way up the chain.  So I
11 have not personally spoken with Mr. Hornbuckle, but
12 I understand that he's aware.
13        MR. CLOUGH:  All right.  So I'm just
14 taking some notes here.  All right.  As
15 Mr. Nahabedian stated at the last meet and confer,
16 his reasoning behind wanting to depose
17 Mr. Hornbuckle was, one, he worked for MGM; two,
18 he's on the board; and, three, one of the documents
19 you had provided in discovery said that the board
20 oversaw the surveillance team.  That was the
21 reasoning behind Mr. Hornbuckle.
22        I shortened Raffi's dissertation regarding
23 the reasoning for wanting Mr. Hornbuckle just for
24 ease of today's meeting.  But after speaking with
25 Mr. Nahabedian, if there is somebody that could be a

23

1 30(b)(6) witness that could testify to what we
2 believe is the control that the board has over the
3 surveillance department, I believe that
4 Mr. Hornbuckle's deposition does not have to be
5 taken.  Or I should say -- I shouldn't say "I."  We,
6 meaning Mr. Nahabedian and I.
7        MR. SEMENZA:  Okay.  So I don't want to
8 mischaracterize what you're saying.  So your
9 position is if there is a 30(b)(6) witness that will
10 be provided to testify relating to the topics
11 identified in Mr. Hornbuckle's subpoena, that
12 Mr. Hornbuckle will not be -- that he would withdraw
13 the subpoena in that regard?
14        MR. CLOUGH:  Yes.
15        MR. SEMENZA:  Okay.  I just want to make
16 sure.  Okay.
17        MR. CLOUGH:  And I just needed to process
18 what you said to make sure that we're both on the
19 same page.
20        MR. SEMENZA:  As I sit here today, I can't
21 obviously agree to that necessarily.  I have to take
22 that back to the client.  I think, obviously, that
23 Mr. Hornbuckle individually is not an appropriate
24 individual to be deposed.
25        I know that we will have objections to

24

1 having a 30(b)(6) testify to these issues because I
2 think the board is not -- well, there's reference
3 that I think Raffi had indicated where the board of
4 directors are reported to by the -- or the security
5 department reports to the board of directors.  I
6 don't think that that's practically what takes
7 place.  I don't think the board of directors have or
8 get any information relating to what takes place in
9 the security -- or surveillance department, rather.
10 And I'm sure that the board of directors has no
11 information and no knowledge relating to the
12 specifics of this particular case.
13        But having you make that representation, I
14 can take that back to the client and determine what
15 they want to do in that regard.  One thing -- I
16 guess the question is:  If we are not amenable to
17 producing a 30(b)(6) witness relating to the topics
18 that are set forth in Mr. Hornbuckle's subpoena, are
19 you still willing to withdraw Mr. Hornbuckle's
20 subpoena and then we have, essentially, that fight
21 on the 30(b)(6) issue, or is it your intention that
22 if we don't agree to produce a 30(b)(6), that
23 Hornbuckle -- obviously, that subpoena remains in
24 effect?
25        MR. CLOUGH:  Well, let me start off by

25

1 saying this:  In the disclosure MGM00043, it says,
2 "Establishment, maintenance, and use of a
3 surveillance department photo subject file.  Under
4 the authority and direction of MGM Mirage Board of
5 Directors, there shall be established and maintained
6 within the monitoring of the surveillance
7 department, a ready reference photo file using a
8 corporate computer database named iTrack."
9        That is one of the reasons.  There's a
10 couple of other references to the board that we
11 believe the board of directors is in charge of all
12 that stuff.  If you're telling me there's a
13 different person that would be a 30(b)(6) witness to
14 testify to things like this, I have no problem
15 vacating Mr. Hornbuckle's deposition, but I need
16 somebody to testify to.
17        MR. SEMENZA:  So -- and I get what you're
18 saying.  So I guess just to boil it down, I need to
19 know whether you're independently withdrawing the
20 Hornbuckle subpoena, and then we will have a
21 discussion about the 30(b)(6) relating to this
22 topic, which we may very well object to, in all
23 candor to you.  Or it's a -- it's an either, L.J.,
24 you agree to produce a 30(b)(6) on this issue or we
25 won't withdraw the subpoena to Mr. Hornbuckle.



26

1 That's kind of what I need to know.  And maybe you
2 can't answer that question, as you sit here, because
3 obviously, I have to talk to my client as well,
4 but...
5        MR. CLOUGH:  You are correct.  I am not in
6 a position to answer that question --
7        MR. SEMENZA:  Okay.
8        MR. CLOUGH:  -- without Mr. Nahabedian's
9 decision.  I can try to text him right now and see
10 if he would agree to that.  But that -- you know, I
11 cannot say yes, we are going to independently
12 withdraw it, and then fight to try to get the
13 deposition that we're seeking.
14        MR. SEMENZA:  Okay.  All right.  Well,
15 find that out, and I will pose those scenarios to my
16 client and see what concerns or what their position
17 is on that one; okay?
18        MR. CLOUGH:  Okay.  Thank you.
19        MR. SEMENZA:  Anything else on Hornbuckle?
20        MR. CLOUGH:  Not from me.
21        MR. SEMENZA:  Okay.  And then was there
22 something that you wanted to discuss relating to the
23 Gaming Control Board subpoena?
24        MR. CLOUGH:  We kind of already put that
25 on the record.

27

1        MR. SEMENZA:  Okay.
2        MR. CLOUGH:  That was something that, you
3 know, I sent out the -- I sent out the subpoena to
4 the Gaming Control Board, mistakenly not putting
5 you, Mr. Semenza, or Ms. Cannata on that email.  We
6 had the discussion with another attorney involved
7 that was in charge of it.  And during that, she
8 said, Hey, you need to serve MGM because they have
9 a -- for lack of a better term, dog in the fight.
10 And I was like, Oh, crap.  You're right.  We didn't.
11        As I went back through all the emails, I
12 think it was the very next day, I sent it out to
13 you.  We ceased all the communication with the AG's
14 office, didn't exchange any documents, didn't do
15 anything.  I sent it over to you, and then,
16 obviously, we got into this meet and confer we're
17 on.
18        MR. SEMENZA:  Okay.
19        MR. CLOUGH:  But nothing has been
20 exchanged, nothing has been discussed, nothing has
21 been determined as to whether we're going to be
22 getting those things or not.  I did have a
23 conversation with Mr. Nahabedian about the employee
24 files.  I don't -- I do not believe we are going to
25 need the entirety of the employee files.  I think

28

1 we're going to limit that subpoena to any
2 reprimands, terminations, things like that regarding
3 issues that are prevalent in this case, which would
4 be, you know, false imprisonment, things like that,
5 people being injured.
6        MR. SEMENZA:  Okay.  No, and I appreciate
7 that.
8        So, I mean, the short story is you guys
9 are not going to withdraw the subpoena to the Gaming
10 Control Board.  There may be some limitations
11 relating to the employment files, but that is
12 obviously something we are going to have to have
13 motion practice on?
14        MR. CLOUGH:  Yeah.
15        MR. SEMENZA:  Okay.
16        MR. CLOUGH:  That is assuming that the
17 Nevada Gaming Control Board document we got -- we
18 received from the attorney general -- the Attorney
19 General's office, you're not going to allow us to
20 see any other part of that document other than the
21 part we've already seen.
22        MR. SEMENZA:  Yeah.  And that's right.
23 Our position is you guys aren't entitled to anything
24 at all in addition to, obviously -- and I don't --
25 it is what it is, but, I mean, the redacted report

29

1 that was produced, my position is it shouldn't have
2 ever been produced as part of the case anyway.  But
3 that's water under the bridge.  It is what it is.
4        But, no, our position remains that the
5 Gaming Control Board report and -- you know, I have
6 less of an issue, on behalf of my client, relating
7 to the employment files.  But I do think that at the
8 end of the day, those would arguably be privileged
9 as well.  But, yes, we have and will maintain an
10 objection on that front.
11        MR. CLOUGH:  Okay.
12        MR. SEMENZA:  Okay.  All right.  So --
13        MR. CLOUGH:  Just since we're on the
14 record, I just want to put this on the record.  This
15 is hearsay because it's information I got from
16 Mr. Nahabedian, but when he was discussing this case
17 with the prior AGs that were on this case, not the
18 people that are sitting here today, he was saying,
19 Hey, I need the names of the people that showed up
20 to MGM's property on that day.  And that's what she
21 provided, was the complete redaction other than that
22 one sentence that had the names.
23        MR. SEMENZA:  I understand.  Yeah, I mean,
24 before Mike and Nona got involved, there were
25 certain things that happened.  And so I understand



Meet and Confer                                  Shawn Padilla v. MGM Grand Hotel, LLC, et al.

---

30

1 that. It's neither here nor there at this point in
2 time, but, yes, I understand your position.
3       Okay. If we are not able to accommodate
4 this schedule that you sent over, practically
5 speaking, given that there are three weeks today to
6 complete discovery -- and this isn't "if," because I
7 need to go through and look. Here's, I guess, my
8 initial perspective if we are going to push out the
9 dates. I will potentially be gone, given my family
10 issue, for part of June. What that looks like, I
11 have no idea. And I don't know whether it will
12 require me to travel at all, depending on what
13 happens.
14       I do have a trip planned that I will be
15 out of the country from July 7th through August 4th.
16 And then I've got a son that is going to college in
17 August that I will need to be a participant in. So
18 in the context of all of that, there's going to be
19 the motion practice relating to probably the
20 30(b)(6) witnesses, the Gaming Control Board report.
21 If we're not able to agree on the Hornbuckle issue,
22 all of that is going to need to be briefed.
23       And given the caseload that the Federal
24 District Court has, I don't anticipate getting an
25 adjudication of those motions for a considerable

---

31

1 amount of time. Probably no earlier than the end of
2 summer.
3       So if the parties are willing to stipulate
4 to extend out the discovery, my preference would be
5 that we extend it out through the end of October,
6 which will then give us ample time, I believe, to
7 get the fact witnesses deposed, the motions done,
8 the 30(b)(6) depositions completed, depose experts.
9 And that still needs to be undertaken. I think
10 currently, the rebuttal expert disclosure is June
11 5th, which doesn't really give anyone an opportunity
12 to depose rebuttal experts.
13       So I would put forward that we stipulate
14 to extend out the discovery deadline until October
15 and the dates that follow. End of October, frankly.
16 And that's something, if everyone is amenable, that
17 we can work on a stip to do so.
18       If that's not something that we can agree
19 on today, I get it, since Mr. Nahabedian is not on
20 the call. Notwithstanding that sort of suggestion,
21 we'll go back and take a look as to, practically
22 speaking, whether any of these guys can get prepped
23 and deposed before July 5th as well.
24       So I throw that out there for any thoughts
25 or comments.

---

32

1       MS. LAWRENCE: We --
2       MR. CLOUGH: I have a thought and a
3 comment. If I may, Nona.
4       MS. LAWRENCE: Sorry.
5       MR. CLOUGH: That's okay. I haven't muted
6 myself the entire time until I -- unless I coughed.
7 So I figured I just -- I think L.J. and I are kind
8 of the stars of the show here. No disrespect, L.J.
9       I have no problem extending the deadline
10 for the close of discovery. My issue becomes what
11 are we extending? Is it just the close of discovery
12 so we can do these depositions? Or are we extending
13 rebuttal experts, you know, dispositive motion? I'm
14 assuming it's just, Hey, we need to get depositions
15 done and get this motion work done. That's the only
16 thing that we're extending discovery for?
17       MR. SEMENZA: Well, we would be extending
18 discovery to complete the fact witness depositions,
19 the 30(b)(6) depositions, the expert depositions,
20 and have a road map on the motion practice that we
21 are going to be obviously engaging in, which will
22 then, depending on the outcome of that motion
23 practice, dictate what additional discovery takes
24 place.
25       So if you guys end up getting the report,

---

33

1 then there may be discovery relating to that. If we
2 can't agree on the 30(b)(6) relating to the board,
3 or we are going to have to have the Hornbuckle
4 fight, then obviously if the Court says, Yes, you
5 get to depose him, then obviously we'll reserve our
6 rights relating to that. But that may obviously
7 lead to some additional discovery in that regard.
8       So I would propose moving all the dates
9 out. I mean, we're not going to reset -- the
10 initial expert disclosures have been set. I think
11 that from a timely standpoint, the rebuttals are
12 baked in. So everyone knows that we can get those
13 accomplished by June 5th. It would be for those
14 depositions primarily. But experts, from my
15 perspective, would essentially be closed subject,
16 obviously, to getting the rebuttals done on June
17 5th.
18       MR. CLOUGH: Yeah. I have no problem with
19 that. Obviously, it would -- any stipulation to
20 continue the close of discovery out until October
21 would be contingent upon any Court ruling. And as
22 you said, you know, if the Court said, Hey, you get
23 this report, I'm allowed to have this report, then I
24 may have some written discovery to do or maybe
25 another 30(b)(6) of an AG or you, I don't know, but

---

34

1 so long as the experts are done, we're not going
2 down that road again. And it's strictly dictating
3 and Court rulings that are going to dictate the
4 remainder of discovery. I have no problem with it.
5        MR. SEMENZA: Okay. Nona, did you want to
6 comment on all that?
7        MS. LAWRENCE: Yeah. I just wanted to
8 ask: Are you envisioning waiting to set the
9 depositions until after the Court rules on whatever
10 motions are presented or we're going to start
11 setting all those depositions while the motion
12 practice is going?
13        MR. CLOUGH: If I may?
14        MR. SEMENZA: Go ahead.
15        MR. CLOUGH: Fact witnesses, I don't think
16 it makes a difference. You know, they're fact
17 witnesses. They're -- whatever facts they're going
18 to -- doesn't really matter on what's being ruled
19 upon. It would be the Hornbuckle and the 30(b)(6)
20 depositions that might be affected by --
21        MS. LAWRENCE: So we're going to start
22 setting --
23        MR. CLOUGH: -- motion pleadings.
24        MS. LAWRENCE: Okay.
25        MR. CLOUGH: That would be my plan, unless

35

1 someone has other thoughts.
2        MR. SEMENZA: No. I think that obviously,
3 subject to availability, let's get the fact
4 witnesses done in a timely fashion. I mean, this
5 stipulation is not going to impact -- whatever
6 motion practice there is, is not going to impact
7 that these individuals are going to be deposed other
8 than potentially whether you exceed the ten depo
9 threshold and those sorts of things.
10        And in light of your proffer of
11 withdrawing potentially the Hornbuckle subpoena,
12 then that may change our perspective on that. I
13 don't know as of yet.
14        But, yeah, that's kind of my perspective
15 on it. Let's get the fact witnesses done.
16        MR. CLOUGH: That brings up one more
17 question that you did already raise. I'm just not
18 sure if you definitively answered. If it's going to
19 be 11 depositions, are you going to make us file a
20 motion to do the one extra one?
21        MR. SEMENZA: I don't know as of yet,
22 depending on what happens. And I'm going to be very
23 candid with you on this. The attempts to subpoena
24 Mr. Hornbuckle have changed my client's perspective
25 about this case and our ability to work together on

36

1 this case. So I need to talk with them about that.
2 And I can't definitively say, as I sit here now,
3 especially given sort of that offer that was made,
4 but I presume if we were -- if your position was
5 we're going to have to have a fight about
6 Hornbuckle, then sort of all bets are off.
7        Obviously, given your position has changed
8 a little bit, that might soften my client's sort of
9 thoughts on where we kind of go. So I will get back
10 to you on that issue.
11        MR. CLOUGH: Thank you.
12        Mike, you're muted. What's up?
13        MR. SOMPS: Yeah. Hey, so going back a
14 little bit on the 30(b)(6) witnesses, I know that
15 L.J., or maybe it was Katie, sought to depose a
16 fourth 30(b)(6) witness.
17        How do you want to deal with that? Do you
18 want to proceed with that?
19        MR. SEMENZA: Our 30(b)(6) deposition of
20 your guys?
21        MS. LAWRENCE: Yeah.
22        MR. SEMENZA: If we don't have any
23 disagreements over the scope, those can be scheduled
24 within whatever time frame we want. If we're
25 extending everything out, there's no immediate

37

1 urgency. So I'd be comfortable taking that
2 deposition sooner or later or whatever the case may
3 be. I do anticipate we'll need someone. But as far
4 as whether it's three weeks from now, no, I don't
5 think so, if we're going to be agreeable to moving
6 everything out.
7        MS. LAWRENCE: Well, he's coming back
8 today from his vacation. He's prepped and ready to
9 go. So if you want to throw out a date, we can -- I
10 mean, that one might be the first.
11        MR. SEMENZA: Okay. If you guys want to
12 get that one knocked out, then, yeah, let's look at
13 our calendar on that too.
14        MR. SOMPS: Okay. And then as we
15 indicated, we wanted a 30(b)(6) from MGM for the
16 player tracking system. I just throw that out there
17 for discussion. Do we want to just hold off and see
18 how everything plays out or do we want to go ahead
19 and proceed with that deposition?
20        MR. SEMENZA: Yeah. Let's see how this
21 plays out, because, obviously, the fact witnesses
22 are going to need to go first. The 30(b)(6),
23 Stephen and I are going to have, obviously, to have
24 a conversation about the scope of those depos. We
25 have objections relating to those. So once those



38

1 are kind of resolved or if we can sort of limit and
2 agree to certain topics on that one, then we can
3 move forward.  But, I mean, I'm happy to work with
4 you, depending on how sort of Stephen's position
5 plays itself out.
6         MR. SOMPS:  Right.
7         MR. CLOUGH:  To be honest, L.J., I think
8 between the two of us, three if Katie's involved,
9 four or five if Michael and Nona are involved,
10 pretty sure we can get these topics ironed out.
11         MR. SEMENZA:  Okay.  All right.  I
12 appreciate it.
13         So does anyone -- if this is kind of the
14 route we're going to go on, is everyone on board
15 with agreeing to extend the discovery through the
16 end of October with all the dates to follow as far
17 as the dispositive motion practices, which remains?
18 We'll keep the expert disclosure deadlines the same.
19 So rebuttals would be June 5th, and we will endeavor
20 to work on scheduling the fact witnesses promptly,
21 followed by the 30(b)(6)?
22         MR. CLOUGH:  Yes, for Plaintiff.
23         MR. SEMENZA:  Okay.
24         MR. SOMPS:  For the agents, I think we're
25 agreeable to that.

39

1         MR. SEMENZA:  Okay.  All right.  So we
2 will prepare a draft stipulation on that front and
3 get that circulated and over to you all.
4         Okay.  So we're going to get back to you
5 on the fact witness dates and depositions.
6 Obviously, given our agreement to extend things out,
7 there's less urgency on that.  But I'll see if any
8 of those dates, frankly, work for any of them, just
9 so we can get something accomplished.  And then
10 we'll get back to you on that.
11         Do you want to walk through the 30(b)(6)
12 topics, Stephen, since we're here?
13         MR. CLOUGH:  Yes.  If we could, yeah.  I
14 don't want to spend too much time on it.  Obviously,
15 I think once we get through the first few, four or
16 five, we're going to have a pretty good handle on
17 what you're -- what we want and what you're
18 limiting, and we should be able to get through them,
19 so it shouldn't be that difficult.
20         MR. SEMENZA:  All right.  So let me start
21 by kind of walking through the topics, and then sort
22 of our objections, and let me -- give me a second
23 just to refresh on some of these topics.
24         So with regard to Topic 1 -- and I
25 understand Raffi responded to our objections --

40

1 here's the big picture issue, and this applies,
2 frankly, to all of the topics that we've objected
3 to.  Practically speaking, when you guys say all
4 information, all facts, all topics, I appreciate why
5 you did that, and it's certainly something that I've
6 utilized in my practice to make sure I don't miss
7 anything.  But what I would practically really like
8 is some sort of just clear as you can get, a
9 narrowed statement, what specific information are
10 you guys looking for, for these individuals to
11 answer.  Because I don't want to get into a
12 situation, and I can see this situation potentially
13 happening, where we've done the best we can, but
14 there's information that you guys want that we
15 didn't anticipate or specifics that we just don't
16 have the answer to.
17         So my general comment on that is if there
18 are things that you want, and my note to myself with
19 what specifically do you want in Topic 1?  So if
20 there's an opportunity to kind of just tell me in
21 just plain statement, Okay, here's what we're
22 looking at, and here's what we want, I can work on
23 it.
24         MR. CLOUGH:  I've had multiple
25 conversations about these topics outside of this

41

1 room, so to speak.  It is -- No. 1 is basically
2 saying, Hey, if you have surveillance, you track
3 them -- it's kind of like what Michael was talking
4 about, the player tracking system.  That's kind of
5 what this is going toward.  You knew when he walked
6 in the door.  You knew when he walked up to the
7 craps table.  You knew when he went up to his room.
8 You knew all of that stuff.  So we want to know the
9 information that you had in your possession about
10 his whereabouts, play, and time on the day of the
11 incident.
12         MR. SEMENZA:  So -- okay.  And I'm glad
13 we're having this discussion.  Is there anything
14 that you believe -- I guess part of the problem is
15 my understanding of the surveillance department is
16 that the surveillance department is, in most
17 instances, which would include this instance,
18 reactive as opposed to proactive.  So no one is
19 sitting there watching Mr. Padilla walk in the door
20 from, you know, his dinner date with his wife at
21 whatever hotel or restaurant.
22         And so I'm not understanding -- there's
23 not going to be any sort of information concerning
24 that.  The -- other than we identified that there
25 was a pinch that -- and here's what we did in



Meet and Confer                                    Shawn Padilla v. MGM Grand Hotel, LLC, et al.

---

42

1 response to that. We went back and looked at video.
2 So I -- again, I don't know that there's going to be
3 anything relating to that.
4       MR. CLOUGH: But that leads me into the
5 video that was provided. I'm assuming we all have
6 the same videos that MGM provided to everybody. We
7 discussed that multiple times.
8       MR. SEMENZA: Yeah.
9       MR. CLOUGH: But we've also discussed
10 that -- I believe it was Agent Adams at his
11 deposition said, Yeah, I went back up to the room.
12 We looked at some other video. We were able to zoom
13 in on the back of Mr. Padilla's jacket, which made
14 us realize we did not have the right guy.
15      MR. SEMENZA: Right.
16      MR. CLOUGH: I don't have that video that
17 Adam saw and zoomed in on his jacket. Hence the
18 reason for this question, you know, how is this
19 done? And I understand your statement meaning
20 they're reactive, but if there was a pinched bet and
21 the agents from the Nevada Gaming Control Board came
22 and watched video, that should have been video that
23 was kept. And we want to know on that day,
24 basically, why it wasn't kept.
25      But if you have information about where he

---

43

1 was, what he was doing -- I mean, you were able to
2 find out he was a guest in the hotel and what room
3 he was in. He went up to his room. That's the kind
4 of information we're looking for, No. 1.
5       MR. SEMENZA: Okay.
6       MR. CLOUGH: I agree with you, yeah, maybe
7 there isn't any.
8       MR. SEMENZA: Okay.
9       MR. CLOUGH: Also, some missing video that
10 we don't have.
11      MR. SEMENZA: Well, that -- yeah, and I
12 understand that -- that allegation relating to
13 missing video. And without digressing too far into
14 the whole thing, I mean, part of it is the illegal
15 conduct, the pinch that was undertaken by a third
16 party, and not Mr. Padilla. And so whether they
17 decided to keep video of the third party pinching
18 the bet is one issue.
19      The second issue is that Mr. Padilla, I
20 believe, identified he didn't want to file a claim,
21 which may have obviously impacted any decisions on
22 that front related to keeping video. But, again, I
23 don't want to get into that now.
24      I think I understand your point. Your
25 point is video preservation, what was looked at by

---

44

1 the Gaming Control Board agents at that point in
2 time, and whether there was three incidents,
3 surveillance of Mr. Padilla while he was on
4 property.
5       Is that fair?
6       MR. CLOUGH: That is 100 percent fair.
7       MR. SEMENZA: All right. Thank you for
8 the clarification. I appreciate that.
9       MR. CLOUGH: You're welcome.
10      MR. SEMENZA: All right. Number 3 was any
11 and all of MGM's --
12      MR. CLOUGH: Sorry, L.J. I never like to
13 interrupt, but I just want to make -- since we're
14 doing this, no objections to No. 2; correct?
15      MR. SEMENZA: I don't think we lodged any
16 objections to No. 2 at all.
17      MR. CLOUGH: Okay. All right.
18      MR. SEMENZA: If we're not talking about
19 it, then we didn't lodge an objection, and I'm not
20 retroactively going to turn around and say -- well,
21 you know.
22      MR. CLOUGH: Thank you.
23      MR. SEMENZA: Yes, we're going to 3.
24      MR. CLOUGH: Three.
25      MR. SEMENZA: All right. So my issue with

---

45

1 3 is it references alleged thefts.
2       MR. CLOUGH: I don't understand why that
3 is an issue. If we just said "thefts," would that
4 be okay?
5       MR. SEMENZA: No. And here's why. What
6 are you referring to by "thefts"? Are you referring
7 to gaming crimes --
8       MR. CLOUGH: Okay.
9       MR. SEMENZA: -- or are you --
10      MR. CLOUGH: Yes, gaming crimes. And
11 thank you. This might help out a lot because we
12 don't know your terminology. So, yes, what we're
13 looking at is, in this particular one, what you've
14 been calling "pinching a bet." We're not --
15      MR. SEMENZA: And then --
16      MR. CLOUGH: We're not looking for someone
17 who stole something out of the gift shop.
18      MR. SEMENZA: Okay. All right. I
19 appreciate that.
20      And then timing, is there a time frame by
21 which you're looking at this information?
22      MR. CLOUGH: Well, it's the policies and
23 procedures, so it would be the policies and
24 procedures that were in effect on, what is it,
25 December 26, 2020.

---

**LEXITAS**™

Meet and Confer                                              Shawn Padilla v. MGM Grand Hotel, LLC, et al.

46

1    MR. SEMENZA: Okay. All right.
2    MR. CLOUGH: I don't care about the ones
3 before. I don't care about the edits you made
4 after.
5    MR. SEMENZA: Okay. All right. I think
6 that answers my question relating to 4. That
7 narrows the scope. That's helpful.
8    MR. CLOUGH: That was 3.
9    MR. SEMENZA: I'm sorry, 3. Yeah, my
10 apologies.
11    MR. CLOUGH: That's okay.
12    MR. SEMENZA: All right. Let's move on to
13 No. 4.
14    MR. CLOUGH: Same thing. I believe your
15 same objections are going to apply to the alleged
16 thefts, which are pinching bets, gaming crimes. And
17 this kind of gets into what you were saying earlier
18 about, Hey, we didn't preserve the video of the back
19 of Mr. Padilla's jacket, for lack of a better way of
20 going through that entire dissertation, because he
21 said he wasn't going to -- but that's what this is
22 looking for.
23    MR. SEMENZA: Okay. Okay.
24    MR. CLOUGH: What's your mindset when you
25 save video?

47

1    MR. SEMENZA: Got it.
2    Well -- and this narrows the scope
3 considerably because we're, one, talking about
4 gaming crimes and whether there are policies and
5 procedures relating to specifically saving video for
6 gaming crimes. Okay.
7    MR. CLOUGH: Yes.
8    MR. SEMENZA: And the policies and
9 procedures that were in place at the time of this
10 incident.
11    MR. CLOUGH: Correct.
12    MR. SEMENZA: Okay. All right. Moving on
13 to No. 5. Here's the issue I have on this. Raffi
14 and I went back and forth on this. I thought this
15 was going to be an easy issue, but it's not.
16    Is there a legitimate dispute that there
17 was a gaming theft relating to the pinched bet? And
18 is there a legitimate dispute that we had to notify
19 Gaming Control Board or the Gaming Control Board of
20 the alleged theft? I think if --
21    MR. CLOUGH: That's statutory.
22    MR. SEMENZA: Yeah.
23    MR. CLOUGH: The second part is statutory.
24 If a pinch happened, you have to report it.
25    MR. SEMENZA: Right.

48

1    MR. CLOUGH: So, no, I do not -- we do not
2 deny that a theft occurred and that you were
3 required to call Nevada Gaming Control Board.
4    MR. SEMENZA: Okay. All right. So in the
5 context of that issue -- in the context of a gaming
6 theft occurred and we had to report, what are the
7 policies and procedures relating to accomplishing
8 that?
9    MR. CLOUGH: Correct.
10    MR. SEMENZA: Okay. At the time that this
11 event took place?
12    MR. CLOUGH: December 20th, 2020.
13    MR. SEMENZA: Okay. Katie, if you have
14 any thoughts or comments as I walk through these, if
15 I'm missing anything, just please jump in.
16    Okay. Let's move on to Topic 6.
17    MR. CLOUGH: This gets more into the
18 security side of what we've just been talking about.
19 After all the investigating -- policies and
20 procedures about investigating and apprehension.
21    So we kind of go from surveillance in, I
22 think it was 4 and 5 topics, kind of into security.
23 When surveillance does something, they pass it on to
24 security, I would assume. And what does security
25 do?

49

1    MR. SEMENZA: Okay. So part of what you
2 want is the relationship between surveillance and
3 security as far as those policies and procedures are
4 concerned, and factually what happens with the
5 handoff, essentially?
6    MR. CLOUGH: With the handoff, correct.
7    MR. SEMENZA: Okay.
8    MR. CLOUGH: And what determines whether
9 we're going to put them in a holding cell or we're
10 just going to, you know -- where are we taking them?
11 Are we just going to let him sit in his room until
12 we finish our investigation? You know, little
13 things like that.
14    MR. SEMENZA: Okay.
15    MR. CLOUGH: I don't want to limit it
16 strictly to...
17    MR. SEMENZA: Understood. Okay. All
18 right. I think that clarifies that one.
19    Topic No. 7, I think we would, one --
20 yeah, this is going to be objectionable. We're not
21 going to -- we're not going to produce a witness
22 absent a Court order on this one.
23    MR. CLOUGH: Well, I'm not going to
24 withdraw it.
25    MR. SEMENZA: Yep.



Meet and Confer                           Shawn Padilla v. MGM Grand Hotel, LLC, et al.

---

50

1       MR. CLOUGH:  Just to be clear, five years
2 of, Have you ever been, you know -- had a legal
3 action against you or administrative action against
4 you, for lack of a better term, arresting the wrong
5 guy?
6       MR. SEMENZA:  So let me -- and just to
7 kind of give you a little bit of context on that,
8 this one is so broad.  This isn't limited to
9 mistaken identity issues.  And I'm not saying I
10 could agree, even if it was limited to mistaken
11 identity issues, but I think the time frame is way
12 too long.  I think lawsuits, legal actions, or
13 administrative proceedings is way too broad because
14 there's been no determination of any liability on
15 that front.
16       And, again, I can't make the
17 representation that the limitations that we're
18 discussing, or potential limitations, would be
19 necessarily agreeable, but I've got, obviously, to
20 talk to the client about it.
21       But the administrative proceedings would
22 be privileged.  Any liability has not been
23 established by virtue -- go ahead.
24       MR. CLOUGH:  Let me just -- administrative
25 proceedings, I understand, after all the discussions

---

51

1 that we've had over the confidentiality issues with
2 those kinds of investigations between you and the
3 Nevada Gaming Control Board, I understand
4 administrative proceedings.  So let's just stick
5 with previous lawsuits, legal actions, and claims.
6       MR. SEMENZA:  Okay.  So even that, I
7 mean -- and, again, I appreciate the limitation, but
8 lawsuits and legal actions have no bearing on the
9 dispute in the sense that there's been no legal
10 determination of liability.  So I think that's
11 overbroad.  I think the time frame is way overbroad.
12 I think, obviously, there's no description of what
13 the term "theft" means, although I'm assuming it
14 relates to a gaming theft.
15       If this topic was limited to were there
16 other instances of mistaken identity involving a
17 gaming theft on the property where an individual was
18 detained, and the time frame by which you're looking
19 for is limited, then I think that I can certainly
20 talk to the client about whether we can get over or
21 through this.  But as it stands right now, the topic
22 is way, way too broad, and we'd object to that.
23       MR. CLOUGH:  Other than the time frame, I
24 agree with you.  Mistaken identity, being detained,
25 gaming theft, I 100 percent agree with all that.  I

---

52

1 do believe that the Discovery Commissioner in State
2 courts has many times given five years.
3       But what other time frame are you
4 suggesting that might be --
5       MR. SEMENZA:  I don't have a specific
6 objection -- suggestion, rather, but, I mean, it
7 would be probably three or two, is what I would look
8 at.
9       MR. CLOUGH:  I can probably agree to
10 three.
11       MR. SEMENZA:  Okay.  Let me get back to
12 you on that then.  Maybe we can nip that one in the
13 bud.
14       Anything else on Topic 7?
15       MR. CLOUGH:  I don't believe so.
16       MR. SEMENZA:  Okay.  Topic 10, we'd object
17 to because this relates to the premises liability
18 issue.  I think the Court's concluded that this
19 isn't a premises liability case.  So in that
20 context, one, we'd object.  And second, I don't
21 understand it.
22       MR. CLOUGH:  I guess this kind of goes to
23 more, like, a hotel concierge kind of person.  Do
24 you have policies and procedures for NOIR players
25 that are in effect that they get, you know -- I

---

53

1 could tell you this one has been discussed a couple
2 of times between Raffi and I, and we have come --
3 because he was a NOIR player, we want to know if
4 there's policies and procedures that mean he gets
5 treated differently than others.
6       I guess the health, safety, and welfare
7 and well-being of guests and invitees might have
8 kind of overbroadened that more than we were
9 shooting for.  But policies and procedures regarding
10 how you treat NOIR players.
11       MR. SEMENZA:  Okay.
12       MR. CLOUGH:  Because at the time, I
13 believe he was a NOIR player.
14       MR. SEMENZA:  Okay.  That is something I
15 can work with probably on that front.
16       MR. CLOUGH:  Okay.
17       MR. SEMENZA:  As far as, as a NOIR player,
18 are there any special benefits or treatments that
19 Mr. Padilla would otherwise receive that other
20 patrons of the hotel would not necessarily enjoy?
21 Now, that's vague in that sense, but if it's
22 tailored to, We don't put NOIR players in holding
23 rooms, is that -- I mean, that's kind of ridiculous,
24 but is --
25       MR. CLOUGH:  But, yes, that's what we're

---



Meet and Confer                                    Shawn Padilla v. MGM Grand Hotel, LLC, et al.

54

1 looking for.  We don't put NOIR players in a room
2 next to the elevator by the pool.  We put them in a
3 suite on the 27th floor.  They get free meals, they
4 get free rooms, depending on how much they gamble.
5 That's why I'm saying it's more like the post kind
6 of policies and procedures regarding NOIR players.
7        MR. SEMENZA:  Okay.  Let me see what I can
8 do on that front.
9        MR. CLOUGH:  I guess perks of NOIR
10 players, to put it in four words.
11       MR. SEMENZA:  Okay.  All right.  Let me
12 talk to the client about that one.
13       Topic No. 12, employment files of security
14 personnel who were in the security video office at
15 the time of the subject incident.
16       So there's a distinction -- and this is
17 rather immaterial, but there's a distinction between
18 security and surveillance.  I'm assuming you're
19 referencing surveillance and not security in this
20 particular one.  And as --
21       MR. CLOUGH:  True.
22       MR. SEMENZA:  As far as the employment
23 files, are you looking at discipline?  Is that what
24 you want to know?
25       MR. CLOUGH:  Yes.

55

1        MR. SEMENZA:  Okay.  Or anything else that
2 would, I guess, reflect upon --
3        MR. CLOUGH:  Their ability to do their
4 job, correct.
5        MR. SEMENZA:  All right.  Let me see what
6 I can do on that one.
7        Okay.  Topic 13.
8        MR. CLOUGH:  Just to start this one off,
9 this one confuses me as well.
10       MR. SEMENZA:  Okay.
11       MR. CLOUGH:  Because I believe this is --
12 it's assumed by one of the ones up above, where
13 we're talking about, Hey, how do you find these
14 people?  How do you track them down?  How do you
15 pick them?
16       But I think this might go just a little
17 step further than we actually added into the one
18 above, which is:  You tracked this guy.  I think
19 that's what this is going for.  But I think we added
20 it into the one above for tracking purposes.  Like,
21 Hey, someone pinched.  Let's figure out who this is.
22 Let's find the video of the guy, that kind of thing.
23       MR. SEMENZA:  Okay.  So this would
24 encompass -- obviously, there's some duplication
25 with the one that we talked about before, but this

56

1 would encompass sort of do we track players before
2 incidents take place or before issues take place,
3 generally speaking.  And then I'm assuming you want
4 to understand how Mr. Padilla was tracked going
5 backwards, so when did they start looking at him,
6 when did they stop looking at him, that kind of
7 stuff.  Okay.
8        MR. CLOUGH:  Yes, sir.
9        MR. SEMENZA:  All right.  That's helpful.
10       Is there anything that you can narrow down
11 for me about what you're looking at in Topic 14?
12 And there's not.
13       MR. CLOUGH:  Well, yes, maybe.  Somewhere
14 along the line -- and this is going to be a
15 commentary and then question, and then this is what
16 I'm looking for.  So bear with me for one second.
17       I think you said -- I think you called it
18 "pinched a bet."  Let's stick with pinched a bet.
19 Someone pinched a bet.  Someone up in surveillance,
20 an hour later, 45 minutes later, whatever it was,
21 reacted and, Oh, look, a bet was pinched.
22       I'm summarizing this, so don't take it as
23 being the factual scenario we have here.  Someone in
24 the surveillance office called somebody in security,
25 security calls the floor supervisor, they ask who

57

1 that person was there.  And, Hey, it's Shawn
2 Padilla.  Yeah, he's up in Room, you know, 1042.
3 Let's go up there and bring him down in a
4 detention center and call the Nevada Gaming Control
5 Board.
6        What do you do from that point forward?
7 That's the investigation conducted after the theft
8 and detention.
9        MR. SEMENZA:  Okay.  Would that include
10 the actual person that pinched the bet or the
11 investigation relating to the mistaken identity of
12 Mr. Padilla?
13       MR. CLOUGH:  Both.
14       MR. SEMENZA:  Okay.  All right.
15       MR. CLOUGH:  All right.
16       MR. SEMENZA:  Okay.  Recordkeeping
17 policies for security footage.  I get it.
18       Is there anything specific that you
19 believe is important on this one that is otherwise
20 not described in the seven or eight words?
21       MR. CLOUGH:  No.  I think we've covered it
22 up above on a lot of these.  What do you keep and
23 why?
24       MR. SEMENZA:  Okay.
25       MR. CLOUGH:  And 16 is just, you know,

Case 2:22-cv-02109-RFB-EJY    Document 99-9    Filed 05/23/25    Page 18 of 43

Meet and Confer                                    Shawn Padilla v. MGM Grand Hotel, LLC, et al.

58

1 Hey, someone watched the entirety of the videos that
2 we have and can comment on it.
3        MR. SEMENZA: Right. Yeah, we didn't have
4 an issue with 16 at all.
5        MR. CLOUGH: Yeah.
6        MR. SEMENZA: Okay. And then the last
7 ones were 8 and 11.
8        MR. CLOUGH: Eight and 11?
9        MR. SEMENZA: Yeah.
10       MR. CLOUGH: This is a summary of three
11 other ones we had.
12       MR. SEMENZA: Okay.
13       MR. CLOUGH: It's -- but this is asking
14 specifically for the interaction between the floor
15 security and surveillance.
16       MR. SEMENZA: Okay.
17       MR. CLOUGH: So it's taking three other
18 ones and going, Okay, what is the policy and
19 procedure for security handing an officer -- or
20 surveillance handing it off to security, security
21 handing it off to the floor? What information is
22 gathered? What are the policies and procedures
23 doing for that interaction between those three or
24 four divisions?
25       MR. SEMENZA: Okay. Okay. I think this

59

1 has been incredibly helpful. So what we will do is
2 Katie and I are going to walk through these, and
3 then we'll notify the client and see -- and confirm
4 what we can agree to, what we still think is
5 overbroad. And then we'll respond to you in writing
6 relating to that and go from there.
7        MR. CLOUGH: I think that sounds great.
8        MR. SEMENZA: Okay. All right. Anything
9 else from anyone?
10       MR. CLOUGH: One quick thing. I just
11 want -- we touched on it. I just needed a
12 definitive answer. If you can't get it, L.J., fine.
13 If you can, great.
14       The video that Adam's testified to seeing,
15 the back -- having to zoom in on the back of
16 Mr. Padilla's jacket and seeing the design, you do
17 not have that, that has been destroyed, for lack of
18 a better term? I'm not saying it was in any ill
19 intent for that.
20       MR. SEMENZA: We've gone around on this
21 internally a couple of different times, and we have
22 produced everything that I understand MGM has
23 relating to the video surveillance. And so in that
24 setting, if we -- if you don't have it, and we don't
25 have it, then either it didn't exist or it no longer

60

1 exists.
2        MR. CLOUGH: Okay.
3        MR. SEMENZA: And, obviously, I'm not
4 challenging -- I don't know whether -- you know,
5 Mr. Adams' credibility on that issue or not, but
6 whatever. I think you have everything, and I'll
7 confirm that with Katie again. But if it exists,
8 you have it. If it doesn't, obviously --
9        MR. CLOUGH: It doesn't.
10       MR. SEMENZA: -- you don't. Got it.
11       MR. CLOUGH: Thanks, L.J.
12       MR. SEMENZA: All right. Thank you, all.
13 I appreciate your time. Thanks, Mike, for --
14       MR. SOMPS: Thank you.
15       MR. SEMENZA: -- sitting in. Nona
16 obviously got bored, but --
17       MR. SOMPS: She had another commitment.
18       MR. SEMENZA: I'm joking. Yeah, I'm sure
19 she did. All right. Thanks, guys. We'll be in
20 touch soon.
21       MADAM REPORTER: Would any party like a
22 copy of this proceeding?
23       MR. SOMPS: I do not.
24       MR. CLOUGH: I do.
25 (Whereupon, the proceeding concluded at 10:20 a.m.)

61

```
1              REPORTER'S CERTIFICATE
2 STATE OF NEVADA   )
                    ) ss
3 COUNTY OF CLARK   )
4      I, Trina K. Sanchez, a duly certified
  court reporter licensed in and for the State of
5 Nevada, do hereby certify:
       That I reported the taking of the Meet and
6 Confer at the time and place aforesaid;
7
       That I thereafter transcribed my shorthand
8 notes into typewriting and that the typewritten
  transcript of said Meet and Confer is a complete,
9 true, and accurate record of testimony provided at
  said time to the best of my ability.
10
       I further certify (1) that I am not a
11 relative, employee, or independent contractor of
  counsel or of any of the parties; nor a relative,
12 employee, or independent contractor of the parties
  involved in said action; nor a person financially
13 interested in the action; nor do I have any other
  relationship with any of the parties or with counsel
14 of any of the parties involved in the action that
  may reasonably cause my impartiality to be
15 questioned.
16     IN WITNESS WHEREOF, I have hereunto set my
  hand in the County of Clark, State of Nevada, this
17 16th day of May, 2025.
18
19
       TRINA K. SANCHEZ, RPR, CCR NO. 933
20
21
22
23
24
25
```



Meet and Confer                                    Shawn Padilla v. MGM Grand Hotel, LLC, et al.

| | | | | |
|---|---|---|---|---|
| **-** | **2020**<br>45:25<br>48:12 | **4** | **9** | Adam<br>42:17 |
| **-OOO-**<br>3:4 | **2025**<br>3:2 | **4**<br>46:6,13<br>48:22 | **9:02**<br>3:3 | Adam's<br>59:14 |
| **1** | **20th**<br>48:12 | **45**<br>56:20 | **A** | Adams<br>42:10 |
| **1**<br>39:24<br>40:19<br>41:1 43:4 | **26**<br>45:25 | **4th**<br>30:15 | **a.m.**<br>3:3 60:25 | Adams'<br>60:5 |
| **10**<br>52:16 | **27th**<br>54:3 | **5** | **ability**<br>35:25<br>55:3 | add<br>8:3 9:5<br>18:24 |
| **100**<br>8:15 44:6<br>51:25 | **2nd**<br>4:16 | **5**<br>47:13<br>48:22 | **able**<br>4:17<br>17:10 | added<br>55:17,19 |
| **1042**<br>57:2 | **3** | **5th**<br>10:9,18,<br>25 15:8<br>20:14<br>31:11,23<br>33:13,17<br>38:19 | 20:4<br>30:3,21<br>39:18<br>42:12<br>43:1 | addition<br>28:24 |
| **10:20**<br>60:25 | **3**<br>44:10,23<br>45:1<br>46:8,9 | | **about**<br>3:16 4:11<br>6:11,20<br>10:20<br>11:6,7<br>14:13<br>19:13<br>21:8<br>25:21<br>27:23<br>35:25<br>36:1,5<br>37:24<br>40:25<br>41:4,9<br>42:25<br>44:18<br>46:2,3,18<br>47:3<br>48:18,20<br>50:20<br>51:20<br>54:12<br>55:13,25<br>56:11 | additional<br>9:24<br>32:23<br>33:7 |
| **11**<br>21:20<br>35:19<br>58:7,8 | **30(b)(6)**<br>8:6 10:13<br>12:6,7,<br>12,13<br>13:2,13<br>14:13,18<br>15:17,25<br>17:14,24<br>18:14,18<br>23:1,9<br>24:1,17,<br>21,22<br>25:13,21,<br>24 30:20<br>31:8<br>32:19<br>33:2,25<br>34:19<br>36:14,16,<br>19 37:15,<br>22 38:21<br>39:11 | **6** | | addressed<br>4:6 |
| **12**<br>21:21<br>54:13 | | **6**<br>48:16 | | adjudication<br>30:25 |
| **13**<br>55:7 | | **7** | | administrative<br>50:3,13,<br>21,24<br>51:4 |
| **14**<br>56:11 | | **7**<br>49:19<br>52:14 | | advantage<br>7:24 |
| **15**<br>3:2 | | **7th**<br>30:15 | | affected<br>34:20 |
| **16**<br>57:25<br>58:4 | | **8** | | after<br>5:6 7:11<br>10:14<br>15:14<br>21:7<br>22:24<br>34:9 46:4<br>48:19<br>50:25 |
| **2** | | **8**<br>58:7 | | |
| **2**<br>44:14,16 | | | | |

Additional index column entries:

above
55:12,18,
20 57:22

absent
49:22

Absolutely
16:25

accept
4:18 5:5,
11 6:5
7:10,18
22:9

acceptance
7:20 22:3

accepted
5:20

accommodate
16:6 30:3

accomplish
11:15
18:20

accomplished
10:16
17:11
33:13
39:9

accomplishing
48:7

action
50:3

actions
50:12
51:5,8

actual
7:2 57:10

actually
55:17



57:7

**AG**
33:25

**AG's**
9:18 14:6
18:11
27:13

**again**
3:14
9:11,20
12:6 34:2
42:2
43:22
50:16
51:7 60:7

**against**
50:3

**Agent**
13:17,18
42:10

**agents**
18:12
38:24
42:21
44:1

**agree**
3:25
11:22
14:17
23:21
24:22
25:24
26:10
30:21
31:18
33:2 38:2
43:6
50:10
51:24,25
52:9 59:4

**agreeable**
37:5
38:25
50:19

**agreeing**

38:15

**agreement**
39:6

**AGS**
29:17

**ahead**
4:18
16:21
19:16
34:14
37:18
50:23

**all**
3:1 5:11
7:21 8:2
11:4,11,
15 12:13,
20 14:17
15:5,8,
21,22
17:21
19:12
20:13,23
22:2,10,
13,14
25:11,22
26:14
27:11,13
28:24
29:12
30:12,18,
22 33:8
34:6,11
36:6
38:11,16
39:1,3,20
40:2,3,4
41:8 42:5
44:7,10,
11,16,17,
25 45:18
46:1,5,12
47:12
48:4,19
49:17
50:25
51:25
54:11

55:5 56:9
57:14,15
58:4 59:8
60:12,19

**allegation**

43:12

**alleged**
45:1
46:15
47:20

**allow**
28:19

**allowed**
33:23

**along**
15:5
56:14

**already**
6:17
26:24
28:21
35:17

**also**
9:1 42:9
43:9

**although**
12:22
51:13

**amenable**
24:16
31:16

**amount**
21:4 31:1

**ample**
31:6

**another**
27:6
33:25
60:17

**answer**
26:2,6
40:11,16

59:12

**answered**
35:18

**answers**
46:6

**anticipate**

12:8,21
17:14
30:24
37:3
40:15

**any**
3:23
5:11,21
7:23
11:18,19
14:21
15:12
18:17
19:2
20:16,18,
23 21:1,9
24:8
27:14
28:1,20
31:22,24
33:19,21
36:22
39:7,8
41:23
43:7,21
44:10,15
48:14
50:14,22
53:18
59:18
60:21

**anymore**
19:18,22

**anyone**
3:23
31:11
38:13
59:9

**anyone's**

10:13
14:5

**anything**
3:20
18:23
26:19
27:15
28:23
40:7
41:13
42:3
48:15
52:14
55:1
56:10
57:18
59:8

**anyway**
3:22 29:2

**apologies**
46:10

**Apparently**

7:6

**APPEARING**
3:1

**applies**
40:1

**apply**
46:15

**appreciate**

3:10 8:8,
11 9:19
10:2 19:4
28:6
38:12
40:4 44:8
45:19
51:7
60:13

**apprehension**

48:20

**appropriate**

23:23

**arguably**
29:8

**around**
13:18
16:4
44:20
59:20

**arresting**
50:4

**as**
6:11,14
7:12 8:5
9:16 10:4
11:1,3,24
12:3,9,
10,21
13:2,3,14
16:3,5
17:3,7,
18,24
18:11,13,
19 21:4
22:14
23:20
26:2,3
27:11,21
29:2,9
31:21,23
33:21
34:1
35:13,21
36:2
37:3,4,14
38:16,17
40:8
41:18
48:14
49:3
51:21
53:17
54:20,22
55:9
56:22

**ask**

Case 2:22-cv-02109-RFB-EJY    Document 99-9    Filed 05/23/25    Page 21 of 43

Meet and Confer                                    Shawn Padilla v. MGM Grand Hotel, LLC, et al.

34:8
56:25

**asking**
58:13

**assertions**
13:11

**assume**
48:24

**assumed**
55:12

**assuming**
17:18
21:22
28:16
32:14
42:5
51:13
54:18
56:3

**at**
4:6,7
5:15 6:23
7:24 9:17
10:18,23
12:6,11
13:6,9
14:5
15:21
18:13
20:1,7,8,
22 22:15
28:24
29:7
30:1,12
37:12
40:22
41:20
42:1,10,
12 43:25
44:1,16
45:13,21
47:9
48:10
52:8
53:12
54:14,23

56:5,6,11
58:4
60:25

**attempt**
11:10

**attempting**
6:8

**attempts**
5:11,14,
17 6:3
7:6,21
35:23

**attorney**
27:6
28:18

**August**
30:15,17

**authentication**
18:20

**authority**
25:4

**authorized**
22:8

**availability**
10:24
35:3

**available**
14:25
16:2,3,
10,11,15
20:6,13,
16

**aware**
22:12

_____
B
_____

**back**
13:16

14:12
21:23
23:22
24:14
27:11
31:21
36:9,13
37:7
39:4,10
42:1,11,
13 46:18
47:14
52:11
59:15

**background**
21:13

**backwards**
56:5

**baked**
33:12

**basically**
41:1
42:24

**basis**
13:21

**bear**
56:16

**bearing**
51:8

**because**
7:4 15:18
16:7
21:12
24:1 26:2
27:8
29:15
30:6
37:21
40:11
45:11
46:20
47:3
50:13
52:17
53:3,12

55:11

**becomes**
32:10

**before**
4:10 6:10
8:15
10:25
12:22
13:15,17
18:13
29:24
31:23
46:3
55:25
56:1,2

**begin**
11:25

**behalf**
4:19 29:6

**behind**
22:16,21

**belief**
10:12

**believe**
3:25 4:15
6:25 8:14
15:15
21:9
23:2,3
25:11
27:24
31:6
41:14
42:10
43:20
46:14
52:1,15
53:13
55:11
57:19

**believed**
7:1,4

**benefits**
53:18

**best**
3:13
14:23
15:4
40:13

**bet**
42:20
43:18
45:14
47:17
56:18,19,
21 57:10

**bets**
36:6
46:16

**better**
27:9
46:19
50:4
59:18

**between**
15:8,13
38:8 49:2
51:2 53:2
54:17
58:14,23

**big**
40:1

**bit**
4:11
12:22
13:6
20:25
21:24
36:8,14
50:7

**board**
4:4 8:22
9:13
14:10
17:17
22:18,19
23:2
24:2,3,5,
7,10
25:4,10,

11 26:23
27:4
28:10,17
29:5
30:20
33:2
38:14
42:21
44:1
47:19
48:3 51:3
57:5

**boil**
25:18

**bored**
60:16

**both**
16:2
23:18
57:13

**break**
19:11

**bridge**
29:3

**briefed**
30:22

**briefly**
8:10 20:9

**bring**
14:11
57:3

**brings**
14:4
35:16

**broad**
13:21
50:8,13
51:22

**brought**
9:11

**bud**
52:13

**bunch**
16:6



Case 2:22-cv-02109-RFB-EJY    Document 99-9    Filed 05/23/25    Page 22 of 43

Meet and Confer                           Shawn Padilla v. MGM Grand Hotel, LLC, et al.

**but**
7:3,9
8:2,7,18
9:1 12:9,
16 14:6
15:7
16:1,13,
19 19:2
22:8,11,
24 24:13
25:15
26:4,10
27:19
28:11,25
29:2,4,7,
9,16 30:2
33:6,14,
25 35:14
36:4 37:3
38:3 39:7
40:7,13
42:4,9,
20,25
43:22
44:13
46:21
47:15
50:11,19,
21 51:7,
21 52:3,6
53:9,21,
24,25
54:17
55:16,19,
25 58:13
60:5,7,16

**by**
5:9 12:20
15:20
18:25
22:8
24:4,25
33:13
34:20
38:21
39:21
43:15,25
45:6,20
50:23

51:18
54:2
55:12

_____

**C**

**calendar**
7:11
15:1,3
16:5,6
20:9,23
37:13

**call**
4:20 5:2
13:15
31:20
48:3 57:4

**called**
56:17,24

**calling**
45:14

**calls**
56:25

**came**
42:21

**candid**
35:23

**candor**
25:23

**Cannata**
4:15 9:15
27:5

**cannot**
26:11

**care**
46:2,3

**case**
6:7 7:24
8:17,20
9:3,21,25
10:8
11:12,20
13:23
21:21

24:12
28:3
29:2,16,
17 35:25
36:1 37:2
52:19

**caseload**
30:23

**ceased**
27:13

**cell**
49:9

**center**
57:4

**CEO**
4:12

**certain**
3:14
29:25
38:2

**certainly**
3:15 40:5
51:19

**chain**
22:10

**chair**
9:8

**challenging**
12:14
60:4

**change**
35:12

**changed**
35:24
36:7

**charge**
25:11
27:7

**Chris**
19:18,20

**circulated**
39:3

**claim**
43:20

**claims**
51:5

**clarification**
44:8

**clarifies**
49:18

**clear**
4:13 6:9
11:23
40:8 50:1

**client**
5:7 13:6
16:9 22:9
23:22
24:14
26:3,16
29:6
50:20
51:20
54:12
59:3

**client's**
35:24
36:8

**close**
32:10,11
33:20

**closed**
33:15

**Clough**
6:22 8:19
9:6 10:4
14:16
16:21,25
17:23
18:4,6
19:6,20,
24 20:10,
12 21:5,7

22:2,13
23:14,17
24:25
26:5,8,
18,20,24
27:2,19
28:14,16
29:11,13
32:2,5
33:18
34:13,15,
23,25
35:16
36:11
38:7,22
39:13
40:24
42:4,9,16
43:6,9
44:6,9,
12,17,22,
24 45:2,
8,10,16,
22 46:2,
8,11,14,
24 47:7,
11,21,23
48:1,9,
12,17
49:6,8,
15,23
50:1,24
51:23
52:9,15,
22 53:12,
16,25
54:9,21,
25 55:3,
8,11
56:8,13
57:13,15,
21,25
58:5,8,
10,13,17
59:7,10
60:2,9,
11,24

**college**
30:16

**come**
53:2

**comfortable**
37:1

**coming**
16:17
37:7

**command**
9:8

**comment**
6:18 32:3
34:6
40:17
58:2

**commentary**
56:15

**comments**
8:11
31:25
48:14

**Commissioner**
52:1

**commitment**
60:17

**communication**
27:13

**communications**
8:24

**complete**
14:8
29:21
30:6
32:18

**completed**
10:17
14:1 31:8



Case 2:22-cv-02109-RFB-EJY    Document 99-9    Filed 05/23/25    Page 23 of 43

Meet and Confer                                    Shawn Padilla v. MGM Grand Hotel, LLC, et al.

completely
  9:13

computer
  25:8

concern
  8:21

concerned
  5:25 6:3
  9:22
  11:2,3
  49:4

concerning
  6:12
  41:23

concerns
  4:2 17:4
  26:16

concierge
  52:23

concluded
  52:18
  60:25

conduct
  9:3 43:15

conducted
  10:15
  57:7

confer
  3:9,21
  4:8,21
  5:6 6:2,
  23 7:12,
  25 13:19
  22:15
  27:16

conference
  3:9,21
  4:20,21
  5:6 6:2
  9:17
  13:15,19

confidentiality
  51:1

confirm
  59:3 60:7

confront
  10:25

confuses
  55:9

considerable
  30:25

considerably
  47:3

considering
  16:16

constitute
  12:15

contact
  19:22
  20:4

contacted
  5:7

contentiousness
  3:13

context
  11:15
  13:25
  30:18
  48:5 50:7
  52:20

contingent
  33:21

continue
  7:15
  33:20

continued
  3:9 6:3
  7:6

control
  4:4 8:22
  9:13,25
  17:17
  23:2
  26:23
  27:4
  28:10,17
  29:5
  30:20
  42:21
  44:1
  47:19
  48:3 51:3
  57:4

conversation
  13:22
  14:12
  27:23
  37:24

conversations
  40:25

coordinated
  3:8

copy
  4:17 22:5
  60:22

corporate
  25:8

correct
  21:18
  26:5
  44:14
  47:11
  48:9 49:6
  55:4

corrected
  9:16

coughed
  32:6

counsel
  5:9 9:21

country
  30:15

couple
  15:13
  17:4
  25:10
  53:1
  59:21

Court
  6:14
  11:13
  30:24
  33:4,21,
  22 34:3,9
  49:22

Court's
  52:18

courts
  52:2

cover
  20:15

covered
  57:21

cram
  15:8

crap
  27:10

craps
  41:7

credibility
  60:5

crimes
  45:7,10
  46:16
  47:4,6

currently
  31:10

— D —

database
  25:8

date
  4:6 15:18
  16:1 17:9
  37:9
  41:20

dates
  10:9
  15:6,7
  16:2,7
  19:1
  20:5,18
  30:9
  31:15
  33:8
  38:16
  39:5,8

day
  7:12 13:7
  15:11
  16:16
  17:6
  20:16
  27:12
  29:8,20
  41:10
  42:23

days
  14:24
  16:8,15

deadline
  10:9 14:9
  15:9,14
  31:14
  32:9

deadlines
  10:21
  14:10
  38:18

deal
  36:17

dealing
  3:11

December
  45:25
  48:12

decided
  43:17

decision
  26:9

decisions
  43:21

deeply
  5:25 6:2
  9:22

definitive
  13:6
  59:12

definitively
  35:18
  36:2

deny
  48:2

department
  23:3
  24:5,9
  25:3,7
  41:15,16

depending
  13:4
  14:12
  30:12
  32:22
  35:22
  38:4 54:4

depo
  35:8

deponents
  16:9

depos
  6:21



37:24

depose
6:8 8:1
10:10
11:10
22:16
31:8,12
33:5
36:15

deposed
11:19
21:22
23:24
31:7,23
35:7

deposing
19:18

deposition
4:10 6:25
8:16 11:6
12:14,15
13:17,18
15:18,23
16:8 22:5
23:4
25:15
26:13
36:19
37:2,19
42:11

depositions
8:5 10:7,
14,15,23
11:4,8,
12,16
12:2
15:14,15
17:15
20:18
21:9,10,
19,20
31:8
32:12,14,
18,19
33:14

34:2,9,
11,20
35:19
39:5

described
57:20

description
51:12

design
59:16

designees
13:2

despite
7:8

destroyed
59:17

detail
14:2

detained
51:18,24

detention
57:4,8

determination
50:14
51:10

determine
24:14

determined
27:21

determines
49:8

dictate
32:23
34:3

difference
34:16

different
12:25
25:13
59:21

differently
53:5

difficult
16:18
20:3
39:19

digressing
43:13

dinner
41:20

direction
25:4

directors
24:4,5,7,
10 25:5,
11

disaffirm
9:2

disagree
8:18

disagreements
36:23

discipline
54:23

disclosure
25:1
31:10
38:18

disclosures
33:10

discovery
3:15 10:9
11:1 14:9

15:9,12
18:12,21
22:19
30:6
31:4,14
32:10,11,
16,18,23
33:1,7,
20,24
34:4
38:15
52:1

discuss
17:25
20:20
26:22

discussed
15:20
18:19
27:20
42:7,9
53:1

discussing
6:24
29:16
50:18

discussion
10:20
13:13,22
14:1,3,
18,19
15:2
25:21
27:6
37:17
41:13

discussions
11:6,7
13:3
50:25

dispositive
32:13

38:17

dispute
47:16,18
51:9

disrespect
32:8

dissertation
22:22
46:20

distinction
54:16,17

District
30:24

divisions
58:24

document
28:17,20

documents
22:18
27:14

dog
27:9

doing
15:5 17:4
20:15
21:24
43:1
44:14
58:23

done
12:20
31:7
32:15
33:16
34:1
35:4,15
40:13
42:19

door
41:6,19

down
13:5
15:23
25:18
34:2
55:14
56:10
57:3

draft
39:2

Due
7:11

duplication
55:24

during
4:22 5:2
6:1 15:23
27:7

_____

E

each
15:20
21:11

earlier
31:1
46:17

ease
22:24

easy
47:15

edits
46:3

effect
24:24
45:24
52:25

eight
57:20
58:8

either
9:25



Case 2:22-cv-02109-RFB-EJY    Document 99-9    Filed 05/23/25    Page 25 of 43

Meet and Confer                          Shawn Padilla v. MGM Grand Hotel, LLC, et al.

```
     19:25            engaging        event            33:10          factually       file
     25:23            32:21            48:11            38:18          49:4            25:3,7
     59:25                                                                            35:19
                     enjoy           ever            experts         faded           43:20
 elevator            53:20            7:2 29:2        31:8,12         14:19
     54:2                             50:2            32:13                           files
                     entire                           33:14          fair            17:18,25
 else                32:6           everybody         34:1           44:5,6          27:24,25
     18:24           46:20            42:6                                            28:11
     26:19                                           expressed       fall            29:7
     52:14           entirety       everyone         7:24            20:6            54:13,23
     55:1 59:9       27:25            3:10 10:8
                     58:1             11:25          extend          false           find
 email                                14:9           19:1            6:2 28:4        20:3
     3:24 4:1,       entitled         16:23          31:4,5,14                        26:15
     15 5:9,13       28:23            31:16          38:15           family          43:2
     7:9,14,16                        33:12          39:6            3:12 7:13        55:13,22
     9:15 15:5       envisioni        38:14                          17:7 30:9
     16:19,22        ng             everything      extended        far             fine
     27:5            34:8             15:6 18:7       21:4            8:5 11:1,       59:12
                                      19:3                           3 13:14
 emails              equivocal        36:25          extending       17:24          finish
     27:11           12:23            37:6,18        14:10            18:11          49:12
                                      59:22          32:9,11,        37:3
 employee            error            60:6           12,16,17        38:16          firm
     27:23,25        9:14                             36:25          43:13          3:8 9:7
                                     example                         49:3
 employees           especiall       8:14           extra           53:17          first
     12:24           y                                35:20          54:22          22:2
     16:9            16:16          exceed                                           37:10,22
                     36:3             35:8           eyes            fashion         39:15
 employmen                                            9:24           35:4
 t                   essential      exchange                                        five
     17:18,25        ly              27:14           ──────────     Federal         38:9
     28:11           10:1                                F           30:23          39:16
     29:7            24:20          exchanged                                        50:1 52:2
     54:13,22        33:15            27:20          fact            few
                     49:5                             5:10 7:8       16:4            floor
 encompass                          exclusive        10:10,14       39:15           54:3
     55:24           establish      ly               11:3,15                        56:25
     56:1            ed              6:6              12:25          fight           58:14,21
                     25:5                             31:7           24:20
 encompass           50:23          exist            32:18          26:12           follow
 ed                                  59:25           34:15,16       27:9 33:4       31:15
     12:13           Establish                       35:3,15        36:5            38:16
                     ment           exists           37:21
 end                 25:2            60:1,7          38:20          figure          followed
     13:6 29:8                                        39:5           15:16          38:21
     31:1,5,15       even           expect                          55:21
     32:25           15:6 16:1       9:4            facts                           following
     38:16           50:10                            34:17         figured         7:12
                     51:6           expert            40:4           32:7
 endeavor                            31:10                                          footage
     11:25           evening         32:19          factual        figuring        57:17
     38:19           3:25 5:16                        56:23         14:24
                                                                                    for
                                                                                    3:8 4:7
```



Case 2:22-cv-02109-RFB-EJY    Document 99-9    Filed 05/23/25    Page 26 of 43

Meet and Confer                                    Shawn Padilla v. MGM Grand Hotel, LLC, et al.

7:1,23,25
8:7,19
9:7 10:22
11:8
13:19
14:10
15:9,25
16:1
18:25
20:16
21:11
22:17,23
27:9
30:10,25
31:24
32:10,16
33:13
37:15,17
38:22,24
39:8
40:10
42:18
43:4 44:7
45:16
46:19,22
47:5 50:4
51:19
52:24
53:9 54:1
55:19,20
56:11,16
57:17
58:14,19,
23 59:17,
19 60:13

**forget**
7:9

**forth**
24:18
47:14

**forward**
11:16
13:12
14:20
31:13
38:3 57:6

**four**
15:11

38:9
39:15
54:10
58:24

**fourth**
36:16

**frame**
10:17
11:8
36:24
45:20
50:11
51:11,18,
23 52:3

**frankly**
10:23
31:15
39:8 40:2

**free**
54:3,4

**Friday**
4:22 5:16
6:2 13:15
16:13

**from**
7:16
10:10
11:13
12:17,18
13:8
18:10,15
20:13
26:20
28:18
29:15
30:15
33:11,14
37:4,8,15
41:20
42:21
48:21
57:6
59:6,9

**front**
4:14 9:5
13:9

29:10
39:2
43:22
50:15
53:15
54:8

**further**
55:17

---

G

**gain**
6:7 7:23

**gamble**
54:4

**games**
12:19

**gaming**
4:4 8:22
9:13
17:17
18:12
26:23
27:4
28:9,17
29:5
30:20
42:21
44:1
45:7,10
46:16
47:4,6,
17,19
48:3,5
51:3,14,
17,25
57:4

**gathered**
58:22

**general**
27:6
28:18
40:17

**General's**
28:19

**generally**
56:3

**get**
3:22 4:10
8:4
10:16,17
12:16,17,
19 13:5
18:6,7
20:4,5
21:22
24:8
25:17
26:12
31:7,19,
22 32:14,
15 33:5,
12,22
35:3,15
36:9
37:12
38:10
39:3,4,9,
10,15,18
40:8,11
43:23
51:20
52:11,25
54:3,4
57:17
59:12

**get all**
17:10

**gets**
46:17
48:17
53:4

**getting**
3:10 7:16
27:22
30:24
32:25
33:16

**gift**
45:17

**give**
12:9

31:6,11
39:22
50:7

**given**
10:21
11:9
12:2,23
17:9
30:5,9,23
36:3,7
39:6 52:2

**glad**
20:19
41:12

**go**
4:18
11:13
12:5
13:4,8
14:12,14
15:22,23
16:21
18:12
19:16
30:7
31:21
34:14
36:9
37:9,18,
22 38:14
48:21
50:23
55:16
57:3 59:6

**goes**
52:22

**going**
8:1,5,6
11:6,12,
16,22,25
12:1,16,
17,18
15:10,14,
19,20,25
17:8,13,
15,16,22
19:1

20:9,21,
22,24,25
21:2,3,
14,16
26:11
27:21,24
28:1,9,
12,19
30:8,16,
18,22
32:21
33:3,9
34:1,3,
10,12,17,
21 35:5,
6,7,18,
19,22
36:5,13
37:5,22,
23 38:14
39:4,16
41:5,23
42:2
44:20,23
46:15,20,
21 47:15
49:9,10,
11,20,21,
23 55:19
56:4,14
58:18
59:2

**gone**
6:17
22:10
30:9
59:20

**good**
39:16

**got**
5:6 10:25
14:1 17:6
18:5 20:9
22:4
27:16
28:17
29:15,24
30:16



Case 2:22-cv-02109-RFB-EJY    Document 99-9    Filed 05/23/25    Page 27 of 43

Meet and Confer                                    Shawn Padilla v. MGM Grand Hotel, LLC, et al.

47:1
50:19
60:10,16

**gotten**
13:19

**grab**
19:5

**great**
16:13
59:7,13

**gritty**
14:2

**guess**
24:16
25:18
30:7
41:14
52:22
53:6 54:9
55:2

**guest**
43:2

**guests**
53:7

**Gutierrez**
8:25

**guy**
42:14
50:5
55:18,22

**guys**
16:3
21:24
28:8,23
31:22
32:25
36:20
37:11
40:3,10,
14 60:19

───────
**H**
───────

**half**

21:10,12,
15

**handing**
58:19,20,
21

**handle**
39:16

**handoff**
49:5,6

**happen**
17:8

**happened**
6:15
14:18
20:6
29:25
47:24

**happening**
40:13

**happens**
9:8 30:13
35:22
49:4

**happy**
38:3

**harass**
6:6

**harassing**
11:9

**having**
4:9 24:1,
13 41:13
59:15

**health**
53:6

**hearsay**
29:15

**help**
45:11

**helpful**
46:7 56:9
59:1

**Hence**
42:17

**here**
3:9,16
6:11 8:2
14:5 15:3
17:1
21:19
22:14
23:20
26:2
29:18
30:1 32:8
36:2
39:12
56:23

**here's**
7:19 30:7
40:1,21,
22 41:25
45:5
47:13

**Hey**
7:10,17
27:8
29:19
32:14
33:22
36:13
41:2
46:18
55:13,21
57:1 58:1

**hold**
17:1
37:17

**holding**
49:9
53:22

**holiday**
17:5

**honest**
38:7

**honestly**
22:7

**hopefully**
16:3 18:1

**hoping**
18:6

**Hornbuckle**
4:12,23
5:12,24
6:4,6,24
8:1,24
11:10,18
17:16,24
21:22,25
22:4,11,
17,21,23
23:12,23
24:23
25:20,25
26:19
30:21
33:3
34:19
35:11,24
36:6

**Hornbuckle's**
4:19 5:15
6:12
23:4,11
24:18,19
25:15

**hotel**
41:21
43:2
52:23
53:20

**hour**
21:15
56:20

**hours**
21:11

**how**
7:22 8:2
10:16
11:15
14:7,8,10

15:2,18,
24 16:25
21:13
36:17
37:18,20
38:4
42:18
53:10
54:4
55:13,14
56:4

**however**
15:14

───────
**I**
───────

**idea**
30:11

**identified**
13:1
23:11
41:24
43:20

**identifying**
4:16

**identity**
50:9,11
51:16,24
57:11

**if**
6:16,17
8:4 11:11
13:16
18:23,25
19:12
20:18,23
21:1,5,18
22:25
23:9
24:16,22
25:12
26:10
30:3,6,8,
21 31:3,

16,18
32:3,25
33:1,4,22
34:13
35:18
36:4,22,
24 37:5,
9,11
38:1,8,9,
13 39:7,
13 40:17,
19 41:2
42:20,25
44:18
45:3
47:20,24
48:13,14
50:10
51:15
53:3,21
59:12,13,
24 60:7,8

**ill**
59:18

**illegal**
43:14

**immaterial**
54:17

**immediate**
36:25

**immediately**
5:19 7:19
8:15

**impact**
35:5,6

**impacted**
43:21

**important**
3:15
57:19

**imprisonment**
28:4



Case 2:22-cv-02109-RFB-EJY    Document 99-9    Filed 05/23/25    Page 28 of 43

Meet and Confer                    Shawn Padilla v. MGM Grand Hotel, LLC, et al.

**improperly**
6:6

**in**
3:24 6:7
7:14,24
9:3,8,14,
21,24
10:8,17,
18,19,24
11:12,14,
20 12:8
13:16,24
15:3,8,
17,21
17:4
18:11,15,
16,17
19:15,18
20:4,5,
10,14
21:21
22:19
23:11,13
24:8,15,
18,23
25:1,11,
22 26:5
27:7,9
28:3,24
30:1,16,
17,18
32:21
33:7,12
35:4,10
40:6,19,
20 41:6,
9,16,19,
25 42:13,
17 43:2,3
44:1
45:13,24
47:9
48:4,5,
15,21
49:9,11
51:9
52:1,12,
19,25

53:21,22
54:1,2,
10,14,19
56:11,19,
23,24
57:2,3,20
59:5,15,
18,23
60:15,19

**incident**
41:11
47:10
54:15

**incidents**
44:2 56:2

**include**
41:17
57:9

**including**
4:5

**incorrectly**
4:23

**incredibly**
59:1

**independently**
25:19
26:11

**indicated**
5:7 24:3
37:15

**individual**
15:20
23:24
51:17

**individually**
23:23

**individuals**

35:7
40:10

**information**
12:10
24:8,11
29:15
40:4,9,14
41:9,23
42:25
43:4
45:21
58:21

**informed**
5:9,17

**initial**
30:8
33:10

**injured**
28:5

**input**
9:9

**instance**
41:17

**instances**
41:17
51:16

**intent**
59:19

**intention**
3:21 5:23
24:21

**interaction**
58:14,23

**interest**
18:25

**interested**
18:15,17
19:18

**internally**
59:21

**interrupt**
44:13

**intervening**
17:5

**intervention**
6:14

**into**
4:10 9:9
14:2,12,
19,20
27:16
40:11
42:4
43:13,23
46:17
48:17,22
55:17,20

**investigating**
48:19,20

**investigation**
49:12
57:7,11

**investigations**
51:2

**invitees**
53:7

**involved**
29:24
38:8,9

**involving**
51:16

**ironed**
38:10

**issuance**
4:3

**issue**
3:12 4:7
6:13 11:1
12:23
13:11
17:7
24:21
25:24
29:6
30:10,21
32:10
36:10
40:1
43:18,19
44:25
45:3
47:13,15
48:5
52:18
58:4 60:5

**issued**
5:24

**issues**
3:16,23
4:2,5,11
6:12 7:13
8:5,23
12:1 24:1
28:3
50:9,11
51:1 56:2

**it**
3:25 4:6
5:1,13,22
6:15,25
7:1,3,4,
20,23
8:2,8,15
9:11,12,
16,23
10:12
15:1
16:17,23
17:21
18:1,5
19:4
21:21
24:21

25:1,18
26:12
27:7,12,
15 28:25
29:1,3
30:11
31:5,19
32:11
33:13,19
34:4,16,
19 35:15
36:15
38:12
39:14,19
40:23
41:1
42:10,24
43:14
44:19
45:1,23,
24 47:1,
24 48:22,
23 49:15,
24 50:10,
20 51:13,
21 52:6,
21 54:10
55:20
56:17,20,
22 57:17,
21 58:2,
20,21
59:11,12,
18,24,25
60:7,8,9,
10

**it's**
16:7,14
19:21,24
20:24
21:14
22:9
25:23
29:15
30:1
32:14
34:2
35:18
37:4 40:5

Case 2:22-cv-02109-RFB-EJY    Document 99-9    Filed 05/23/25    Page 29 of 43

Meet and Confer                              Shawn Padilla v. MGM Grand Hotel, LLC, et al.

41:3
45:22
47:15
53:21
54:5
55:12
57:1
58:13,17

**itrack**
25:8

**itself**
38:5

_____

        J

**jacket**
42:13,17
46:19
59:16

**job**
55:4

**joking**
60:18

**judicial**
6:14

**July**
30:15
31:23

**jump**
18:11
19:15
20:10
48:15

**June**
10:9,18,
25 15:8
20:14
30:10
31:10
33:13,16
38:19

**just**
3:18 4:12
6:22 8:3,
9,10 9:12

15:4,22,
24 17:21,
23,24
18:11
20:6,8,
10,19
21:7,14
22:4,13,
23 23:15,
17 25:18
29:13,14
32:7,11,
14 34:7
35:17
37:16,17
39:8,23
40:8,15,
20,21
44:13
45:3
48:15,18
49:10,11
50:1,6,24
51:4
55:8,16
57:25
59:10,11

_____

        K

**Katie**
7:8 12:5
13:14
17:2
19:22
20:3
36:15
48:13
59:2 60:7

**Katie's**
38:8

**keep**
38:18
43:17
57:22

**keeping**
43:22

**kept**
42:23,24

**kind**
3:18 6:20
7:22
11:16
13:4,8
14:4,11,
19 17:19
20:1,10
26:1,24
32:7
35:14
36:9
38:1,13
39:21
40:20
41:3,4
43:3
46:17
48:21,22
50:7
52:22,23
53:8,23
54:5
55:22
56:6

**kinds**
51:2

**knew**
41:5,6,7,
8

**knocked**
37:12

**know**
4:16 6:16
7:14,23
8:12
10:1,16,
23 13:10
15:18,22,
23,24
17:8
19:25
21:12
22:7
23:25

25:19
26:1,10
27:3 28:4
29:5
30:11
32:13
33:22,25
34:16
35:13,21
36:14
41:8,20
42:2,18,
23 44:21
45:12
49:10,12
50:2
52:25
53:3
54:24
57:2,25
60:4

**knowledge**
5:8 11:20
24:11

**knows**
15:2
33:12

_____

        L

**L.J.**
3:7 7:8,
17,20 8:7
9:11 17:1
18:19
20:3 21:5
25:23
32:7,8
36:15
38:7
44:12
59:12
60:11

**lack**
27:9
46:19
50:4

59:17

**last**
3:25 4:21
6:23 7:25
13:15
14:18,24
22:15
58:6

**late**
17:9

**later**
4:6 37:2
56:20

**law**
9:7

**LAWRENCE**
19:15,17,
23 32:1,4
34:7,21,
24 36:21
37:7

**lawsuits**
50:12
51:5,8

**lead**
33:7

**leads**
42:4

**left**
12:24
13:15

**legal**
5:18 7:5,
14,16
50:2,12
51:5,8,9

**legitimat
e**
47:16,18

**less**
29:6 39:7

**let**
3:22 7:14

19:5 22:2
24:25
39:20,22
49:11
50:6,24
52:11
54:7,11
55:5

**let's**
17:1
21:23
35:3,15
37:12,20
46:12
48:16
51:4
55:21,22
56:18
57:3

**leverage**
6:7

**liability**
50:14,22
51:10
52:17,19

**light**
35:10

**like**
8:9 9:7
14:6
15:10
16:14
25:14
27:10
28:2,4
30:10
40:7 41:3
44:12
49:13
52:23
54:5
55:20
60:21

**limit**
11:7 28:1
38:1
49:15



Case 2:22-cv-02109-RFB-EJY    Document 99-9    Filed 05/23/25    Page 30 of 43

Meet and Confer                                    Shawn Padilla v. MGM Grand Hotel, LLC, et al.

limitation
51:7

limitations
28:10
50:17,18

limited
50:8,10
51:15,19

limiting
11:7
39:18

line
15:23
56:14

list
14:22
19:19
20:7

litigation
3:14 9:9,
10

little
4:11
12:22
13:6
20:25
21:24
36:8,14
49:12
50:7
55:16

lodge
44:19

lodged
44:15

logistically
15:24

long
14:11
21:13,17

34:1
50:12

longer
59:25

look
11:17
12:6
16:24
20:22
21:1 30:7
31:21
37:12
52:7
56:21

looked
42:1,12
43:25

looking
18:13,24
20:8
40:10,22
43:4
45:13,16,
21 46:22
51:18
54:1,23
56:5,6,
11,16

looks
30:10

lot
10:7
45:11
57:22

———————
M

MADAM
3:6 19:7
60:21

made
4:24
5:14,18
7:2 14:17
16:17
36:3

42:13
46:3

Maier
8:25

maintain
29:9

maintained
25:5

maintenance
25:2

make
3:19 4:12
6:9,18
11:23
14:15
20:15
22:4
23:15,18
24:13
35:19
40:6
44:13
50:16

makes
21:20
34:16

manner
7:14

many
15:10,18
16:11
52:2

map
32:20

March
13:16

math
21:18

matter
34:18

maybe

18:20
19:13
21:15
26:1
33:24
36:15
43:6
52:12
56:12,13

me
3:22 8:17
9:23
13:14
16:8 19:5
20:24
22:2
24:25
25:12
26:20
30:12
39:20,22
40:20
42:4
50:6,24
52:11
54:7,11
55:5,9
56:11,16

meals
54:3

mean
17:13
20:22
28:8,25
29:23
33:9 35:4
37:10
38:3
43:1,14
51:7 52:6
53:4,23

meaning
23:6
42:19

means
51:13

meant
6:5

mediate
13:23

mediation
13:25
14:19

meet
3:9,21
4:7,21
5:6 6:1,
23 7:11,
25 13:19
22:15
27:16

meeting
22:24

Memorial
16:16
17:6

mention
9:12 19:3

mentioned
5:4 12:21
13:11
14:25
18:13

MGM
4:12
18:15,25
22:17
25:4 27:8
37:15
42:6
59:22

MGM's
29:20
44:11

MGM00043
25:1

Michael
38:9 41:3

Mike
18:10

29:24
36:12
60:13

mindset
46:24

minutes
56:20

Mirage
25:4

mischaracterize
23:8

miss
40:6

missing
43:9,13
48:15

mistaken
13:17
50:9,10
51:16,24
57:11

mistakenly
27:4

misunderstood
19:14

moment
14:6 20:7

Monday
5:17
16:12,13,
14,15,17

Mondays
16:18

monitoring
25:6

more
3:15 9:7
11:11



Meet and Confer                                    Shawn Padilla v. MGM Grand Hotel, LLC, et al.

12:22
13:6
21:10
35:16
48:17
52:23
53:8 54:5

morning
3:10 4:22

most
41:16

motion
11:24
17:13,15,
17 18:1,8
28:13
30:19
32:13,15,
20,22
34:11,23
35:6,20
38:17

motions
30:25
31:7
34:10

move
6:20 8:3
13:12
14:20
16:4,5
20:19
38:3
46:12
48:16

moved
6:10
12:24

moving
3:18 4:9
15:12
33:8 37:5
47:12

Mr
3:7,11,24
4:12,19,

22,23
5:3,12,
15,24
6:1,4,6,
12,22,24
7:13,17,
24 8:1,9,
12,16,19,
24 9:1,6,
7,15,19,
21 10:4,
5,6
11:10,18
13:10
14:16,23
16:2,5,
20,21,22,
25 17:3,
6,16,23,
24 18:3,
4,5,6,9,
10 19:4,
6,9,12,
16,20,21,
24 20:8,
10,11,12,
21 21:5,
6,7,8,22,
23,25
22:2,4,7,
11,13,15,
17,21,23,
25 23:4,
6,7,11,
12,14,15,
17,20,23
24:18,19,
25 25:15,
17,25
26:5,7,8,
14,18,19,
20,21,24
27:1,2,5,
18,19,23
28:6,14,
15,16,22
29:11,12,
13,16,23
31:19
32:2,5,17

33:18
34:5,13,
14,15,23,
25 35:2,
16,21,24
36:11,13,
19,22
37:11,14,
20 38:6,
7,11,22,
23,24
39:1,13,
20 40:24
41:12,19
42:4,8,9,
13,15,16
43:5,6,8,
9,11,16,
19 44:3,
6,7,9,10,
12,15,17,
18,22,23,
24,25
45:2,5,8,
9,10,15,
16,18,22
46:1,2,5,
8,9,11,
12,14,19,
23,24
47:1,7,8,
11,12,21,
22,23,25
48:1,4,9,
10,12,13,
17 49:1,
6,7,8,14,
15,17,23,
17,25
25 50:1,
6,24
51:6,23
52:5,9,
11,15,16,
22 53:11,
12,14,16,
17,19,25
54:7,9,
11,21,22,
25 55:1,
3,5,8,10,

11,23
56:4,8,9,
13 57:9,
12,13,14,
15,16,21,
24,25
58:3,5,6,
8,9,10,
12,13,16,
17,25
59:7,8,
10,16,20
60:2,3,5,
9,10,11,
12,14,15,
17,18,23,
24

Ms
4:15 9:15
19:15,17,
23 27:5
32:1,4
34:7,21,
24 36:21
37:7

much
12:9
39:14
54:4

multiple
40:24
42:7

muted
32:5
36:12

my
3:21 5:13
7:11 8:21
9:7,13,
16,20
10:12
13:6
15:2,7
16:5
19:21
20:9,14,
22,23

21:18
22:8,9
26:3,15
29:1,6
30:7,9
31:4
32:10
33:14
34:25
35:14,24
36:8
40:6,17,
18 41:15
44:25
46:6,9

myself
20:15
32:6
40:18

—————

N

Nahabedian
3:11 4:22
7:24
8:12,16
9:1,7,21
13:10
14:23
16:2,5
21:8
22:15,25
23:6
27:23
29:16
31:19

Nahabedian's
3:24 5:3
6:1 7:13
17:6
20:17
26:8

named
25:8

names
29:19,22

narrow
56:10

narrowed
40:9

narrows
46:7 47:2

necessarily
23:21
50:19
53:20

necessary
15:15

need
9:12
15:16
17:19
25:15,18
26:1
27:8,25
29:19
30:7,17,
22 32:14
36:1
37:3,22

needed
23:17
59:11

needs
31:9

neither
9:14 30:1

Nevada
9:13
28:17
42:21
48:3 51:3
57:4

never
13:25
14:1
44:12

next
  10:21
  27:12
  54:2

nip
  52:12

nitty
  14:2

no
  5:8,13
  24:10,11
  25:14
  28:6 29:4
  30:11
  31:1
  32:8,9
  33:18
  34:4 35:2
  36:25
  37:4
  41:1,18
  43:4
  44:14,16
  45:5
  46:13
  47:13
  48:1
  49:19
  50:14
  51:8,9,12
  54:13
  57:21
  59:25

nobody
  15:2

NOIR
  52:24
  53:3,10,
  13,17,22
  54:1,6,9

Nona
  15:1 17:2
  18:23
  29:24
  32:3 34:5
  38:9
  60:15

none
  21:16

nor
  9:3 30:1

not
  4:6 5:1,
  22 7:13,
  14,23
  8:1,14,
  20,25
  9:14 10:1
  11:21
  12:8,14,
  21 13:1,
  16 17:9
  19:17,19,
  22 20:1
  21:9,22
  22:11
  23:4,12,
  23 24:2,
  16 26:5,
  20 27:4,
  22,24
  28:9,19
  29:17
  30:3,21
  31:18,19
  33:9 34:1
  35:5,6,17
  41:22,23
  42:14
  43:16
  44:18,19
  45:14,16
  47:15
  48:1
  49:20,21,
  23 50:9,
  22 53:20
  54:19
  56:12
  57:20
  59:17,18
  60:3,5,23

note
  17:12
  40:18

notes
  22:14

nothing
  27:19,20

notice
  6:25
  12:6,8
  22:5

notify
  47:18
  59:3

notwithst
anding
  3:13 6:4
  31:20

now
  15:8
  16:23
  17:22
  20:2 26:9
  36:2 37:4
  43:23
  51:21
  53:21

number
  11:4 12:2
  44:10

―――――――――

O

―――――――――

object
  5:23
  25:22
  51:22
  52:16,20

objected
  40:2

objection
  19:2
  29:10
  44:19
  52:6

objection
able

objection
s
  5:22 12:7
  13:20
  23:25
  37:25
  39:22,25
  44:14,16
  46:15

obligated
  10:17

obviously
  3:12,22
  4:1,5
  5:21,23
  6:13
  8:18,20,
  24 9:9
  11:22
  14:25
  15:11
  17:9 21:4
  23:21,22
  24:23
  26:3
  27:16
  28:12,24
  32:21
  33:4,5,6,
  16,19
  35:2 36:7
  37:21,23
  39:6,14
  43:21
  50:19
  51:12
  55:24
  60:3,8,16

occurred
  48:2,6

October
  31:5,14,
  15 33:20
  38:16

of
  3:13,18,

49:20

24 4:3,7,
10,12,17,
18 5:5,9
6:7,11,
18,20,24,
25 7:9,
20,22
8:4,13,23
9:8,21,
23,24,25
10:7
11:4,15,
17,24
12:1,2,23
13:3,4,7,
8,18,24,
25 14:1,
2,4,11,
19,21
15:10,11,
13 16:6,
8,11
17:4,10,
19 18:17,
20 19:24
20:1,10,
13,16,18,
23,24,25
21:1,4,9,
11,16
22:2,3,5,
18,24
24:3,5,7,
10,12
25:2,4,6,
9,10,11
26:1,24
27:7,9,25
28:20
29:2,6,8,
19 30:10,
15,18,22,
25 31:1,
5,15,20,
22 32:8,
10,11,22
33:20,25
34:4
35:9,10,
13,14,21

36:3,6,8,
9,19
37:24
38:1,4,8,
13,16
39:8,21,
22,23
40:2,8,
20,25
41:3,4,8,
10,14,15,
23 42:13
43:4,14,
17 44:3,
11 45:17
46:17,18,
19 47:9,
19 48:5,
18,21,22
49:1
50:2,4,7,
14 51:2,
10,12,16
52:22,23
53:2,7,8,
20,23
54:6,9,
13,15
55:12,22
56:1,6
57:11,22
58:1,10
59:15,17,
21 60:22

off
  5:6 13:15
  14:19
  18:22
  19:5,6,7,
  9 20:2,6
  24:25
  36:6
  37:17
  55:8
  58:20,21

offer
  36:3

office

Case 2:22-cv-02109-RFB-EJY    Document 99-9    Filed 05/23/25    Page 33 of 43

Meet and Confer                                        Shawn Padilla v. MGM Grand Hotel, LLC, et al.

9:18
10:10
15:3
18:11
20:14
27:14
28:19
54:14
56:24

**officer**
58:19

**on**
3:6,18,20
4:9,14,
15,18
5:16 6:2,
9,10,19,
20 8:3,5
9:5,15
10:2
11:5,17,
20 12:23
13:4,9,21
14:10,12,
18 16:4,
6,11
17:1,23
19:19
20:9
22:18
23:18
24:21
25:24
26:17,19,
25 27:5,
17 28:13
29:6,10,
13,14,17,
20 30:12,
21 31:17,
19 32:20,
22 33:2,
16 34:6,
9,18
35:12,15,
22,23,25
36:9,10,
14 37:13
38:2,4,

14,20
39:2,5,7,
10,14,16,
23 40:17,
22 41:10
42:13,17,
23 43:21
44:3
45:24
46:12
47:12,13,
14 48:16,
23 49:22
50:7,14
51:8,17
52:12,14
53:15
54:3,4,8
55:6
57:19,22
58:2
59:11,15,
20 60:5

**once**
37:25
39:15

**one**
3:8 5:13,
25 7:9
8:13
12:1,15
16:12
17:5
19:24
21:11
22:17,18
24:15
25:9
26:17
29:22
35:16,20
37:10,12
38:2
41:18
43:18
45:13
47:3
49:18,19,
22 50:8

52:12,20
53:1
54:12,20
55:6,8,9,
12,17,20,
25 56:16
57:19
59:10

**ones**
46:2
55:12
58:7,11,
18

**only**
8:25 9:5
15:16,17
16:11,15
21:11,20
32:15

**opportuni
ty**
12:5
31:11
40:20

**opposed**
41:18

**opposing**
5:9

**order**
11:13
49:22

**other**
6:10
17:12
18:17
25:10
28:20
29:21
35:1,7
41:24
42:12
51:16,23
52:3
53:19
58:11,17

**others**
53:5

**otherwise**
6:20 9:4
10:13
19:2
53:19
57:19

**our**
3:7,16,21
5:7,10,
13,23
6:1,4
8:24 9:9
10:22
11:21
12:7
13:3,15
14:18
15:9
28:23
29:4 33:5
35:12,25
36:19
37:13
39:6,22,
25 49:12

**out**
5:18 7:1,
5 10:19
11:14
12:3
14:10,24
15:12,16
26:15
27:3,12
30:8,15
31:4,5,
14,24
33:9,20
36:25
37:6,9,
12,16,18,
21 38:5,
10 39:6
43:2
45:11,17
55:21

**outcome**
32:22

**outside**
40:25

**over**
6:17 7:4,
7,20 9:17
11:6
14:23
23:2
27:15
30:4
36:23
39:3
51:1,20

**overbroad**
51:11
59:5

**overbroad
ened**
53:8

**oversaw**
22:20

**oversight**
9:16,24

───────

**P**

**Padilla**
41:19
43:16,19
44:3
53:19
56:4
57:2,12

**Padilla's**
42:13
46:19
59:16

**page**
23:19

**painstaki
ngly**
20:2

**part**
6:11
11:24
13:3
28:20,21
29:2
30:10
41:14
43:14
47:23
49:1

**participa
nt**
30:17

**particula
r**
8:13
24:12
45:13
54:20

**parties**
3:1 31:3

**party**
43:16,17
60:21

**pass**
48:23

**patrons**
53:20

**people**
15:19,21
20:4,14
28:5
29:18,19
55:14

**perceive**
11:9

**percent**
8:15 44:6
51:25

**percipien
t**
11:19



Case 2:22-cv-02109-RFB-EJY    Document 99-9    Filed 05/23/25    Page 34 of 43

Meet and Confer                                    Shawn Padilla v. MGM Grand Hotel, LLC, et al.

perks
  54:9

person
  15:20
  25:13
  52:23
  57:1,10

personally
  22:11

personnel
  54:14

perspective
  30:8
  33:15
  35:12,14,
  24

photo
  25:3,7

pick
  55:15

picture
  40:1

pinch
  41:25
  43:15
  47:24

pinched
  42:20
  47:17
  55:21
  56:18,19,
  21 57:10

pinching
  43:17
  45:14
  46:16

Pittet
  19:18,20
  20:6

place
  4:14 6:15
  10:14

12:2
24:7,8
32:24
47:9
48:11
56:2

plain
  40:21

Plaintiff
  18:25
  38:22

plaintiff
's
  11:5

plan
  34:25

planned
  30:14

play
  41:10

player
  12:20
  18:16
  37:16
  41:4
  53:3,13,
  17

players
  52:24
  53:10,22
  54:1,6,10
  56:1

plays
  37:18,21
  38:5

pleadings
  34:23

please
  48:15

point
  10:18,24
  18:14
  20:20
  30:1

43:24,25
44:1 57:6

policies
  45:22,23
  47:4,8
  48:7,19
  49:3
  52:24
  53:4,9
  54:6
  57:17
  58:22

policy
  58:18

pool
  54:2

pose
  16:1
  26:15

position
  5:10 9:20
  10:3 14:7
  21:25
  23:9
  26:6,16
  28:23
  29:1,4
  30:2
  36:4,7
  38:4

positions
  11:21

possessio
n
  41:9

possible
  20:24

post
  54:5

potential
  50:18

potential
ly
  30:9

35:8,11
40:12

practical
ly
  11:11
  24:6 30:4
  31:21
  40:3,7

practice
  11:24
  17:13,15,
  17 18:2,8
  28:13
  30:19
  32:20,23
  34:12
  35:6 40:6

practices
  38:17

preference
  31:4

premises
  52:17,19

prepare
  10:12
  21:3 39:2

preparing
  18:22

prepped
  31:22
  37:8

presented
  34:10

preservat
ion
  43:25

preserve
  46:18

presume
  36:4

pretty
  38:10

39:16

prevalent
  28:3

previous
  12:7 51:5

previously
  13:1

primarily
  33:14

print
  17:22

printer
  19:5

prior
  5:3 21:20
  29:17

privileged
  29:8
  50:22

proactive
  41:18

probably
  12:11
  13:1
  30:19
  31:1
  52:7,9
  53:15

problem
  15:12
  25:14
  32:9
  33:18
  34:4
  41:14

procedure
  58:19

procedures
  45:23,24
  47:5,9

48:7,20
49:3
52:24
53:4,9
54:6
58:22

proceed
  36:18
  37:19

proceeding
  60:22,25

proceedings
  13:24
  50:13,21,
  25 51:4

process
  23:17

produce
  24:22
  25:24
  49:21

produced
  29:1,2
  59:22

producing
  24:17

proffer
  35:10

promptly
  38:20

property
  29:20
  44:4
  51:17

propose
  33:8

proposed
  16:19

provided
  22:19
  23:10



Case 2:22-cv-02109-RFB-EJY    Document 99-9    Filed 05/23/25    Page 35 of 43

Meet and Confer                                    Shawn Padilla v. MGM Grand Hotel, LLC, et al.

```
29:21
42:5,6
```

**pull**
```
16:23
```

**purposes**
```
4:7 55:20
```

**push**
```
30:8
```

**put**
```
3:19
11:17
15:17
26:24
29:14
31:13
49:9
53:22
54:1,2,10
```

**putting**
```
27:4
```

---
**Q**
---

**question**
```
24:16
26:2,6
35:17
42:18
46:6
56:15
```

**questioning**
```
21:16
```

**questions**
```
3:23
```

**quick**
```
6:22
19:15
21:7
59:10
```

**quickly**
```
8:10
```

---
**R**
---

**Raffi**
```
20:16
24:3
39:25
47:13
53:2
```

**Raffi's**
```
22:22
```

**raise**
```
35:17
```

**raising**
```
6:12
```

**rather**
```
24:9 52:6
54:17
```

**reached**
```
5:18
```

**reacted**
```
56:21
```

**reactive**
```
41:18
42:20
```

**ready**
```
17:25
18:3,4
19:13
25:7 37:8
```

**real**
```
19:15
21:7
```

**realize**
```
42:14
```

**realizing**
```
9:14
```

**really**
```
8:2 16:18
31:11
34:18
40:7
```

**reason**
```
11:18
21:11
42:18
```

**reasoning**
```
7:25
22:16,21,
23
```

**reasons**
```
25:9
```

**rebuttal**
```
31:10,12
32:13
```

**rebuttals**
```
33:11,16
38:19
```

**receipt**
```
3:24
```

**receive**
```
53:19
```

**received**
```
17:21
28:18
```

**record**
```
3:6,20
4:13
6:10,19
9:21
11:17,21
19:6,8,10
26:25
29:14
```

**Recordkeeping**
```
57:16
```

**redacted**
```
28:25
```

**redaction**
```
29:21
```

**reference**
```
24:2 25:7
```

**referenced**

```
8:13
```

**references**
```
4:25
25:10
45:1
```

**referencing**
```
54:19
```

**referring**
```
45:6
```

**reflect**
```
55:2
```

**refresh**
```
39:23
```

**regard**
```
17:5
23:13
24:15
33:7
39:24
```

**regarding**
```
9:18
22:22
28:2 53:9
54:6
```

**regardless**
```
9:23
20:16
```

**regards**
```
18:16
```

**reiterated**
```
5:10
```

**related**
```
43:22
```

**relates**
```
6:15
51:14
52:17
```

**relating**
```
3:20 4:1,
```

```
3,13 5:21
6:7,16,19
8:21,22,
23 12:10,
19 13:2,
7,13 14:7
17:14,16,
17 21:25
23:10
24:8,11,
17 25:21
26:22
28:11
29:6
30:19
33:1,2,6
37:25
42:3
43:12
46:6
47:5,17
48:7
57:11
59:6,23
```

**relationship**
```
49:2
```

**remainder**
```
34:4
```

**remains**
```
9:20
24:23
29:4
38:17
```

**reminded**
```
13:14
```

**REMOTELY**
```
3:1
```

**repeat**
```
8:1
```

**repeated**
```
4:24
```

**repeatedly**
```
8:12
```

**report**
```
28:25
29:5
30:20
32:25
33:23
47:24
48:6
```

**reported**
```
24:4
```

**REPORTER**
```
3:6 19:7
60:21
```

**reporting**
```
3:8
```

**reports**
```
17:18
24:5
```

**representation**
```
7:3 24:13
50:17
```

**representations**
```
4:25 5:3
6:1,4,19,
23
```

**represented**
```
4:23 5:2
8:17
```

**reprimands**
```
28:2
```

**require**
```
30:12
```

**required**
```
48:3
```

**reserve**
```
33:5
```

**reset**
```
33:9
```



residence
5:15

resolved
38:1

resorts
12:25

respective
11:21

respond
8:10 59:5

responded
5:13 7:19
39:25

response
42:1

responsibilities
9:2

rest
8:4

restaurant
41:21

retroactively
44:20

review
12:7

ridiculous
53:23

right
13:17
15:23
16:23
17:21
18:9
19:12
20:2
22:13,14
26:9,14
27:10

28:22
29:12
38:6,11
39:1,20
42:14,15
44:7,10,
17,25
45:18
46:1,5,12
47:12,25
48:4
49:18
51:21
54:11
55:5 56:9
57:14,15
58:3 59:8
60:12,19

rights
33:6

road
32:20
34:2

room
15:21
41:1,7
42:11
43:2,3
49:11
54:1 57:2

rooms
53:23
54:4

route
38:14

ruled
34:18

rules
34:9

ruling
33:21

rulings
34:3

run
5:22

---

S

safety
53:6

said
4:9 6:25
7:17
10:13
17:24
22:19
23:18
27:8
33:22
42:11
45:3
46:21
56:17

same
3:22 9:20
15:22
23:19
38:18
42:6
46:14,15

Saturday
5:16

save
46:25

saving
47:5

savvy
17:1

saw
42:17

say
9:4,6
16:7
21:11
23:5
26:11
36:2 40:3
44:20

saying
7:10,17

23:8
25:1,18
29:18
41:2
46:17
50:9 54:5
59:18

says
25:1 33:4

scenario
56:23

scenarios
26:15

schedule
20:17
30:4

scheduled
36:23

scheduling
13:4
38:20

scope
13:7
36:23
37:24
46:7 47:2

screen
15:7

second
9:8 39:22
43:19
47:23
52:20
56:16

security
12:18
24:4,9
48:18,22,
24 49:3
54:13,14,
18,19
56:24,25
57:17
58:15,19,

20

see
4:17 7:13
8:4 11:17
16:25
17:1
20:9,23
21:1
26:9,16
28:20
37:17,20
39:7
40:12
54:7 55:5
59:3

seeing
59:14,16

seek
6:14
11:13

seeking
26:13

seen
28:21

Semenza
3:7 7:17
8:9 9:15,
19 10:5,6
16:20,22
17:3
18:3,5,9
19:4,9,
12,16,21
20:8,11,
21 21:6,
23 22:7
23:7,15,
20 25:17
26:7,14,
19,21
27:1,5,18
28:6,15,
22 29:12,
23 32:17
34:5,14
35:2,21
36:19,22

37:11,20
38:11,23
39:1,20
41:12
42:8,15
43:5,8,11
44:7,10,
15,18,23,
25 45:5,
9,15,18
46:1,5,9,
12,23
47:1,8,
12,22,25
48:4,10,
13 49:1,
7,14,17,
25 50:6
51:6
52:5,11,
16 53:11,
14,17
54:7,11,
22 55:1,
5,10,23
56:9
57:9,14,
16,24
58:3,6,9,
12,16,25
59:8,20
60:3,10,
12,15,18

send
7:5,20

sending
18:22

sense
10:19
14:15,17
51:9
53:21

sent
3:25 4:15
7:4,8,9
27:3,12,
15 30:4

---



sentence
29:22

separate
12:12

serve
5:12,15
6:3 7:7
27:8

served
4:24 5:1,
4 7:2,3,4
10:2

service
4:18 5:5,
8,11,14,
19,20
6:5,24
7:1,10,
15,18,20,
21 8:23
22:3,9

serving
13:1

set
9:24 12:8
24:18
33:10
34:8

setting
34:11,22
59:24

settle
18:1

settled
18:7,8

seven
57:20

share
15:6

shared
15:1,3

Shawn
57:1

shifted
13:23

shooting
53:9

shop
45:17

short
19:11
28:8

shortened
22:22

show
32:8

showed
29:19

side
11:5
48:18

signed
22:3

significant
4:2

simply
11:9

since
9:11
29:13
31:19
39:12
44:13

single
12:13

sir
56:8

sit
23:20
26:2 36:2
49:11

sitting
29:18
41:19

60:15

situation
40:12

soften
36:8

solely
6:5

some
6:7,14,
18,22
12:23
16:1
18:21,25
19:1
22:14
28:10
33:7,24
39:23
40:8
42:12
43:9
55:24

somebody
9:17
14:25
19:20
22:25
25:16
56:24

someone
12:16,18,
19 18:15
35:1 37:3
45:16
55:21
56:19,23
58:1

something
17:19
26:22
27:2
28:12
31:16,18
39:9 40:5
45:17
48:23

53:14

Somewhere
56:13

Somps
18:10
36:13
37:14
38:6,24
60:14,17,
23

son
30:16

soon
9:16
60:20

sooner
37:2

sorry
3:11 32:4
44:12
46:9

sort
4:10 6:7,
18 9:23
14:1,2
31:20
36:3,6,8
38:1,4
39:21
40:8
41:23
56:1

sorts
35:9

sought
36:15

sounds
59:7

speak
41:1

speaking
11:11
21:8
22:24

30:5
31:22
40:3 56:3

special
53:18

specific
11:1 40:9
52:5
57:18

specifically
4:7 9:1
40:19
47:5
58:14

specifics
24:12
40:15

spend
39:14

spoken
22:11

staff
15:2

standpoint
33:11

stands
51:21

stars
32:8

start
22:2
24:25
34:10,21
39:20
55:8 56:5

started
3:23
13:20

starting
20:19

State
52:1

stated
22:15

statement
6:18 8:18
40:9,21
42:19

statutory
47:21,23

stay
13:24
14:20

step
55:17

Stephen
3:19 5:18
8:11
10:10
14:7 17:3
19:10,12
37:23
39:12

Stephen's
38:4

Steve
6:17
14:16
17:21
19:17

stick
51:4
56:18

still
4:3 24:19
31:9 59:4

stip
31:17

stipulate
31:3,13

stipulating
15:13



Case 2:22-cv-02109-RFB-EJY    Document 99-9    Filed 05/23/25    Page 38 of 43

Meet and Confer                                    Shawn Padilla v. MGM Grand Hotel, LLC, et al.

stipulation
33:19
35:5 39:2

stole
45:17

stone
12:9

stop
5:11 7:21
56:6

story
28:8

strictly
34:2
49:16

stuff
16:6
21:13
25:12
41:8 56:7

subject
25:3
33:15
35:3
54:15

subpoena
4:4,11,
17,18,24,
25 5:4,5,
12,15,22,
23 6:13,
25 7:7
8:22,23
9:12,18
10:1
19:25
22:5
23:11,13
24:18,20,
23 25:20,
25 26:23
27:3
28:1,9
35:11,23

substance
4:1

such
5:8

suggesting
52:4

suggestion
31:20
52:6

suite
54:3

summarizing
56:22

summary
58:10

summer
31:2

Sunday
5:16

supervisor
56:25

sure
3:19 4:13
8:15
17:10
22:4
23:16,18
24:10
35:18
38:10
40:6
60:18

surveillance
12:17
22:20
23:3 24:9
25:3,6
41:2,15,
16 44:3

48:21,23
49:2
54:18,19
56:19,24
58:15,20
59:23

suspend
5:19

system
12:19
18:16
37:16
41:4

_____

T

table
12:19
41:7

tailored
53:22

take
10:8,14,
22 11:5,
11 13:11
15:13
16:24
19:7,9
20:17,24
21:1,4,10
23:21
24:14
31:21
56:2,22

taken
4:14 12:2
19:11
21:21
23:5

takes
24:6,8
32:23

taking
6:13
22:14
37:1

49:10
58:17

talk
4:11
6:11,20
19:13
26:3 36:1
50:20
51:20
54:12

talked
55:25

talking
41:3
44:18
47:3
48:18
55:13

tasks
20:3

team
22:20

tech
17:1

telephone
9:17

tell
40:20
53:1

telling
25:12

ten
11:6,12
35:8

tentative
14:22

term
27:9 50:4
51:13
59:18

terminations
28:2

terminology
45:12

testified
59:14

testify
18:15
23:1,10
24:1
25:14,16

text
26:9

than
3:15
11:12
21:10
28:20
29:21
31:1 35:8
41:24
51:23
53:5,8
55:17

thank
8:7 10:4
26:18
36:11
44:7,22
45:11
60:12,14

Thanks
60:11,13,
19

that's
7:22 8:2
9:4 13:8
15:14
16:13,14,
17 17:19
18:24
19:2 20:1
21:22
24:6 26:1
28:22
29:3,20
31:16,18

32:5,15
35:14
41:4 43:3
46:7,11,
21 47:21
51:10
53:21,23,
25 54:5
55:19
56:9 57:7

theft
47:17,20
48:2,6
51:13,14,
17,25
57:7

thefts
45:1,3,6
46:16

them
10:17
15:8,10,
11 16:11
20:5,19
21:11,16
36:1
39:8,18
41:3
49:9,10
54:2
55:14,15

then
13:22
14:11,20
16:13,23
21:1,14
24:20
25:20
26:12,21
27:15
30:16
31:6
32:22
33:1,4,5,
23 35:12
36:6
37:12,14
38:2



39:9,21
44:19
45:15,20
51:19
52:12
56:3,15
58:6
59:3,5,25

**there's**
9:22
17:15,16
24:2
25:9,12
30:18
36:25
39:7
40:14,20
41:22
42:2
50:14
51:9,12
53:4
54:16,17
55:24
56:12

**these**
8:5
11:15,16
12:24
15:15
16:6,7,9
20:4,17,
18,24
21:1,3,8,
9,18 24:1
31:22
32:12
35:7
38:10
39:23
40:10,25
48:14
55:13
57:22
59:2

**they've**
12:24

**thing**
9:5 15:5,
16,17
17:12
24:15
32:16
43:14
46:14
55:22
59:10

**things**
3:14 9:22
13:5 16:4
19:24
20:15
25:14
27:22
28:2,4
29:25
35:9 39:6
40:18
49:13

**think**
4:2 7:2
8:21 9:2
10:12,20
11:1,8,
10,24
12:22
13:10,14,
16 14:5
15:1,9
18:13,17,
19,23,24
19:1
23:22
24:2,3,6,
7 27:12,
25 29:7
31:9 32:7
33:10
34:15
35:2 37:5
38:7,24
39:15
43:24
44:15
46:5
47:20

48:22
49:18,19
50:11,12
51:10,11,
12,19
52:18
55:16,18,
19 56:17
57:21
58:25
59:4,7
60:6

**thinking**
8:13

**third**
43:15,17

**this**
3:7,10,13
6:7 8:4,
17 9:3,9,
21,25
10:8,18,
23 11:12,
20 12:8
14:16,21
15:5
17:10
18:10,14
19:5
20:13,19
21:20,21
22:10
24:12
25:1,14,
21,24
27:16
28:3
29:14,16,
17 30:1,
4,6 32:15
33:23
35:4,23,
25 36:1
37:20
38:13
40:1,12,
25 41:5,
13,17

42:18
44:14
45:11,13,
21 46:17,
21 47:2,
9,13,14
48:10,17
49:20,22
50:8
51:15,21
52:17,18,
22 53:1
54:16,19
55:8,9,
11,16,18,
19,21,23,
25 56:14,
15,22
57:19
58:10,13,
25 59:20
60:22

**those**
4:5 8:2
10:16
11:8 12:1
16:22
19:24
20:23
26:15
27:22
29:8
30:25
33:12,13
34:11
35:9
36:23
37:24,25
39:8 49:3
51:2
58:23

**thought**
32:2
47:14

**thoughts**
3:16
31:24
35:1 36:9

48:14

**three**
12:11
15:11,21
22:18
30:5 37:4
38:8
44:2,24
52:7,10
58:10,17,
23

**threshold**
35:9

**through**
12:6
13:20
15:22
16:13
17:20
18:21
27:11
30:7,15
31:5
38:15
39:11,15,
18,21
46:20
48:14
51:21
59:2

**throw**
10:19
11:14
12:3
31:24
37:9,16

**thrown**
11:20

**THURSDAY**
3:2

**time**
4:6 5:21
8:7
10:16,18,
22,24
11:8

13:18
14:5
15:22
17:9
20:16,25
21:4 30:2
31:1,6
32:6
36:24
39:14
41:10
44:2
45:20
47:9
48:10
50:11
51:11,18,
23 52:3
53:12
54:15
60:13

**timeline**
7:22

**timely**
7:14
33:11
35:4

**times**
20:5 42:7
52:2 53:2
59:21

**timing**
45:20

**Tipton's**
8:16
13:17,18

**to**
3:18,19,
20,22
4:1,3,4,
10,11,12,
13,16,18
5:3,5,8,
11,13,15,
18,19,21,
22,23,24
6:3,6,7,

Meet and Confer                                       Shawn Padilla v. MGM Grand Hotel, LLC, et al.

8,9,10,
11,13,14,
15,16,17,
19 7:5,7,
11,14,15,
18,20,23
8:1,3,4,
9,10,17,
21,22,23
9:5,12
10:8,10,
17,20,21,
22,25
11:4,9,
10,11,12,
13,14,22,
23,25
12:1,5,6,
7,9,10,
16,17,18,
19,24
13:2,7,
12,13,20,
23 14:4,
5,6,7
15:3,4,6,
8,10,13,
15,16,19,
20,24,25
16:1,4,5,
6,22
17:8,10,
13,14,15,
16,17,19,
22,23,25
18:6,13,
15,16,24
19:1,2,3,
13 20:3,
4,6,9,10,
13,19,21,
22,23,24,
25 21:2,
3,12,14,
16,25
22:4,9,16
23:1,4,7,
10,15,17,
18,21,22,
24,25

24:1,4,5,
8,11,14,
15,16,17,
19,22
25:10,13,
14,16,18,
21,22,23,
24,25
26:1,3,6,
9,10,11,
12,15,22
27:3,8,
12,15,21,
24 28:1,
9,11,12,
19,23,24
29:7,14,
20 30:3,
5,7,8,12,
16,17,18,
19,21,22
31:3,4,6,
9,12,14,
17,21
32:14,18,
21 33:1,
2,3,5,6,
7,9,16,
19,23,24
34:3,5,7,
8,10,18,
21 35:3,
5,6,7,18,
19,20,22,
23,25
36:1,5,
10,15,17,
18 37:5,
8,9,11,
17,18,22,
23,25
38:2,3,7,
14,15,16,
20,25
39:3,4,6,
10,11,14,
16,18,23,
24,25
40:2,3,6,
10,11,16,

18,20
41:1,6,7,
8,18,23
42:1,2,3,
6,11,12,
23 43:1,
3,12,17,
20,22,23
44:12,13,
14,16,20,
23 45:6,7
46:6,12,
15,21
47:5,13,
15,17,18,
24 48:3,
6,7,16,23
49:9,10,
11,15,16,
20,21,23
50:1,6,8,
10,19,20
51:14,15,
20,22
52:9,11,
17,22
53:3,22
54:2,10,
12,24
55:3,8
56:4,14
57:11
58:20,21
59:2,4,5,
6,14,15,
23

**today**
3:9,16,20
6:11 13:3
14:4
18:1,7
23:20
29:18
30:5
31:19
37:8

**today's**
4:7 22:24

**together**
3:10
13:19
35:25

**told**
16:8

**too**
37:13
39:14
43:13
50:12,13
51:22

**took**
6:15 20:3
48:11

**topic**
14:18
25:22
39:24
40:19
48:16
49:19
51:15,21
52:14,16
54:13
55:7
56:11

**topics**
6:10
13:2,7,13
14:13
15:19
23:10
24:17
38:2,10
39:12,21,
23 40:2,
4,25
48:22

**touch**
17:23
60:20

**touched**
59:11

**tough**
16:16

**toward**
41:5

**track**
41:2
55:14
56:1

**tracked**
55:18
56:4

**tracking**
12:20
18:16
37:16
41:4
55:20

**transcrib
ed**
4:21

**transpire
d**
12:3

**travel**
30:12

**treat**
53:10

**treated**
53:5

**treatment
s**
53:18

**tried**
15:8

**trip**
30:14

**True**
54:21

**try**
26:9,12

**trying**
7:23 12:9
15:6

**Tuesday**
16:12

**turn**
44:20

**two**
15:10
21:10,12
22:17
38:8 52:7

**type**
18:17

U

**ultimatel
y**
5:19
12:10

**unable**
15:4

**under**
25:3 29:3

**understan
d**
10:2,4
14:6
22:12
29:23,25
30:2
39:25
42:19
43:12,24
45:2
50:25
51:3
52:21
56:4
59:22

**understan
ding**
5:14
19:21
21:2 22:9
41:15,22

Case 2:22-cv-02109-RFB-EJY    Document 99-9    Filed 05/23/25    Page 41 of 43

Meet and Confer                                Shawn Padilla v. MGM Grand Hotel, LLC, et al.

**Understood**
49:17

**undertaken**
31:9
43:15

**unless**
3:23 32:6
34:25

**unprepared**
13:12

**until**
31:14
32:6
33:20
34:9
49:11

**up**
9:11 15:7
16:17,23
21:23
22:10
29:19
32:25
35:16
36:12
41:6,7
42:11
43:3
55:12
56:19
57:2,3,22

**upon**
7:16
33:21
34:19
55:2

**urgency**
37:1 39:7

**us**
4:5 7:18
10:2 14:4
15:13

19:7,9
28:19
31:6
35:19
38:8
42:14

**use**
25:2

**using**
25:7

**utilized**
40:6

───────
**V**
───────

**vacating**
25:15

**vacation**
37:8

**vague**
53:21

**very**
8:10
13:21
25:22
27:12
35:22

**video**
42:1,5,
12,16,22
43:9,13,
17,22,25
46:18,25
47:5
54:14
55:22
59:14,23

**videos**
18:21
42:6 58:1

**virtue**
50:23

───────
**W**
───────

**waiting**
34:8

**walk**
13:20
17:19
39:11
41:19
48:14
59:2

**walked**
41:5,6

**walking**
39:21

**want**
3:20 4:9,
12 6:17
7:18 8:3
11:4,11
14:5
15:25
22:4
23:7,15
24:15
29:14
34:5
36:17,18,
24 37:9,
11,17,18
39:11,14,
17 40:11,
14,18,19,
22 41:8
42:23
43:20,23
44:13
49:2,15
53:3
54:24
56:3
59:11

**wanted**
3:18,19
4:16 6:9
8:3 9:5

11:14,23
19:3
26:22
34:7
37:15

**wanting**
7:25
22:16,23

**wants**
10:8

**waste**
14:5

**watched**
42:22
58:1

**watching**
41:19

**water**
29:3

**way**
20:13
22:10
46:19
50:11,13
51:11,22

**we**
3:12
4:10,16,
17,20
5:2,4,6,
9,10,19
6:5,10,
13,20,23,
25 7:1,2,
3,4,13,19
8:4,5
9:9,16
10:7,8,
16,17,20,
21,23
11:9,15,
17 12:21
13:4,5,
12,14,18,
20,21,23,
25 14:1,

8,11,12,
13,14,18,
20 15:16,
21 16:16,
23 17:5,
19 18:1,
7,13,14,
20 19:6,
25 20:20
21:9,12,
19,20
23:1,5,25
24:16,20,
22 25:10,
20,22,24
26:11,24
27:5,10,
13,16,24
28:12,17
29:9
30:3,8
31:5,13,
17,18
32:1,11,
12,14,17,
20 33:1,
3,12
36:4,9,
22,24
37:9,14,
15,17,18,
24 38:1,
2,10,19
39:1,9,
13,15,17,
18 40:13,
14,15,22
41:8,24,
25 42:1,
5,6,12,
14,23
43:10
44:15,19
45:3,11
46:18
47:18
48:1,6,21
49:10,11,
12,19
51:20

52:12
53:2,3,8,
22 54:1,2
55:17,19,
25 56:1,
23 58:2,
3,11
59:1,4,
11,21,24

**we'd**
51:22
52:16,20

**we'll**
7:10
17:10
18:21
31:21
33:5 37:3
38:18
39:10
59:3,5
60:19

**we're**
3:6,16
6:11
11:21
12:11,16,
17,18
13:9
14:24
18:12,17,
24 19:1
20:1 21:2
23:18
26:13
27:16,21
28:1
29:13
30:21
32:16
33:9
34:1,10,
21 36:5,
24 37:5
38:14,24
39:4,12,
16 40:21
41:13



Meet and Confer                    Shawn Padilla v. MGM Grand Hotel, LLC, et al.

43:4
44:13,18,
23 45:12,
14,16
47:3
49:9,20,
21 50:17
53:25
55:13

**we've**
10:25
11:20
15:5
28:21
40:2,13
42:9
48:18
51:1
57:21
59:20

**Wednesday**
16:12
20:13

**week**
14:24
20:13

**weekend**
7:7

**weeks**
30:5 37:4

**welcome**
44:9

**welfare**
53:6

**well**
7:12 12:4
16:3,5
17:7,18
19:13
21:4
24:2,25
25:22
26:3,14
29:9
31:23
32:17

37:7
43:11
44:20
45:22
47:2
49:23
55:9
56:13

**well-being**
53:7

**went**
7:22
27:11
41:7
42:1,11
43:3
47:14

**what**
4:13
6:15,17
7:18 9:8
10:20,24
11:9
12:2,3
14:13,17
17:23
18:7,24
20:1,9,25
21:24,25
23:1,8,18
24:6,8,14
25:17
26:1,16
28:25
29:3,20
30:10,12
32:10,23
35:22
39:17
40:7,9,
19,21,22
41:3,5,25
43:1,2,25
45:5,12,
13,24
46:17,21
48:6,18,

24 49:1,
4,8 51:12
52:3,7
53:25
54:7,23
55:5,19
56:11,15
57:6,22
58:18,21,
22 59:1,4

**what's**
17:8
34:18
36:12
46:24

**whatever**
11:24
34:9,17
35:5
36:24
37:2
41:21
56:20
60:6

**when**
16:7
29:16
40:3
41:5,6,7
46:24
48:23
56:5,6

**where**
8:14
12:10
13:4,8,14
14:12,14
19:25
20:1
21:13
24:3 36:9
40:13
42:25
49:10
51:17
55:12

**whereabouts**
41:10

**whereupon**
60:25

**whether**
9:23
13:23,24
14:8,9
17:10
22:8
25:19
27:21
30:11
31:22
35:8 37:4
43:16
44:2 47:4
49:8
51:20
60:4

**which**
4:22 5:1
7:9 8:19
11:21
12:12,20
15:9,19
16:17
17:6 20:5
21:3
25:22
28:3
31:6,11
32:21
38:17
41:17
42:13
43:21
45:21
46:16
51:18
55:18

**while**
34:11
44:3

**whittle**
13:5

**who**
45:17
54:14
55:21
56:25

**whole**
43:14

**why**
11:18
40:4
42:24
45:2,5
54:5
57:23

**wife**
41:20

**willing**
5:5 24:19
31:3

**Wings**
5:18 7:5,
14,16

**wish**
3:12

**with**
3:12,17
4:1,24
5:12 6:16
8:18,25
9:1,17
13:5,6,
11,12
14:10,13,
17,20,23
15:2,7
17:8
18:19
20:4
21:2,8,
15,18,24
22:3,11,
24 27:6,
13,23
29:17
33:18
34:4

35:23
36:1,17,
18 37:19
38:3,15,
16 39:24
40:18
41:20
43:6
44:25
49:4,6
51:1,5,
24,25
53:15
55:25
56:16,18
58:4 60:7

**withdraw**
23:12
24:19
25:25
26:12
28:9
49:24

**withdrawing**
25:19
35:11

**within**
10:16
12:13
14:9 25:6
36:24

**without**
4:4 18:1
26:8
43:13

**witness**
18:14,18
23:1,9
24:17
25:13
32:18
36:16
39:5
49:21

**witnesses**
8:6

10:11,22
11:3,16
12:12,25
21:3
30:20
31:7
34:15,17
35:4,15
36:14
37:21
38:20

**witnesses'**
10:15

**won't**
25:25

**words**
54:10
57:20

**work**
9:6
15:15,25
19:22
20:18
21:13
31:17
32:15
35:25
38:3,20
39:8
40:22
53:15

**workable**
21:2

**worked**
8:19
21:14
22:17

**working**
14:23
20:2

**writing**
59:5

**written**
18:21

33:24

**wrong**
50:4

---

### Y

**yeah**
8:9  14:16
20:11
21:6
28:14,22
29:23
33:18
34:7
35:14
36:13,21
37:12,20
39:13
42:8,11
43:6,11
46:9
47:22
49:20
57:2
58:3,5,9
60:18

**years**
50:1  52:2

**Yep**
9:6  49:25

**yes**
7:19
23:14
26:11
29:9  30:2
33:4
38:22
39:13
44:23
45:10,12
47:7
53:25
54:25
56:8,13

**yet**
10:10
35:13,21

---

### Z

**zoom**
42:12
59:15

**zoomed**
42:17