# EXHIBIT 9

Plaintiff's May 25, 2025 E-mail Correspondence

## Katie Cannata

| | |
|---|---|
| **From:** | R. A. Nahabedian, Esq. <raffi@nahabedianlaw.com> |
| **Sent:** | Tuesday, May 20, 2025 4:36 PM |
| **To:** | Lawrence J. Semenza, III; Katie Cannata; Michael P. Somps; Nona ML. Lawrence |
| **Cc:** | R. A. Nahabedian, Esq.; jag@mgalaw.com; 'sgc@mgalaw.com' |
| **Subject:** | FW: Padilla v. MGM - SAO to Extend Discovery |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

I read the transcript of May 15 and it does not read as "you" claim and it does not support "your" proposed Stipulation which we will not agree to. Moreover, and tellingly, it was made clear in the transcript that I am lead-counsel in this matter relating to Mr. Padilla as I associated in Maier Gutierrez & Associates as co-counsel of record. For you to somehow assert that I am to accept your interpretation of the record, which conflicts with Mr. Clough's understanding, without any expression or position by me is faulty at best and, indeed, disingenuous.

My inability to participate on Thursday was due to a continued family emergency and my required presence in the hospital to meet with medical staff relating to my Mother. Unfortunately, on Friday I was met with another family emergency, a 911 call for my Father who became nonresponsive and with a minimal heart rate of below 40, who also remains in the hospital. While my family trauma has been most unfortunate, it does not permit or provide you with the ability to take advantage of my dire family situation at the expense of Mr. Padilla and to your specious benefit.

Indeed, had I been able to participate on May 15, I would have once again annihilated your disparaging and incorrect assertions placed on the record just as I did during the May 9 meet and confer. Once again, you started – what was believed to be – a good faith meet and confer with a host of grossly misguided and false claims and assertions against me even though I was not present. Unfortunately, I expected nothing less given your shameless acts directed at me on May 9. By the way, where is the May 9 transcript as we have yet to receive it, even though we received a copy of the May 15 transcript? Indeed, one would think that the transcript from May 9 would be prepared and sent before the May 15 transcript.

Since you know of my firm and that my firm initiated the lawsuit against the defendants (as reflected in the May 15 transcript), it is only reasonable that I would be allowed to provide my input on the matter (just as I did during the May 9 meet and confer). Again, my lack of presence for the May 15 meet and confer was not out of, "Steve can handle it," but out of necessity. Had I been present on the May 15 call, as I was on May 9, I would have been the primary participant on the call, as I was on May 9. Indeed, had circumstances allowed me to participate, I never would have agreed to the dates set forth in your proposed Stipulation. In fact, as the record reads, neither does Mr. Clough who made it clear that any extensions would be the result of motion practice outcomes, NOT a blanket extension.

I will agree to only a forty-five (45) day extension, nothing more unless, of course, when the Court rules upon a particular motion and based upon the ruling an element of discovery can ensue after the discovery – which is not uncommon. A blanket extension of all dates into October 2025 and into 2026 will not happen. You have delayed this matter long enough in relation to the depositions (see your emails and the repeated follow ups). The depositions need to ensue forthwith and without further unnecessary delays. In fact, given delay after delay, and since it took so long for you to make a determination if a fact witness can also serve as a 30b6 witness, we decided to reconfigure who we seek to depose as a fact witness and who to depose as a 30b6 to ensure that we do not go over 10 depositions. Given such, your shameless *quid pro quo* is hereby rejected.

With the expert witness disclosures made and the rebuttal expert reports to be produced in the immediate future, all that remains are the depositions and the outstanding Subpoenas. Nothing is in the way for the depositions to move

forward within the proposed 45 days and we will send notices forthwith as *we will no longer be hostage to your orchestrated delay tactics*. As for the Subpoenas, as expected, still no motions filed which, again, is indicative of further delay. At least we know of one deposition coming up before the close of discovery.

As I had yet to be provided with any opportunity to comment or contribute to the matter as known lead counsel for Mr. Padilla and given the fact that the May 15 meet and confer was a continuation of the May 9 meet and confer *which I undeniably took lead on*. Moreover, given that Mr. Clough does not agree with the terms of "your" proposed Stipulation as Mr. Clough does not agree with "your" interpretation of the meet and confer, there is nothing to stipulate to or, as you so boldly state, there is nothing to "honor" as what you presented is "not honorable" as there was no agreement and no meeting of the minds. This is especially true when you glaringly are omitting a counsel to the lawsuit who has a right to participate in this process.

My prior email remains and this email (which includes Mr. Clough's disagreement with "your" interpretation and "your" proposed Stipulation) is provided in support thereof. Forty-five (45) days is more than ample time and the Court will undeniably reflect upon the Court's docket revealing your overzealous law and motion practice and the fact that Mr. Padilla, just months ago, was forced to file a Motion to Extend for a mere thirty (30) days based on your unyielding posture and obstinance.

Respectfully,

---

**From:** Lawrence J. Semenza, III <ljs@semenzarickard.com>
**Sent:** Tuesday, May 20, 2025 2:45 PM
**To:** R. A. Nahabedian, Esq. <raffi@nahabedianlaw.com>; Katie Cannata <klc@semenzarickard.com>; Michael P. Somps <MSomps@ag.nv.gov>; Nona ML. Lawrence <nlawrence@ag.nv.gov>; Lawrence J. Semenza, III <ljs@semenzarickard.com>
**Cc:** jag@mgalaw.com; 'sgc@mgalaw.com' <sgc@mgalaw.com>
**Subject:** RE: Padilla v. MGM - SAO to Extend Discovery

Mr. Nahabedian, we disagree with the assertions contained in your e-mail. As set forth in the meet and confer conference transcript of May 16, 2025, which you have been provided with, the parties agreed to extend discovery through the end of October, among other things. We prepared the proposed stipulation and order consistent with that agreement. Please confirm that the agreement will be honored.

Lawrence J. Semenza, III, Esq.
Semenza Rickard Law
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
E-mail: ljs@semenzarickard.com
Website: www.semenzarickard.com
Telephone: 702-835-6803
Cellular: 702-612-9813
Facsimile: 702-920-8669

To ensure compliance with the requirements imposed by the IRS, we inform you that any federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for purposes of (i) avoiding penalties under the Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any transaction or tax-related matter addressed herein.

This transmission and any attachment is attorney privileged and confidential. Any dissemination or copying of this communication is prohibited. If you are not the intended recipient, please notify us immediately by replying and delete the message. Thank you.

---

**From:** R. A. Nahabedian, Esq. <raffi@nahabedianlaw.com>
**Sent:** Tuesday, May 20, 2025 12:34 PM
**To:** Lawrence J. Semenza, III <ljs@semenzarickard.com>; Katie Cannata <klc@semenzarickard.com>; Michael P. Somps <MSomps@ag.nv.gov>; Nona ML. Lawrence <nlawrence@ag.nv.gov>
**Cc:** R. A. Nahabedian, Esq. <raffi@nahabedianlaw.com>; jag@mgalaw.com; 'sgc@mgalaw.com' <sgc@mgalaw.com>
**Subject:** FW: Padilla v. MGM - SAO to Extend Discovery

I reviewed the proposed stipulation and we are not in agreement with the excessive extended dates. Indeed, the depositions and the issue of depositions have been on the table for months (please see your emails as the history about depositions and the delays are well documented). We easily could have noticed the depositions to be completed before the end of discovery but, apparently, there were issues raised by MGM (months ago) relating fact witnesses and 30b6 witnesses. Inasmuch as we had numerous telephone conferences about these depositions in an effort to resolve the matter and get the depositions on calendar without further delay, there was never a conclusion despite the repetitiveness of the discussions leading to a repeated kick-the-can down the road policy.

There is no doubt that we all knew what the discovery cut-off dates were as I was forced to file a motion to get the dates extended by only one (1) month as MGM/Lawrence Semenza refused just a brief one-month extension (which the Court granted). While we agreed to a brief stay of the matter given the agreement to engage in a Court Settlement Conference (see ECF 96), the Settlement Conference did not result in a good faith settlement and the matter now needs to move forward to trial. Moreover, as a reminder, since the lawsuit's inception, MGM has litigated this matter to the fullest degree.

In terms of current disputes, we scheduled and had meet and confer efforts. First, in regards to the subpoena issued by Mr. Clough's office regarding the NGCB Incident Report and the NGCB agents' employee files, it was clear that we disagree with the positions taken by MGM and the AG's Office and we were unable to resolve the matter. While the meet and confer was over a week ago, there are still no filings by MGM or the AG's Office to quash the Subpoena or for a protective order. Second, as to the properly prepared and issued Subpoena and Deposition Notice for Mr. Hornbuckle, that issue has been discussed twice and there was no resolution during the meet and confer. Again, there still are no motions to quash or for a protective order.

Indeed, the non-filing of motions by MGM and the AG's Office is causing unreasonable delay in the matters notwithstanding MGM's and the AG's Office's expressed opposition and our inability to agree in regards to the aforementioned Subpoenas. As such, it appears that compliance to our Subpoenas are in order and we will expect such given the non-filings and delays.

While we all agreed that expert disclosures would be delayed/stayed pending the Settlement Conference and that discovery would be due on June 5, 2025 (see ECF #96), the expert reports have been disclosed and rebuttal disclosures are to follow shortly. All that remains are: (1) the fact and 30b6 depositions (which, again, have been on the table for months and months); (2) the production of the documents requested via subpoena to the NGCB; and (3) the deposition of Mr. Hornbuckle which will go forward as noticed (as there remains no resolution to the matter and we have yet to receive confirmation that Mr. Hornbuckle personally received the Subpoena and Notice of Deposition; indeed, saying "he is aware" is not consistent with the substitution of service requirement that was signed by counsel).

In an effort to resolve the above and given that MGM's counsel is a law firm with multiple attorneys and the AG's Office has countless attorneys, Mr. Padilla will only stipulate to a forty-five (45) day extension on discovery and related dates, and no longer. Again, remember, I was just recently (Jan-Feb 2025) forced to file a Motion for a one-month extension

given MGM's/Lawrence Semenza's unyielding refusal to stipulate (and despite Mr. Clough's open willingness to agree to MGM's counsel, Katie Cannata, request for an extension in the later part of 2024).

The Court's docket is clear and reflects MGM's tactics during the course and scope of this lawsuit. We will only agree to a forty-five (45) day extension. If unacceptable, we will make the above arguments and other arguments to the Court.

Mr. Padilla deserves his day in Court and before the jury without continued delay to ensure a full and complete vindication and validation of his claims and damages against those responsible for subjecting an innocent person to such despicable and reprehensible conduct (especially when all of MGM's evidence undeniably showed and proved his innocence).

Your immediate response is requested as there can no longer be any further unnecessary or tactical delays.

Respectfully,
Raffi

---

**From:** Katie Cannata <klc@semenzarickard.com>
**Sent:** Monday, May 19, 2025 3:48 PM
**To:** Michael P. Somps <MSomps@ag.nv.gov>; Nona ML. Lawrence <nlawrence@ag.nv.gov>; R. A. Nahabedian, Esq. <raffi@nahabedianlaw.com>; Stephen Clough <sgc@mgalaw.com>
**Cc:** Olivia A. Kelly <oak@semenzarickard.com>; Lawrence J. Semenza, III <ljs@semenzarickard.com>; Yadira Gonzalez <yg@mgalaw.com>
**Subject:** RE: Padilla v. MGM - SAO to Extend Discovery

Sure thing. An updated version of the stipulation is attached.

---

**From:** Michael P. Somps
**Sent:** Monday, May 19, 2025 3:36 PM
**To:** Katie Cannata ; Nona ML. Lawrence ; R. A. Nahabedian, Esq. ; Stephen Clough
**Cc:** Olivia A. Kelly ; Lawrence J. Semenza, III ; Yadira Gonzalez
**Subject:** RE: Padilla v. MGM - SAO to Extend Discovery

Thanks Katie.

For discovery that has been done, can you include:

Defendants Adams' and Stevenson's November 22, 2024 Second Set of Requests for Production of Documents to Plaintiff. Also, can you include the individual defendants' recent request for Admissions to MGM.

Otherwise, I'm fine with the stipulation.


Michael Somps
Senior Deputy Attorney General
Attorney General's Office
5420 Kietzke Lane, Suite 202
Reno, Nevada 89511
775-687-2124
775-850-1150 (fax)

*Important: This communication, including any attachments, may contain privileged and confidential information and is intended only for the individual or entity to whom it is addressed. Any review, dissemination, or copying of this communication by anyone other than the intended recipient is strictly prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and delete all copies of the original message. This e-mail does not represent official Attorney General opinion or policy.*

---

**From:** Katie Cannata <klc@semenzarickard.com>
**Sent:** Monday, May 19, 2025 1:13 PM
**To:** Nona ML. Lawrence <nlawrence@ag.nv.gov>; Michael P. Somps <MSomps@ag.nv.gov>; R. A. Nahabedian, Esq. <raffi@nahabedianlaw.com>; Stephen Clough <sgc@mgalaw.com>
**Cc:** Olivia A. Kelly <oak@semenzarickard.com>; Lawrence J. Semenza, III <ljs@semenzarickard.com>; Yadira Gonzalez <yg@mgalaw.com>
**Subject:** Padilla v. MGM - SAO to Extend Discovery

**WARNING** - This email originated from outside the State of Nevada. Exercise caution when opening attachments or clicking links, especially from unknown senders.

All –

Attached is the proposed stipulation to extend. Given the length of the requested extension, and to demonstrate that the parties are diligently working through outstanding discovery/related issues, we thought it may be a good idea to attach the transcript of our most recent meet and confer conference. That transcript is also attached for reference. Please let us know if you have any proposed revisions and/or comments.

Thanks,

Katie L. Cannata, Esq.
**Semenza Rickard Law**
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
E-mail: klc@semenzarickard.com
Website: www.semenzarickard.com
Telephone: 702-835-6803
Cell: 702-219-5200
Facsimile: 702-920-8669