# EXHIBIT 10

Objection to Subpoena for Deposition
and Request for Documents

Lawrence J. Semenza, III, Esq., Bar No. 7174
Email: ljs@semenzarickard.com
Katie L. Cannata, Esq., Bar No. 14848
Email: klc@semenzarickard.com
SEMENZA RICKARD LAW
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803
Facsimile: (702) 920-8669
*Attorneys for Defendant MGM Grand Hotel, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SHAWN PADILLA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MGM GRAND HOTEL, LLC, a Nevada entity; ANDREW STEVENSON, an individual (Doe 1); KEVEN ADAMS, an individual (Doe 2); JERIMIAH TIPTON, an individual (Doe 3); DOES IV through X, and ROES I through X,<br><br>Defendants. | Case No. 2:22-cv-02109-RFB-BNW<br><br>**OBJECTION TO SUBPOENA FOR DEPOSITION AND REQUEST FOR DOCUMENTS** |

Defendant MGM Grand Hotel, LLC ("MGM Grand"), by and through its undersigned counsel of record with Semenza Rickard Law, hereby objects to the Subpoena for Deposition (and corresponding request for documents) (the "Subpoena") directed to William Hornbuckle ("Mr. Hornbuckle"), which was issued by Plaintiff Shawn Padilla ("Plaintiff") on May 8, 2025.

**Objection to Subpoena's Request for Mr. Hornbuckle's Appearance at a Deposition**

According to the Subpoena, Plaintiff intends to depose Mr. Hornbuckle on the following matters: (1) creation and oversight of MGM Grand's surveillance department by the Board of Directors; (2) policy and procedures of the surveillance department; and (3) the Board of Directors' knowledge of and actions regarding matters involving the surveillance department and Plaintiff. As stated in prior discussions, it is believed that Mr. Hornbuckle would not have any

personal knowledge – let alone *unique* knowledge – concerning Plaintiff, his alleged December 26, 2020 incident and/or MGM Grand's surveillance operations. Indeed, Plaintiff's request to take the deposition of Mr. Hornbuckle is based on a fundamental mistake of fact. Plaintiff assumes incorrectly that Mr. Hornbuckle is or was a member of the Board of Directors mentioned in the MGM Grand Surveillance Department policies. Therefore, there is simply *no reason* for Plaintiff to conduct Mr. Hornbuckle's deposition.

Given that it is counsel's belief that Mr. Hornbuckle is without any personal knowledge regarding this matter, the Subpoena was issued for an improper purpose.[1] Indeed, it is readily apparent that the Subpoena is solely intended to harass Mr. Hornbuckle, the CEO of Defendant's parent company, MGM Resorts International ("MGM Resorts"), in an attempt to encourage a favorable resolution of this case in favor of Plaintiff. *See Apple Inc. v. Samsung Elecs. Co., Ltd.*, 282 F.R.D. 259, 262–63 (N.D. Cal. 2012) ("When a party seeks the deposition of a high-level executive (a so-called 'apex' deposition), courts have 'observed that such discovery creates a tremendous potential for abuse or harassment.'"); *Affinity Labs of Texas v. Apple, Inc.*, 2011 U.S. Dist. LEXIS 53649, 2011 WL 1753982, at 15 (N.D. Cal. 2011) ("Where a high-level decision maker removed from the daily subjects of the litigation has no unique personal knowledge of the facts at issue, a deposition of the official is improper.") To say that the Subpoena achieved the *opposite* of its intended effect would be an understatement. MGM Grand – and presumably, the Court – will not tolerate Plaintiff's improper litigation tactics.

The impropriety of the Subpoena is further underscored by Plaintiff's counsel's attempts to personally serve Mr. Hornbuckle. As you will recall, prior to the issuance of the Subpoena, counsel for MGM Grand instructed Plaintiff's counsel not to communicate directly, or indirectly, with Mr. Hornbuckle. MGM Grand's counsel further stated that if Plaintiff intended to move forward with Mr. Hornbuckle's deposition, that counsel refrain from attempting personal service and provide any documents to MGM Grand's counsel for review so that they could determine

---

[1] The Subpoena's improper purpose is further evidenced by Plaintiff's election to subpoena Mr. Hornbuckle in his individual capacity, rather that a subpoena to an MGM Resorts' FRCP 30(b)(6) designee.

2

**112**

whether they could accept service. That request was ignored. Instead, Plaintiff proceeded to issue the Subpoena and began attempts to effectuate personal service on Mr. Hornbuckle at his home.

Thereafter, during the parties' May 9, 2025 meet and confer conference, MGM Grand's counsel reiterated that they would accept service of the Subpoena. In response, Mr. Nahabedian stated that the Subpoena had "already been delivered to Mr. Hornbuckle's office," and that it was his "belief and understanding" that service was effectuated the day prior. MGM Grand's counsel later confirmed that Mr. Hornbuckle had, in fact, not been served with Subpoena. As such, counsel for MGM Grand sent an e-mail (again) requesting that Plaintiff cease service attempts, given that counsel was authorized to accept service. MGM Grand did not receive a response. Rather, it was later confirmed that additional attempts to serve Mr. Hornbuckle at his residence were undertaken on the evening of May 9, 2025 and thereafter. It was not until the following Monday that MGM Grand's counsel was provided with an acceptance of service form.

Next, the topics set forth in the Subpoena do not have any bearing on the parties' dispute – and are both irrelevant and unproportional to the needs of this action. Among other things, the purported "creation and oversight" of MGM Grand's surveillance department has nothing to do with Plaintiff's alleged incident. In addition, there is simply ***nothing*** to indicate that MGM Resorts International's Board of Directors (which is nowhere referenced in the MGM Grand Surveillance Department policies at issue) would have any knowledge of the alleged incident or the MGM Grand surveillance policies and procedures.[2] What's more, MGM Grand has already disclosed surveillance policies and procedures that are pertinent to this action, which would not be appropriately addressed by Mr. Hornbuckle.

Finally, the Subpoena is procedurally defective. Pursuant to FRCP 45(b)(1), if a subpoena requires a person's attendance, the serving party must tender the fee for 1 day's attendance and the mileage allowed by law. Moreover, pursuant to 28 USC § 1821, a witness is entitled to a fee of "$40 a day for each day's attendance," including "the time necessarily

---

[2] The question of whether MGM Resorts' Board of Directors was involved with MGM Grand's surveillance operations does ***not*** necessitate the deposition of Mr. Hornbuckle.

3

113

occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance." The Subpoena that Plaintiff attempted to personally serve on Mr. Hornbuckle (prior to counsel's acceptance of service) was not accompanied by a check for purported witness fees, as a such, violates FRCP 45(b)(1) and 28 U.S. Code § 1821.

### Objection to Subpoena's Request for Documents

In addition to Mr. Hornbuckle's appearance at a deposition, the subpoena requests the following: "All documents/communications (as Defined by the Federal Rules Evidence) prepared, presented, or provided by and/or between the Board of Directors ("Board") and the Surveillance Department ("SD") regarding Plaintiff and/or the matters involving the SD in relation to Plaintiff stemming from the events of December 26, 2020."

MGM Grand objects to this request on the grounds that it is unduly burdensome, given that it requires Mr. Hornbuckle – in his individual capacity – to produce documents.[3]  "A court may prohibit a party from obtaining discovery from a non-party if that same information is available from another party to the litigation." *Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 300 F.R.D. 406, 409 (C.D. Cal. 2014); *see also Precourt v. Fairbank Reconstruction Corp.*, 280 F.R.D. 462, 467 (D.S.D. 2011) ("If the party seeking information can easily obtain the same information without burdening the non-party, the court will quash the subpoena."); *Brown v. City of Syracuse*, 648 F.Supp.2d 461, 466 (N.D.N.Y. 2009) (when balancing hardships between requesting party and non-party, the court should consider whether there are other sources for obtaining the material); *Arthrex, Inc. v. Parcus Medical, LLC*, 2011 WL 6415540, at *6 (S.D. Ind. Dec. 21, 2011) ("A party's ability to obtain documents from a source with which it is litigating is a good reason to forbid it from burdening a non-party with production of those same requests."); *United States v. Columbia Broad. Sys., Inc.*, 666 F.2d 364, 371-72 (9th Cir. 1982) ("Nonparty witnesses are powerless to control the scope of litigation and

---

[3] It is MGM Grand's understanding that any and all documents concerning Plaintiff's alleged December 26, 2020 incident have already been produced in this matter, and that there would be no documents exchanged between MGM Grand and the "Board" concerning Plaintiff and/or the alleged incident.

discovery and should not be forced to subsidize an unreasonable share of the costs of a litigation to which they are not a party.").

MGM Grand further objects to the Subpoena's request on the grounds that it (1) assumes facts not in evidence (*i.e.* that the "Board" had any interaction with MGM Grand's surveillance department concerning Plaintiff and/or his alleged incident, and that Mr. Hornbuckle is or was a member of the Board mentioned in the MGM Grand Surveillance policies), and (2) is vague and ambiguous as to the precise documents and/or communications being sought. MGM Grand similarly objects on the grounds that the undefined term "Board of Directors" is vague and ambiguous.

The foregoing is not intended to be an exhaustive list of MGM Grand's objections to the Subpoena. MGM Grand hereby reserves any and all rights and remedies as it relates to the Subpoena and its objections thereto.

DATED this 20th day of May, 2025.

SEMENZA RICKARD LAW

*/s/ Katie L. Cannata*
Lawrence J. Semenza, III, Esq., Bar No. 7174
Katie L. Cannata, Esq., Bar No. 14848
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
*Attorneys for Defendant MGM Grand Hotel, LLC*

# CERTIFICATE OF SERVICE

I am employed by the law firm of Semenza Rickard Law in Clark County. I am over the age of 18 and not a party to this action. The business address is 10161 Park Run Drive, Suite 150, Las Vegas, Nevada 89145.

On the 20th day of May, 2025, I served the document(s), described as:

**OBJECTION TO SUBPOENA FOR DEPOSITION AND REQUEST FOR DOCUMENTS**

☒ by serving the ☐ original ☒ a true copy of the above and foregoing via:

☐ a. **CM/ECF System** to the following registered e-mail addresses:

☐ b. **BY U.S. MAIL.** I deposited such envelope in the mail at Las Vegas, Nevada. The envelope(s) were mailed with postage thereon fully prepaid. I am readily familiar with Semenza Rickard Law's practice of collection and processing correspondence for mailing. Under that practice, documents are deposited with the U.S. Postal Service on the same day which is stated in the proof of service, with postage fully prepaid at Las Vegas, Nevada in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date stated in this proof of service.

☐ c. **BY PERSONAL SERVICE.**

☒ d. **BY DIRECT EMAIL.**

**OFFICE OF THE ATTORNEY GENERAL**
Michael Somps, msomps@ag.nv.gov,
Nona ML Lawrence, nlawrence@ag.nv.gov
Darlene Caruso, Dcaruso@ag.nv.gov
*Attorneys for Defendants Kevin Adams and Andrew Stevenson*

**MAIER GUTIERREZ & ASSOCIATES**
Joseph A. Gutierrez, jag@mgalaw.com,
Stephen G. Clough, sgc@mgalaw.com,
Yadira Gonzalez, yg@mgalaw.com
&
**LAW OFFICE OF RAFFI A. NAHABEDIAN**
Raffi A. Nahabedian, Esq., raffi@nahabedianlaw.com
*Attorneys for Plaintiff*

☐ e. **BY FACSIMILE TRANSMISSION.**

I declare under penalty of perjury that the foregoing is true and correct.

*/s/ Angie Barreras*
An Employee of Semenza Rickard Law

116