1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

SHAWN PADILLA,

       Plaintiff,

   v.

MGM GRAND HOTEL, LLC, a Nevada entity; ANDREW STEVENSON, an individual (Doe 1); KEVIN ADAMS, an individual (Doe 2); JERIMIAH TIPTON (Doe 3); DOES IV through X, and ROSE I through X,

       Defendants.

Case No.  2:22-cv-02109-RFB-EJY

**ORDER**

Pending before the Court are the following documents: (1) Defendant MGM Grand's Sealed Motion to Seal Document (ECF No. 101), MGM Grand's second Sealed Motion to Seal Document (ECF No. 102); (2) the unsealed versions of these respective Motions (ECF Nos. 103, 105); and (3) the exhibit MGM Grand seeks to seal (ECF Nos. 99, 100).

The Motions to Seal seek leave to file MGM Grand's surveillance policies and procedures, marked as Exhibit 11 to the pending Motions for Protective Order (ECF No. 99) and to Quash Subpoena (ECF No. 100), under seal.  As the party seeking to seal a judicial record, MGM Grand must meet their burden of overcoming the strong presumption in favor of access and public policies favoring disclosure.  *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006).  When the document sought to be sealed relates to a discovery motion, however, the less burdensome "good cause" standard applies.  *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).  The mere fact that a document is marked as confidential or does not, without more, justify filing the document under seal.  *Heath v. Tristar Products, Inc.*, Case No. 2:17-cv-02869-GMN-PAL, 2019 WL 12311995, at *1 (D. Nev. Apr. 17, 2019) (citing *Foltz*, F.3d at 1133 (9th Cir. 2003)).

After considering the Motions to Seal and the attached exhibit, the Court finds MGM Grand establishes the internal policies described within constitute trade secrets that are properly sealed. However, the Court notes that MGM Grand filed the Motions to seal under seal (ECF Nos. 101, 102) for no apparent reason as there is nothing in the Motions that meets the burden established in *Kamakana*.   Moreover, the exhibit MGM Grand seeks to seal was separately filed under seal; hence, there was no need to attach the document to the Motions to Seal.   When seeking leave to file documents under seal, a party must file three things: (1) when applicable, a redacted version of the document filed on the public docket; (2) an unredacted version of the document filed provisionally under seal; and (3) a motion to seal, which should not be filed under seal unless the motion itself contains sealable information.

Accordingly, IT IS HEREBY ORDERED that Defendant MGM Grand's Motion to Seal Exhibit 11 to Emergency Motion for Protective Order (ECF No. 103) and Motion to Seal Exhibit 11 to Emergency Motion to Quash (ECF No. 105) are GRANTED.

IT IS FURTHER ORDERED that the sealed version of the Motions to Seal, at ECF No. 101 and ECF No. 102, are stricken from the docket.

IT IS FURTHER ORDERED that ECF No. 104 and ECF No. 106 are and shall remain sealed.

DATED this 2nd day of June, 2025.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

2