UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SHAWN PADILLA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MGM GRAND HOTEL, LLC, a Nevada entity; ANDREW STEVENSON, an individual (Doe 1); KEVIN ADAMS, an individual (Doe 2); JERIMIAH TIPTON (Doe 3); DOES IV through X, and ROSE I through X,<br><br>　　　　Defendants. | Case No. 2:22-cv-02109-RFB-EJY<br><br>**ORDER** |

There are now six motions pending before the undersigned,[1] all of which are interrelated. *See* ECF No. 99 (MGM Grand Hotel's Motion for Protective Order) ripe on June 14, 2025; ECF No. 100 (MGM Grand Hotel's Motion to Quash Subpoena for William Hornbuckle) ripe on June 14, 2025; ECF No. 109 (MGM Grand Hotel's Motion to Extend Discovery Deadlines) ripe on June 18, 2025; ECF No. 112 (MGM Grand Hotel's Motion for Leave to File Supplement to Motion for Protective Order and Motion to Quash Subpoena) ripe on June 6, 2025; ECF No. 114 (Plaintiff's Motion to Compel) ripe on July 29, 2025; and now ECF No. 131. The Court has an extremely busy docket and works as quickly and thoroughly as possible to resolve issues presented. The present Emergency Motion does not speed up that process. Further, the issues presented in the pending Motions including, but not limited to, an effort to depose the Chief Executive Officer of MGM Resorts International, are not considered lightly. Indeed, Plaintiff's Motion to Compel concerns a matter of significant importance. Each of these issues will be considered and decided in due course and as soon as reasonably possible.

The above said, Plaintiff presents no basis for reconsideration of the Court's Minute Order at ECF No. 110. "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if

---

[1] It is unclear what Plaintiff believes is pending before Judge Boulware.

1

there is an intervening change in controlling law." *Moraga v. Wolfson*, Case No. 2:16-cv-287-JCM (VCF), 2019 WL 11707395, at *1 (D. Nev. Oct. 10, 2019), *quoting School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Neither the passage of time nor Plaintiff's agreement in August to extend discovery to October (rejected by Defendants) present newly discovered evidence, a clear error, manifest injustice, or a change in controlling law. Further, the Court will not issue a scheduling order without consideration of all the issues presented and there is no basis for a status check as there is nothing to check at this time.

Nonetheless, the Court finds the parties **must** meet and confer, in good faith and toward the goal of compromise, to determine if there is any discovery that may proceed without implicating discovery that is contested and at issue in pending motions. The Court encourages the parties to find common ground so that discovery that may proceed does, in fact, proceed.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Emergency Motion to Request a Status Check on the Court's Stay of Proceedings, ECF No. 110 (ECF No. 131) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Request for Reconsideration (ECF No. 132) is DENIED.

IT IS FURTHER ORDERED that the parties **must**, in good faith and in earnest, meet and confer to discuss what, if any, discovery that is unrelated to the pending Motion for Protective Order, Motion to Quash, and Motion to Compel may proceed while the Court considers the issues presented in each of these Motions. The parties are encouraged to find common ground and compromise regarding discovery that may be conducted. If the parties find compromise they are to advise the Court in a joint status report no later than **August 29, 2025**.

Dated this 12th day of August, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE