UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SHAWN PADILLA,<br><br>  Plaintiff,<br><br>  v.<br><br>MGM GRAND HOTEL, LLC, a Nevada entity; ANDREW STEVENSON, an individual (Doe 1); KEVIN ADAMS, an individual (Doe 2); JEREMIAL TIPTON (Doe 3); DOES IV through X, and ROSE I through X,<br><br>  Defendants. | Case No. 2:22-cv-02109-RFB-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion to Compel Disclosure of Unredacted Nevada Gaming Control Board Incident Report (the "Motion" or "Motion to Compel"). ECF No. 114. The Court has carefully reviewed Plaintiff's Motion to Compel; Defendants Adams', Stevenson's, and Tipton's[1] Response (ECF No. 123); Defendant MGM Grand's[2] Response (ECF No. 124); the Nevada Gaming Control Board's[3] Opposition or in the alternative Countermotion for Protective Order (ECF No. 129); and Plaintiff's Reply (ECF No. 130).

**I.   BRIEF SUMMARY OF RELEVANT FACTS**

This Motion concerns one of several discovery disputes between the parties. Here, Plaintiff seeks an order compelling "Defendants" to produce an unredacted copy of the NGCB agents' incident report (the "Report") regarding Plaintiff's encounter with NGCB agents (now the Individual Defendants) and MGM Grand security. ECF No. 114 at 7.

There is no dispute that on April 10, 2023, Plaintiff received a heavily redacted copy of the Report from the Nevada Attorney General's Office for "the limited purpose of identifying and providing the names of the responding enforcement agents."[4] ECF No. 129 at 3. Nearly two years

---

[1]   Hereinafter the "Individual Defendants."
[2]   Hereinafter, "MGM Grand" or the "Company."
[3]   Hereinafter, "NGCB" or "the Board."
[4]   While not raised, it is concerning to the Court that MGM Grand was not aware of this disclosure until a subsequent deposition. ECF No. 124-8 at 10.

1

later, on March 17, 2025, Plaintiff served NGCB with a subpoena (via email) to produce an unredacted version of the Report, any other reports relating to the incident, and the employee files of the Individual Defendants. ECF No. 129-1. Notwithstanding the improper method of service,[5] the Board promptly accepted service. ECF No. 114-1. Thereafter, on March 27, 2025, the Board responded to the subpoena with an objection asserting the statutorily established privilege and confidentiality provisions found in NRS 463.120. ECF No. 129 at 3. After Plaintiff sent a response to the objection, counsel for Plaintiff and the Board engaged in a telephone conference. *Id*. At the conference, counsel for the Board inquired into whether MGM Grand had been served with the subpoena. ECF No. 129-6 at 1; ECF No. 124-7 at 2-4. When Plaintiff's counsel disclosed that MGM Grand had not been served, the Board stated it would not proceed without service to the Company. *Id*.

On May 6, 2025, Plaintiff's counsel notified MGM Grand of the earlier service and attached a copy of the subpoena.[6] ECF No. 124-7. Plaintiff's counsel maintains that the failure to timely notify MGM Grand of the subpoena was an "inadvertent error." ECF No. 114 at 2. On May 9, 2025, Plaintiff, the Board, and MGM Grand convened a meet and confer, but were unable to reach agreement leading MGM Grand to serve written objections to the subpoena and opposing counsel's surrounding conduct. ECF No. 124-1 at 2. Shortly thereafter, Plaintiff filed the Motion to Compel. ECF No. 114.

II.  **MOTIONS AND RESPONSES**

Plaintiff argues that the Report should be compelled because it is relevant and proportional to the needs of the case. ECF No. 114 at 5-6. In response to objections to the subpoena raised by MGM Grand and the Board, Plaintiff argues that NRS 463.120 establishes a privilege "only [with respect to] communications to an agent or employee … if such communication regard regulatory,

---

[5] The Court notes that email is not a proper form of service under the Federal Rules of Civil Procedure which require "delivering a copy [of the subpoena] to the named person." Fed. R. Civ. P. 45(b)(1). Substitute service of email directed to a party has been permitted upon a showing that the party had "knowledge of and actually received the subpoenas as evidenced by their email responses." *Bryson v. West Coast Life Insurance Company*, Case No. 1:23-cv-00193-JLT-SKO, 2024 WL 689541, at *3 (E.D. Cal. Feb. 20, 2024) (collecting cases).

[6] Rule 45 requires that "a notice and copy of the subpoena must be served on each party" *before* the subpoena is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4). Plaintiff's failure to notify and serve MGM Grand with a copy of the subpoena for seven weeks after it had served the Board violates Rule 45.

2

investigative, or enforcement actions." *Id.* at 5. In sum, Plaintiff concludes NRS 463.120 does not render the Report at issue privileged.

The Individual Defendants (each a NGCB agent), who are not those to whom the subpoena was directed,[7] state on the one hand they take no position on Plaintiff's Motion to Compel (ECF No. 123 at 3), but nevertheless argue that to the extent the Motion may be considered applied to them "the Subpoena was not served on them, … they are not subject of the Subpoena," and, in any event, Plaintiff failed to properly serve the Motion to Compel as demonstrated by the Certificate of Service that does not include the Board or Chief Deputy Attorney General Caruso. *Id*. at 2. Most importantly, the Individual Defendants argue they do not have possession, custody or control of the Report, and do not have the authority to produce the documents sought. *Id*.

MGM Grand opposes Plaintiff's Motion also explaining that it does not possess an unredacted copy of the NGCB Report sought. ECF No. 124 at 8. The Company further argues the Report is privileged and confidential under NRS 463.120, and Plaintiff's proportionality analysis under Fed R. Civ. P. 26(b)(1) is, in essence, inapplicable to privileged matters.[8] *Id*. at 12. MGM Grand seeks its attorneys' fees for having to oppose the instant Motion arguing Plaintiff had prior notice of the Report's statutory protections—including MGM Grand's assertion of a shared privilege—yet Plaintiff failed to serve MGM Grand with notice of the subpoena until two months after it was issued.[9] *Id*. at 13-14.

The Board, a nonparty in this dispute, filed an opposition to the Motion to Compel or, in the alternative, a countermotion for a protective order.[10] ECF No. 129. The Board argues that as a nonparty,[11] a different legal standard applies for motions to compel that Plaintiff fails to address. *Id.* at 4. The Board correctly points out that Plaintiff's Motion does not require it to take action given

---

[7] A copy of the subpoena is found at ECF No. 124-3 (MGM Grand's Opposition at Exhibit 3). On page 1 of the subpoena it plainly states the NGCB is the only entity to whom the subpoena is directed. *Id*. at 2.
[8] MGM Grand points to the plain language of NRS 463.120, which "unequivocally" applies to the NGCB Report. ECF No. 124 at 3-4 *citing* NRS 463.120(4), (6). MGM Grand also points out that Plaintiff's Motion "does not contain any substantive discussion" of NRS 463.120. ECF No. 124 at 4.
[9] MGM Grand explains that four days before Plaintiff served the subpoena the parties had a "lengthy exchange concerning NRS 463.120," which included MGM Grand's shared privilege. *Id*. at 14.
[10] The Countermotion was not separately filed; thus, given the outcome of Plaintiff's Motion to Compel, the Countermotion is considered moot.
[11] The NGCB Board was dismissed in response to a Joint Unopposed Motion to Dismiss. ECF No. 20.

3

Plaintiff seeks an order that only compels "Defendants" to produce the Report. *Id*. at 4-5. The Board also points to the confidentiality and privilege applicable to the Report under the Nevada Revised Statute. *Id*. at 5. The Board avers that it enjoys enhanced protections as a nonparty for which Plaintiff fails to make the requisite showing of relevance and necessity, and that public policy support the Board. *Id*. at 7-8.[12]

In Plaintiff's Reply he argues the cases cited in the opposition briefs support his position that the Report is discoverable. ECF No. 130 at 2. Plaintiff reiterates his original construction of NRS 463.120 arguing that privilege attaches only to communications related to "regulatory, investigative, or enforcement actions" and that "it is difficult, if not impossible, to ascertain … [the Report] has more redactions than it has words." *Id*. at 4. Plaintiff argues that he cannot determine what parts of the Report are in fact privileged since the vast majority of the Report is redacted. Based on his new arguments, Plaintiff seeks different relief than requested in his Motion; specifically, he asks this Court to hold "an *in-camera* review of the unreacted [sic] NGCB Incident Report in order to properly rule and issue and Order on Mr. Padilla's Motion to Compel." *Id*. at 5.

### III.    DISCUSSION

The Court begins by noting the Ninth Circuit's summary of the requirements for attorneys practicing in the federal system:

> We recognize that many attorneys who appear in this court rarely practice in federal court at all or are not in the federal system by their own choice, but, rather, were removed here by the opposing litigant. The fact that an attorney's federal practice is rare or infrequent, however, is no excuse for ignoring the rules of this court. Just as an attorney who always practices in state court is expected to know the rules of administration and operation particular to that court, we expect an attorney practicing law in federal court to become familiar with and follow rules applicable to practice in this court. It is incumbent upon an attorney practicing in … [federal court] for the first time to secure and study the Federal Rules of … [Civil] Procedure and the local rules of this … [district] so that he or she will know what is expected by the court, the form in which a case is presented, and the consequences inherent in noncompliance. Such behavior is not only a mark of elementary professional competence, but is common sense to attorneys seeking to zealously represent the interests of their clients.

*Dela Rosa v. Scottsdale Mem. Health Sys., Inc.*, 136 F.3d 1241, 1244 (9th Cir. 1998).

---

[12]    The Board points to "the clear and precise language" of NRS 463.120 and argues Plaintiff ignores the plain applicability of the statute to the issues at bar. *Id*. at 2, 5-7.

4

Resolving Plaintiff's Motion to Compel presents an exercise in the Federal Rules of Civil Procedure.[13] "While Rule 26 of the Federal Rules of Civil Procedure establishes overall discovery parameters, a motion to compel requires a plaintiff to demonstrate it is entitled to the information and documents sought." *Bass Underwriters, Inc. v. Kono*, Case No. 2:22-cv-00138-RFB-EJY, 2024 WL 5010129, at *2 (D. Nev. Apr. 17, 2024), *appeal denied*, Case No. 2:22-cv-00138-RFB-EJY, 2025 WL 951889 (D. Nev. Mar. 30, 2025). Specifically, the movant must show: "(1) which discovery requests are the subject of the motion to compel; (2) which of the responses are disputed; (3) why he believes the response is deficient; (4) why defendants' objections are not justified; and (5) why the information he seeks through discovery is relevant to the prosecution of this action." *Williams v. Garrett*, Case No. 3:22-cv-00264-CLB, 2024 WL 1675445, at *1 (D. Nev. Apr. 18, 2024).

    A.    <u>Plaintiff's Motion Seeks an Order to Compel Production of Documents ("RFP") When no RFP was Served.</u>

Rule 34 of the Federal Rules of Civil Procedure establishes the framework for requesting document production from a party. Fed. R. Civ. P. 34. This framework may not be circumvented by a subpoena. *Casun Invest, A.G. v. Ponder*, Case No. 2:16-cv-2925-JCM-GWF, 2019 WL 2358390, at *4 (D. Nev. June 4, 2019) (noting that if a document is available from a party, a request for production under Rule 34 should be used).

Here, there was no Rule 34 request to produce the unredacted Report served on MGM Grand. ECF No. 124 at 8, n.11. Plaintiff presents no evidence of such a request being propounded on the Individual Defendants. Moreover, Plaintiff does not dispute the lack of a Rule 34 request for production in his Reply. *See* ECF No. 130. In the absence of an RFP or subpoena served on the Defendants, there is no discovery request to which the Defendants failed to respond and, therefore, there is no response the Court may compel.

---

[13]     The Court will not address every argument raised in the briefing, and any argument not addressed explicitly is rejected to the extent that it is inconsistent with the outcome of the order. *PlayUp, Inc. v. Mintas*, 635 F.Supp. 3d 1087, 1099 (D. Nev. 2022).

B. <u>Parties Cannot Produce What They Do Not Have.</u>

Even if Plaintiff had served a proper request to produce on either MGM Grand or the Individual Defendants, it would not have been fruitful as MGM Grand does not possess an unredacted copy of the Report and the Individual Defendants "do not have possession, custody, or control of NGCB reports and are not in a position, or have the authority, to provide the documents sought through Plaintiff's Subpoena." ECF Nos. 123 at 2; 124 at 8. These assertions are corroborated by the Board which avows that the Defendants "do not have possession, custody or control of the Board's confidential report." ECF No. 129 at 5. A party cannot be compelled to produce something that it does not possess. *U.S. Equal Emp. Opportunity Comm'n v. KVP, LP*, Case No. 2:23-CV-01308-JCM-EJY, 2025 WL 1042726, at *3 (D. Nev. Mar. 5, 2025) (citing *Jacobsen v. California*, Case No. 1:14-cv-00108-JLT, 2015 U.S. Dist. LEXIS 165815, at *15 (E.D. Cal. Dec. 9, 2015) ("Defendants cannot be compelled to produce that which they do not have in their possession, custody, or control.")). Thus, once again, the Court finds there is nothing to compel.

C. <u>Plaintiff's Motion as it Applies to the Board.</u>

To the extent Plaintiff seeks an order compelling the NGCB to produce documents, the Motion fails because Plaintiff seeks only to compel document production from the "Defendants." ECF No. 114 at 7. Further, while a response to a properly served Rule 45 subpoena may be compelled, *Sprint Nextel Corp. v. Ace Wholesale, Inc.*, Case No. 2:14-cv-2119-RFB-VCF, 2015 WL 3649623, at *3 (D. Nev. June 10, 2015), Plaintiff has not sought such a result here. Instead Plaintiff's Motion demands only that the "Defendants" produce what they neither have nor control; and, in Reply, Plaintiff seeks only an *in camera* review of the unredacted Report. ECF No. 130.

Setting aside the procedural failings of raising an *in camera* review for the first time in Reply,[14] the Court has grave concerns about the privilege and confidentiality of what Plaintiff is seeking when it applies the plain language of NRS 463.120 to the case at bar. As well settled law establishes, when "interpreting a statute, this court will look to the plain language of its text and construe the statute according to its fair meaning and so as not to produce unreasonable results."

---

[14] The "district court need not consider arguments raised for the first time in a reply brief." *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (internal citation omitted).

6

*Dolores v. State, Emp. Sec. Div.,* 416 P.3d 259, 261 (2018) (quoting *I. Cox Constr. Co. v. CH2 Invs., LLC,* 296 P.3d 1202, 1203 (2013)).

NRS 463.120(6) states, in pertinent part: "Notwithstanding any other provision of state law, if any applicant or licensee provides or communicates any information and data to an agent or employee of the Board or Commission in connection with its regulatory, investigative or enforcement authority: (a) All such information and data are confidential and privileged …; and (b) The applicant or licensee has a privilege to refuse to disclose, and to prevent any other person or governmental agent, employee or agency from disclosing, the privileged information and data." NRS 463.120(11) states that "information and data" means "all information and data in any form … including, without limitation, any document containing self-evaluative assessments, self-critical analysis or self-appraisals of an applicant's or licensee's compliance with statutory or regulatory requirements." The Court finds the language of these provisions are plain and the Court need not resort to review of the statutory history or other interpretative methods to apply the statute to the issues presented.

Here, the Individual Defendants, agents working on behalf of the NGCB in response to MGM Grand's call for assistance, investigated what was believed to be Plaintiff's wrongdoing—the stealing of a "pinched chip" that, on its face, led to the investigation, which led to the Report. *See* ECF Nos. 93 at 6; 114 at 5-6; 124 at 10, 12. Plaintiff never explains why this set of circumstances does not fit the quintessence of the statutory protections afforded under NRS 463.120, but instead offers unsupported conclusions. ECF No. 114 at 5. Even understanding Plaintiff was incorrectly identified, this does not alter the nature of the Report produced in response to an NGCB investigation conducted by NGCB agents at the request of a licensee—MGM Grand. It is Plaintiff's obligation to demonstrate to the Court that an order to compel is appropriately granted. *See Bass Underwriters, Inc.,* 2024 WL 5010129, at *2. Plaintiff has not carried his burden. Proportionality, when weighed against the facts and the facial privilege that plainly applies, fails to establish a basis to compel.

D.    <u>MGM Grand's Request for Attorneys' Fees and Costs</u>.

"Courts must award attorneys' fees and other expenses to a party that is successful in defeating a motion to compel, unless the moving party's positions were substantially justified or

7

other circumstances make an award of expenses unjust." *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 314 (D. Nev. 2019), *aff'd sub nom. V5 Techs., LLC v. Switch, LTD.*, Case No. 2:17-CV-2349-KJD-NJK, 2020 WL 1042515 (D. Nev. Mar. 3, 2020) (citing Fed. R. Civ. P. 37(a)(5)(B)). A party's position is substantially justified when there is "a genuine dispute on matters on which reasonable people could differ as to the appropriate outcome." *Roberts v. Clark Cty. Sch. Dist.*, 312 F.R.D. 594, 609 (D. Nev. 2016) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). The burden falls on the losing party to demonstrate that their request was substantially justified. Fed. R. Civ. P. 37(a), Advisory Comm. Notes, 1970 Amend.

For the reasons stated above, the Court finds Plaintiff's Motion to Compel to be without substantial justification. The Motion to Compel seeks production of document despite the unrefuted facts that Plaintiff never served RFPs on MGM Grand or the Individual Defendants, Plaintiff's subpoena was not directed to MGM Grand or the Individual Defendants, MGM Grand does not possess the unredacted Report, the Individual Defendants do not have the authority to release the unredacted Report, and the Board is not one of the Defendants. While Plaintiff's argument seeks a novel construction of NRS 463.120, the plain language of the statute controls. Finally, it is worth noting that Plaintiff's Reply does not offer an opposition to MGM Grand's request for attorneys' fees and costs.[15]

**IV.    ORDER**

Accordingly, and based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's Motion to Compel Disclosure of Unredacted Nevada Gaming Control Board Incident Report (ECF No. 114) is DENIED.

IT IS FURTHER ORDERED that MGM Grand's request for an award of attorneys' fees and costs for having to file the instant Response is GRANTED.

---

[15] Rule 37(a)(5)(B) provides that these expenses are to be awarded after an "opportunity to be heard." Fed. R. Civ. P. 37(a)(5)(B). "An 'opportunity to be heard' does not require either a formal hearing or a separate motion for an award of expenses; but rather, such an opportunity exists when the losing party had the ability to present argument regarding an award of expenses as part of briefing the underlying discovery motion." *Gonzalez v. Diamond Resorts Int'l Mktg., Inc.*, Case No. 2:18-cv-00979-APG-NJK, 2021 WL 8016005, at *5 (D. Nev. July 14, 2021) (citing *Big City Dynasty v. FP Holdings, L.P.*, 336 F.R.D. 507, 513 n.10 (D. Nev. 2020)).

IT IS FURTHER ORDERED that MGM Grand must file a memorandum detailing the fees (and costs, if any) incurred in preparing the Response to Plaintiff's Motion to Compel. The memorandum must include all time spent on the Response identifying all lawyers who worked on the document, providing their experience, and justifying their billing rates. Hours billed must be in tenths not quarters of hours. The memorandum must be filed no later than **September 22, 2025**. Plaintiff may file a response to the memorandum no later than **September 27**, **2025**. No reply is permitted without leave of Court.

DATED this 11th day of September, 2025.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE