UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SHAWN PADILLA, an individual,<br><br>    Plaintiff,<br><br>  v.<br><br>MGM GRAND HOTEL, LLC, a Nevada entity; ANDREW STEVENSON, an individual (Doe 1); KEVIN ADAMS, an individual (Doe 2); JERIMIAH TIPTON (Doe 3); DOES IV through X, and Rose I through X,<br><br>    Defendants. | Case No. 2:22-cv-02109-RFB-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion for Reconsideration. ECF No. 138. The Motion seeks reversal of the Court's prior Order denying Plaintiff's Motion to Compel that also granted Defendant MGM Grand's request for attorneys' fees. *Id.* Plaintiff argues that the Court's Order was manifestly unjust when rejecting Plaintiff's request for an *in camera* review raised for the first time in his Reply brief. *Id*. at 2. Separately pending, and decided below, is MGM Grand's Memorandum of Attorneys' Fees Pursuant to ECF No. 137. ECF No. 139.

**I.    The Reconsideration Standard**

"Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citations omitted). Reconsideration may be granted "if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citations omitted); *see also* LR 59-1(a) ("A party seeking reconsideration under this rule must state with particularity the points of law or fact that the court has overlooked or misunderstood.").

While manifest injustice acts as a catch-all provision, "it is not meant to allow a disappointed litigant an attempt to persuade the court to change its mind." *Abdur-Rahiim v. Holland*, Case No. 14-CV-79-DLB, 2015 WL 859117, at *3 (E.D. Ky. Feb. 27, 2015); *see also Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005) ("A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court has already ruled."). In the Ninth Circuit, courts have treated manifest injustice as synonymous with clear error, meaning there was a "direct, obvious and observable" error. *Raya v. Calbiotech*, Case No. 3:18-CV-2643-WQH-AHG, 2019 WL 11504688, at *3 (S.D. Cal. Nov. 26, 2019) (collecting cases) (internal citations and quotations omitted).

## II. Discussion

### A. The Court Denies Plaintiff's Motion for Reconsideration.

#### 1. Merits

The Court denied Plaintiff's Motion to Compel based on procedural and substantive failings. The Court notes the following errors made by Plaintiff leading to and ultimately appearing in Plaintiff's underlying Motion.

- Plaintiff served a subpoena by email to the Nevada Gaming Control Board only[1] in violation of Fed. R. Civ. P. 45(a)(4), which requires "before [the subpoena] is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." *Id*. *See also* ECF No. 137 at 2, n.6.

- After the Board and Plaintiff exchanged objections, the two parties engaged in a telephonic conference. *Id*. at 2. There, the Board enquired into whether MGM Grand was ever served the subpoena and, after learning that they had not been, refused to move forward without service to MGM Grand. *Id*.

- Plaintiff served MGM Grand a copy of the subpoena seven weeks after the initial service was tendered on the Board. *See id*.

- After the parties unsuccessfully attempted to resolve the matter through the meet and confer process, Plaintiff filed the underlying Motion to Compel that identified the

---

[1] Hereinafter "the Board" or "NGCB."

- "Defendants" as the party from whom Plaintiff was seeking to compel disclosure—not the Board on whom the subpoena was served. *Id*. at 4; ECF No. 114 at 7.
- The Board, the only entity possessing an unredacted copy of the Report at issue, was dismissed from this matter on April 7, 2023. ECF No. 20.
- There was no evidence of a Request for Production served on Defendants seeking an unredacted copy of the Report; hence, there was no basis upon which the Court could reasonably compel Defendants to act. ECF No. 137 at 5.
- Even if there had been a document request propounded on the Defendants, none of the Defendants possessed an unredacted copy of the Report. *Id*. at 6.
- Given no subpoena or request to produce the Report propounded on Defendants, the Motion to Compel failed because it was directed solely to the "Defendants." *Id*.
- Plaintiff requested the Court conduct an *in-camera* review of the Report for the first time in his Reply brief, which did not afford the Defendants or the Board an opportunity to respond. *Id*. at 4, 6.
- Plaintiff said NRS 463.120 was "irrelevant" to their request because the statute only applies to communications between the licensee and an agent of the Board in connection with its "regulatory, investigative, or enforcement authority," but failed to explain why the information contained within an incident report that investigated a theft would not fit the "quintessence of the statutory protections." *See id*. at 7.

Plaintiff's Motion for Reconsideration recycles many of the arguments found in his Reply in support of the Motion to Compel. Plaintiff argues that his failure to send a copy of the subpoena to MGM Grand was an "inadvertent error" which was cured by the subsequent service and the good faith meet and confer. *See* ECF No. 138 at 4-5. Plaintiff submits that during the meet and confers, the parties discussed case law and the potential for *in camera* review. *Id*. at 5. Plaintiff argues that NRS 463.120 is not "a per se bar on disclosure." *Id*. Plaintiff cites three cases, originally discussed in his Reply brief, standing for the proposition that NRS 463.120 does not mandate blanket confidentiality and allows for *in camera* review. *Id*.; *see also* ECF No. 130 at 3.

3

1    Plaintiff has not identified any clear error in the Court's Order. Plaintiff does not argue that the Court erred in finding there was nothing to compel from the Defendants. Instead, Plaintiff focuses on the Court's decision not to compel the Report from the Board. Before noting the statutory privileges, the Court held that "[t]o the extent Plaintiff seeks an order compelling the NGCB to produce documents, the Motion fails because Plaintiff seeks only to compel document production from the 'Defendants.'" ECF No. 137 at 6. Plaintiff disregards this fundamental flaw in his argument. Plaintiff says he "should have been clearer" regarding from whom he sought to compel production of the incident Report (ECF No. 138 at 6). While this may have eliminated some of the reasons for denying the Motion to Compel, the fact remains that the Motion sought to compel documents from Defendants—MGM Grand and the individual agents—and the subpoenas are not directed to Defendants. In sum, Plaintiff provides no basis to reconsider the Court's decision, let alone a basis for finding clear error.

Moreover, Plaintiff has not shown how the Court committed an error when it decided not to adopt arguments raised for the first time in Reply. *Matthys v. Barrick Turquoise Ridge, Inc.*, Case No. 3:20-cv-00034-LRH-CLB, 2023 WL 6383312 (D. Nev. Sept. 29, 2023), *appeal dismissed sub nom. Bruce v. Barrick Turquoise Ridge Inc.*, Case No. 23-2552, 2024 WL 4491875 (9th Cir. May 30, 2024). Indeed, when reviewing a denial of a motion for reconsideration, the Ninth Circuit has found no clear error when a district court declined to adjudicate arguments raised for the first time in a reply brief. *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (motion for reconsideration).

Plaintiff is also factually incorrect when he asserts that his Reply in support of the Motion to Compel "substantively relied on the cases referenced and cited by the Nevada AG's Office and Defendant MGM in support of an *in-camera* review." ECF No. 138 at 4. First, Plaintiff did not provide the Court with a citation where the information could be found. Second, upon reviewing the briefing, the undersigned finds only a single reference to one case Plaintiff relies upon, which cited the legal standard for requesting discovery from a nonparty (ECF No. 129 at 7).

Further, Plaintiff does not alleviate the Court's concerns about the statutory privilege established under NRS 463.120 (4) and (6). In fact, Plaintiff's Motion for Reconsideration offers only the conclusory statement that Plaintiff is not seeking information covered by the statute. ECF

4

No. 144 at 3. Plaintiff does not address the plain text of the statute that encompasses the information he is seeking and instead skips to three cases in which a court granted *in camera* review. *In re Smith*, 397 B.R. 124 (Bankr. D. Nev. 2008); *Laxalt v. McClatchy*, 116 F.R.D. 455 (D. Nev. 1986); and *Donrey of Nevada, Inc. v. Bradshaw*, 798 P.2d 144 (1990).

What Plaintiff fails to address—and cannot reasonably dispute—is that NRS 463.120 was revised after *In re Smith* and *Laxalt* were decided.[2] In particular, the legislature added the language found at subsection six in 2017. 2017 Nev. Stat., ch. 567, § 1.4, at 4065. This change was recognized by the Nevada Supreme Court in 2018. *Okada v. Eighth Jud. Dist. Ct. in & for Cnty. of Clark*, 408 P.3d 566 (Nev. 2018) (noting that the petition presented the Nevada Supreme Court "with the first opportunity to consider the application of the new gaming privilege in NRS 463.120(6)…"). Moreover, "when the Legislature substantially amends a statute, it is ordinarily presumed that the Legislature intended to change the law." *Pub. Employees' Benefits Program v. Las Vegas Metro. Police Dep't*, 179 P.3d 542, 554 (Nev. 2008). By adding a section mandating that any information a licensee or applicant provides to the Board in connection with the Board's "regulatory, investigative, and enforcement authority" is confidential and privileged, it is logical to conclude the Nevada Legislature intended to change the law as applied in *Laxalt* and *In re Smith*.

Even if the Court were to accept Plaintiff's argument in his Reply in support of the Motion to Compel, Plaintiff has never shown how he met the standard set forth in *Laxalt*. In *Laxalt*, the court noted that the assigned Magistrate Judge found the four-part test often relied on in cases of governmental privilege to be helpful. 116 F.R.D. at 459. That test considered the relevance of the evidence, the availability of other evidence, the government's role in the litigation, and "the extent to which disclosure would hinder frank and independent discussion regarding the agencies contemplated decisions and policies." *Id*. Plaintiff has not met this standard. Rather, the thrust of Plaintiffs argument seems to be that because courts have permitted *in camera* review in the past, this Court should do the same. The Court rejects this argument and finds no basis to reconsider its decision.

---

[2] The Court notes that in *Donrey*, the Nevada Supreme Court dealt with the release of a Reno police report based on statutes other than NRS 463.120. *Donrey*, 798 P.2d at 145-46.

In sum, the Court finds Plaintiff has not identified a direct, obvious and observable error regarding the Court's decision to deny Plaintiff's Motion to Compel. Plaintiff has not demonstrated manifest injustice. For these reasons, Plaintiff's Motion for Reconsideration is denied.

          2.     *Attorneys' Fees*

Unless the moving party's positions were substantially justified, or an award would otherwise be unjust, courts must award attorneys' fees to a party that successfully defends against a motion to compel. *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 314 (D. Nev. 2019), *aff'd sub nom. V5 Techs., LLC v. Switch, Ltd.*, Case No. 2:17-cv-2349-KJD-NJK, 2020 WL 1042515 (D. Nev. Mar. 3, 2020) (citing Fed. R. Civ. P. 37(a)(5)(B)). Substantial justification requires there to be "a genuine dispute on matters on which reasonable people could differ as to the appropriate outcome." *Roberts v. Clark Cty. Sch. Dist.*, 312 F.R.D. 594, 609 (D. Nev. 2016) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). It is the losing party's burden to demonstrate that their request was substantially justified. Fed. R. Civ. P. 37(a), Advisory Comm. Notes, 1970 Amend.

Plaintiff requests this Court reconsider its decision to grant MGM Grand attorneys' fees for responding to the underlying Motion to Compel. ECF No. 138 at 9-10. Plaintiff argues that he believed in good faith that *in camera* review was required by caselaw and thus MGM Grand's request for fees should have been denied. *Id.* Plaintiff suggests his belief was based on a robust discussion with the other parties, and he genuinely believed the Court would grant his Motion. *Id.* at 2, 10.

As discussed above, there is a laundry list of issues establishing Plaintiff's errors when seeking Court intervention. Plaintiff's good faith belief that he would win motion practice does not equate to substantial justification. As was clear in the Court's prior Order, there is no justification for Plaintiff's Motion to Compel when the facts are examined and the law is applied to those facts. *See* ECF No. 137.

          B.     <u>The Court Grants MGM Grand $2,122.50 in Attorneys' Fees</u>.

Having granted MGM Grand an award of attorneys' fees incurred in preparing its response in opposition to Plaintiff's Motion to Compel, the Court must now consider the reasonable amount of fees to award. The lodestar method is the customary method that the Court uses when determining

attorneys' fees. *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Id.*; *see also McGrath v. Cnty. of Nevada*, 67 F.3d 248, 252 (9th Cir. 1995). The requesting party "has the burden of submitting billing records to establish that the number of hours it has requested are reasonable." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). The Court should exclude from the lodestar calculation hours that were not "reasonably expended," including hours that are "excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *see also Ballen v. City of Redmond*, 466 F.3d 736, 746 (9th Cir. 2006). If the Court determines some requested fees should be excluded as unreasonable, the Court may exclude bill entries pursuant to an hour-by-hour analysis. *See Gonzalez*, 729 F.3d at 1203. "The number of hours to be compensated is calculated by considering whether, in light of the circumstances, the time could reasonably have been billed to a private client." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008).

The lodestar amount is a presumptively reasonable fee. *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 982 (9th Cir. 2008). Although presumptively reasonable, the Court may adjust the lodestar amount based on the *Kerr* factors to account for factors that have not been subsumed in the lodestar calculation. *Id.* For example, the Court may exclude hours arising from overstaffing, duplication, excessiveness or that are otherwise unnecessary. *See, e.g.*, *Hensley*, 461 U.S. at 434; *see also Cruz v. Alhambra School Dist.*, 601 F.Supp.2d 1183, 1191 (C.D. Cal. 2009).

The *Kerr* factors include: (1) the time and labor required, (2) the novelty and the difficulty of the questions involved, (3) the skill required to perform the legal service properly, (4) the preclusion of other employment by the attorney due to the acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorney, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and, (12) awards in similar cases. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). Further, Local Rule 54-14(b) requires a party seeking

attorneys' fees to include: (1) a reasonable itemization and description of the work performed and (2) an itemization of all costs sought to be charged as part of the fee award.

When determining the reasonable hourly rate to be applied to an award of attorneys' fees, the Court must consider the "prevailing market rates in the relevant community" and compare the rates of "lawyers of reasonably comparable skill, experience, and reputation" to the rates requested in the case before the Court. *Soule v. P.F. Chang's China Bistro, Inc.*, Case No. 2:18-cv-02239-GMN-GWF, 2019 WL 3416667, at *1 (D. Nev. July 26, 2019) (internal citation omitted). This is a two-step process. The first step requires the Court to "calculate the lodestar amount by" multiplying "the number of hours reasonably expended on the" motion at issue "by a reasonable hourly rate." *Id.* (citations omitted). The second step requires the Court to consider adjusting the lodestar amount upward or downward, something done "only on rare and exceptional occasions, ... using a multiplier based on factors not subsumed in the initial calculation of the lodestar." *Id. citing Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (internal brackets removed).

Here, Defendants seeks $275 an hour for Lawrence J. Semenza, III, $250 an hour for Katie L. Cannata, and $150 an hour for paralegals Olivia A. Kelly ("Kelly") and Angie L. Barreras ("Barreras"). ECF No. 139 at 15. The Court finds that the rates are reasonable and generally in line with, if not below, market rates for Clark County, Nevada. Thus, the issue is whether the hours billed are reasonable.

With respect to the request for reimbursement of fees incurred by paralegals Kelly and Barreras, the billing statement is vague when stating they worked "on the opposition." Further, the Court finds Kelly's "review" of Plaintiff's Motion to Compel duplicative of attorney work. Thus, the Court declines to award $195.00 in fees incurred on June 6 and 20, 2025 for work performed by paralegals Kelly and Barreras.

The Court finds the descriptions of work and hours billed by Ms. Cannata and Mr. Semenza reasonable except for the entries on June 9 and 17, 2025 that reference counsel "strategize[d]" in apparent preparation for drafting the Opposition to the Motion to Compel. The time entries for strategizing total .4 hours billed by Ms. Cannata and .5 hours billed by Mr. Semenza. Plaintiff need not pay for time a senior partner and less senior attorney spend discussing strategy. Thus, the Court

awards 7.5 hours for work performed by Ms. Cannata on June 9, 10, 13, 16, 17, and 20, 2025 and .9 hour for work performed by Mr. Semenza on June 16 and 20, 2025.

The total award of fees is as follows:

$250 per hour x 7.5 hours for Ms. Cannata = $1,875.00; and

$275 per hour x .9 hour for Mr. Semenza = $247.50, for a total award of $2,122.50.[3]

### III.     Order

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Reconsideration of Order Denying Plaintiff's Motion to Compel and Granting MGM Grand's Request for Attorneys Fees (ECF No. 138) is DENIED.

IT IS FURTHER ORDERED that MGM Grand's Memorandum of Attorneys' Fees is GRANTED to the extent that Plaintiff must pay MGM Grand Hotel, LLC the total amount of $2,122.50 in attorneys' fees incurred reasonably related to the Motion to Compel denied at ECF No. 137.

IT IS FURTHER ORDERED that the fee award must be paid no later than thirty days from the date of this Order unless a stay of this Order is granted by the Court.

IT IS FURTHER ORDERED that MGM Grand's request for attorneys' fees and sanctions for responding to Plaintiff's Motion for Reconsideration is DENIED.

DATED this 3rd day of November, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

---

[3] Regarding MGM Grand's request for attorneys' fees for its opposition to the Motion for Reconsideration and other sanctions, the Court exercises its discretion and finds that no sanctions against Plaintiff are warranted. *See Bartech Sys. Int'l, Inc. v. Mobile Simple Sols., Inc.*, Case No. 2:15-cv-02422-MMD-NJK, 2018 WL 1785869 (D. Nev. Apr. 13, 2018); *see also HPEV, Inc. v. Spirit Bear Ltd.*, Case No. 2:13-cv-01548-JAD-GWF, 2014 WL 6791430, at *3 (D. Nev. Nov. 26, 2014).